James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800

Andrew Yaphe (SBN 274172)
andrew.yaphe@davispolk.com
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IRON TRIBE FITNESS, on behalf of itself and all others similarly situated, | Case No. 3:25-cv-03281-CRB |
| Plaintiff, | **DEFENDANT META PLATFORMS, INC.'S MOTION TO STAY DISCOVERY** |
| v. | |
| META PLATFORMS, INC., | Date:  August 8, 2025 |
| Defendant. | Time: 10:00 am |
| | Courtroom: 6, 17th Floor |
| | Before the Honorable Charles R. Breyer |

PLEASE TAKE NOTICE that on August 8, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 6, 450 Golden Gate Avenue, San Francisco, California 94102, defendant Meta Platforms, Inc. ("Meta") will and hereby does move the Court for a protective order pursuant to Federal Rule of Civil Procedure 26(c) staying discovery pending the resolution of its motion to dismiss.  This motion is based on this Notice of Motion, the supporting Memorandum of Points and Authorities, other materials in the record, argument of counsel, and such other matters as the Court may consider.

## STATEMENT OF ISSUE

1.   Whether the Court should stay discovery pending resolution of Meta's motion to dismiss, which is potentially dispositive of the entire complaint and can be decided without discovery.

# TABLE OF CONTENTS

PAGE

SUMMARY OF ARGUMENTS ..................................................................................................1

BACKGROUND ......................................................................................................................1

ARGUMENT ..........................................................................................................................2

I.      META'S MOTION TO DISMISS PRESENTS POTENTIALLY
        DISPOSITIVE ARGUMENTS ..................................................................................3

II.     META'S MOTION TO DISMISS CAN BE DECIDED WITHOUT THE
        NEED FOR DISCOVERY ......................................................................................4

III.    OTHER CONSIDERATIONS FAVOR STAYING DISCOVERY ...................................5

CONCLUSION........................................................................................................................5

# TABLE OF AUTHORITIES

## CASES

PAGE

*Cellwitch, Inc. v. Tile, Inc.*,
  2019 WL 5394848 (N.D. Cal. Oct. 22, 2019) .......................................................... 4

*Jarvis v. Regan*,
  833 F.2d 149 (9th Cir. 1987) ................................................................................. 5

*Kincheloe v. Am. Airlines, Inc.*,
  2021 WL 5847884 (N.D. Cal. Dec. 9, 2021) .......................................................... 5

*Ledwidge v. FDIC*,
  2025 WL 885845 (N.D. Cal. Mar. 21, 2025) ................................................... 3, 4, 5

*Leonard v. CVS Pharm., Inc.*,
  2025 WL 1266929 (N.D. Cal. May 1, 2025) ........................................................... 3

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 2008) ................................................................................. 2

*McMillian v. Musk*,
  2024 WL 2091377 (N.D. Cal. Apr. 16, 2024) ......................................................... 3

*Micron Tech., Inc. v. United Microelectronics Corp.*,
  2018 WL 7288018 (N.D. Cal. Mar. 16, 2018) ......................................................... 5

*Muhmoud v. City of San Jose*,
  2022 WL 16855573 (N.D. Cal. Nov. 10, 2022) ....................................................... 3

*Nelson v. F. Hoffmann-La. Roche, Inc.*,
  2022 WL 19765995 (N.D. Cal. Nov. 2, 2022) ......................................................... 3

*In re Nexus 6p Prods. Liab. Litig.*,
  2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ......................................................... 5

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
  220 F.R.D. 349 (N.D. Cal. 2003) .......................................................................... 3

*Renati v. Wal-Mart Stores, Inc.*,
  2019 WL 5536206 (N.D. Cal. Oct. 25, 2019) ......................................................... 2

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
  2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ................................................. 3, 4, 5

*Tradebay, LLC v. eBay, Inc.*,
  278 F.R.D. 597 (D. Nev. 2011) ............................................................................. 4

*Yangtze Memory Techs., Inc. v. Consult*,
  2024 WL 4950180 (N.D. Cal. Dec. 2, 2024) .......................................................... 2

1

## STATUTES & RULES

2

Fed. R. Civ. P. 12(b)(6) .......................................................................................................... 2, 4

3

Fed. R. Civ. P. 26(c)(1) ............................................................................................................. 2

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SUMMARY OF ARGUMENTS

The Court should stay discovery while it resolves Meta's pending motion to dismiss the complaint. In determining whether to stay discovery pending the resolution of a motion, courts in this District consider two factors: (1) whether the pending motion is potentially dispositive of the entire case and (2) whether the court can decide the motion without discovery. Meta's motion to dismiss easily satisfies both factors. First, Meta's motion explains that there are multiple independent bases for dismissing all four causes of action in plaintiff's complaint, including because the statute of limitations for all of plaintiff's claims lapsed years before plaintiff filed suit and because the claims all fail on the merits for several reasons. But the Court need not even evaluate Meta's compelling legal arguments at this stage, because it is clear that the motion (if granted) would dispose of the entire case, and because the motion is based solely on the factual allegations in plaintiff's complaint (demonstrating that no discovery is necessary to resolve the motion). Accordingly, this is a quintessential case in which discovery should be stayed while the Court determines whether plaintiff has any valid claim. Nor can plaintiff claim that a short stay while the motion to dismiss is pending would be prejudicial, given that plaintiff's complaint pertains to supposed conduct that (based on plaintiff's own allegations) did not continue beyond 2017—yet plaintiff did not sue until nearly *eight* years later. Plaintiff should not be permitted to burden Meta with discovery at this nascent stage of the litigation.

## BACKGROUND

### A.  Summary of Allegations

Plaintiff Iron Tribe Fitness filed its complaint on April 11, 2025. *See* Dkt. No. 1 ¶ 14. The complaint centers on allegations regarding Meta's use of an auction process to allocate advertisements. *See id.* ¶¶ 15–33. Plaintiff alleges that Meta changed its auction process in 2013 from a "second price" auction to a "blended price" auction, which allegedly resulted in higher prices for advertisers. *See id.* ¶¶ 7, 29, 34, 36, 48. The complaint alleges that Meta began rolling out a change that "corrected" its auction process in 2017. *Id.* ¶¶ 45, 49, 50. The complaint asserts four claims: (1) breach of contract, *id.* ¶¶ 68–73; (2) breach of implied covenant of good faith and fair

dealing, *id.* ¶¶ 74–78; (3) violation of the "unfair" prong of California's Unfair Competition Law ("UCL"), *id.* ¶¶ 79–84; and (4) unjust enrichment, *id.* ¶¶ 85–90.

### B. Meta Moves to Dismiss the Complaint

On June 16, 2025, Meta moved to dismiss the complaint with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 25. As the motion explains, the complaint should be dismissed in its entirety for multiple independent reasons. *First*, plaintiff's claims are all time-barred. Though each of plaintiff's causes of action is subject to a four-year statute of limitations, the complaint is devoid of factual allegations that any wrongdoing occurred after 2017—almost *eight* years ago. *See id.* at 6–7. *Second*, plaintiff's claim for breach of contract fails on the merits because plaintiff fails to allege any contractual promise that required Meta to use any particular auction system. *See id.* at 7–11. *Third*, all of plaintiff's remaining claims (for breach of the implied covenant of good faith and fair dealing, under the UCL, and for unjust enrichment) likewise fail, whether for the same reasons as the breach of contract claim and/or for additional legal reasons particular to those claims. *See id.* at 11–15.

### C. Procedural History

On June 27, 2025 the parties held their Rule 26(f) conference. Prior to that conference, counsel for Meta had informed plaintiff that Meta intended to move to stay discovery. At the conference, plaintiff stated that it would oppose such a motion.[1]

### ARGUMENT

As this Court has recognized, a district court has "wide discretion in controlling discovery." *Renati v. Wal-Mart Stores, Inc.*, 2019 WL 5536206, at *3 (N.D. Cal. Oct. 25, 2019) (Breyer, J.) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). Pursuant to this discretion, "[a] district court 'may, for good cause, issue an order to protect a party or person from . . . undue burden or expense,' including by staying discovery." *Yangtze Memory Techs., Inc. v. Strand*

---

[1] Counsel for Meta also explained that a brief continuance of the initial case management conference would be appropriate so that this motion could be fully submitted before the case management conference. Plaintiff stated that it would not agree to such a continuance unless Meta would in turn agree that the parties could issue discovery. Meta has filed an administrative motion to continue the initial case management conference. *See generally* Decl. of Andrew Yaphe in Supp. of Def.'s Admin. Mot.

*Consult*, 2024 WL 4950180, at *1 (N.D. Cal. Dec. 2, 2024) (quoting Fed. R. Civ. P. 26(c)(1)).  A stay of discovery is warranted pending resolution of a motion to dismiss if (1) the pending motion is potentially dispositive of the entire case and (2) the court can decide the motion without discovery.  *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351–52 (N.D. Cal. 2003).  In applying the *Pacific Lumber* test, "the court must take a 'preliminary peek' at the merits of the pending motion to assess whether a stay is warranted."  *Ledwidge v. FDIC*, 2025 WL 885845, at *2 (N.D. Cal. Mar. 21, 2025).

## I.    Meta's Motion to Dismiss Presents Potentially Dispositive Arguments

Under the first *Pacific Lumber* factor, "the question is only whether [Meta's] motion to dismiss is '*potentially* dispositive of the entire'" case.  *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3 (N.D. Cal. Apr. 10, 2020).  Here, Meta's pending motion to dismiss provides comprehensive arguments that would be "potentially dispositive" of plaintiff's entire complaint, and thus this factor clearly favors a stay.

*First*, Meta's motion to dismiss targets all four counts in plaintiff's complaint, and establishes that each count should be dismissed for multiple reasons.  *See* Dkt. No. 25 at 6–15.  Therefore, if the Court agrees with Meta's motion-to-dismiss arguments, the motion "will dispose of all claims."  *Leonard v. CVS Pharm., Inc.*, 2025 WL 1266929, at *2 (N.D. Cal. May 1, 2025).  "This is sufficient to meet the first factor."  *Id.*; *see also McMillian v. Musk*, 2024 WL 2091377, at *2 (N.D. Cal. Apr. 16, 2024) ("[T]he dismissal arguments need only be *potentially* (as opposed to definitively) dispositive of the entire case to satisfy that prong."); *Muhmoud v. City of San Jose*, 2022 WL 16855573, at *2 (N.D. Cal. Nov. 10, 2022) (explaining that "likelihood of success is not the standard for a stay of discovery" and the question is whether "if granted, [the motion] would be dispositive of all claims"); *Nelson v. F. Hoffmann-La Roche, Inc.*, 2022 WL 19765995, at *1 (N.D. Cal. Nov. 2, 2022) ("While the Court does not provide an opinion on the merits of the pending motion to dismiss, the Court finds it is *possible* that defendants' motion to dismiss could be dispositive of the entire case.").

*Second*, a "preliminary peek" at the merits of the pending motion to dismiss confirms that a stay is warranted.  As noted, the motion explains that there are several independent reasons why

the entire complaint should be dismissed. It shows that all of the claims are subject to dismissal because the statute of limitations for each lapsed years ago, as is plain from the face of the complaint. *See* Dkt. No. 25 at 6–7. It also shows that the core claim—for breach of contract—should be dismissed on the merits because plaintiff does not identify any promise that Meta supposedly broke. The complaint lacks any allegation that Meta did not "calculate[]" the "amount [the advertiser] owe[s] . . . based on [its] tracking mechanisms," which is all that plaintiff alleges Meta was required to do by the alleged contract. *See id.* at 9. Moreover, Meta never promised to use any particular auction mechanism, and plaintiff does not allege otherwise. *See id*. at 8. This is fatal not only to plaintiff's breach of contract claim, but also its remaining claims (which overlap with and are duplicative of its breach of contract claim). *See id.* at 11–15.

## II.    Meta's Motion to Dismiss Can Be Decided Without the Need for Discovery

The second *Pacific Lumber* factor likewise warrants a stay of discovery pending the resolution of Meta's motion to dismiss. Because Meta moves under Rule 12(b)(6), by definition no discovery will be required for the Court to rule in its favor. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The purpose of Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery."). Moreover, the requisite "preliminary peek" at Meta's motion to dismiss, *see Ledwidge*, 2025 WL 885845, at *2, confirms that no discovery is necessary to resolve the motion.

*First*, Meta did not attach any documents to its motion to dismiss or otherwise raise any factual issues, and instead relies solely on the allegations in the complaint. *See* Dkt. No. 25. Courts faced with identical scenarios have found that this factor favors a stay of discovery. *See, e.g.*, *Reveal Chat*, 2020 WL 2843369, at *3 (finding that "Facebook has satisfied the second prong of the test" where "Facebook's motion to dismiss is based solely on the allegations in the Complaint and does not raise any factual issues"); *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (second prong was met where "the Court only needs to look at the pleadings in order to issue a decision about its motion to dismiss").

*Second*, Meta's motion turns on legal issues that do not require any discovery. Plaintiff's claims all fail in light of the language of the contract *as alleged by plaintiff* in the complaint—and

which Meta does not dispute for purposes of the motion to dismiss.  Dkt No. 1 ¶ 53; *see Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion.").  This factor also weighs in favor of staying discovery pending a ruling on Meta's motion to dismiss.

### III.    Other Considerations Favor Staying Discovery

To the extent the Court considers other factors, they likewise favor staying discovery pending the resolution of the motion to dismiss.  *See Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884, at \*2–3 (N.D. Cal. Dec. 9, 2021) (considering whether stay of discovery will "promote efficiency" and "conserve the parties' resources" in addition to *Pacific Lumber* factors).  This lawsuit remains in its infancy, and the Court has not yet entered a case schedule, meaning that any temporary delay would not prejudice plaintiff.  *See, e.g.*, *Ledwidge*, 2025 WL 885845, at \*4 ("[T]his lawsuit is in its early stages, and the Court does not believe that a limited stay of discovery while the question of jurisdiction is resolved will unduly prejudice Plaintiffs."); *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at \*2 (N.D. Cal. Aug. 18, 2017) (a "limited stay of discovery does not unduly prejudice plaintiff").

In addition, plaintiff's delay in filing this lawsuit belies any claim it might make of being prejudiced by a brief stay of discovery.  The complaint does not allege any wrongdoing over the past seven years, and plaintiff waited until well after the limitations period on its claims had lapsed to file suit.  As such, it cannot complain of being prejudiced by a short stay of discovery now.  *See Reveal Chat*, 2020 WL 2843369 at \*2, \*4 (finding no undue prejudice where plaintiffs allegedly "inexcusably delayed pursuing their claims that occurred five to eight years ago").

### CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court stay discovery pending the resolution of Meta's motion to dismiss.  For the same reasons, Meta respectfully requests that the Court also continue the initial case management conference until Meta's motion to dismiss is resolved, to conserve the Court's and parties' resources.  *See Micron Tech., Inc. v. United Micro-electronics Corp.*, 2018 WL 7288018, at \*2 (N.D. Cal. Mar. 16, 2018) (staying discovery and continuing the initial case management conference pending resolution of the motion to dismiss).

Dated: July 2, 2025

Respectfully submitted,

*/s/ James P. Rouhandeh*

James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800

Andrew Yaphe (SBN 274172)
andrew.yaphe@davispolk.com
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

*Counsel for Defendant Meta Platforms, Inc.*

DEFENDANT META PLATFORMS, INC.'S MOTION TO STAY DISCOVERY
CASE NO. 3:25-CV-03281-CRB