James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800

Andrew Yaphe (SBN 274172)
andrew.yaphe@davispolk.com
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IRON TRIBE FITNESS, on behalf of itself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>META PLATFORMS, INC.,<br><br>        Defendant. | Case No. 3:25-cv-03281-CRB<br><br>**DEFENDANT META PLATFORMS, INC.'S ADMINISTRATIVE MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE**<br><br>Courtroom: 6, 17th Floor<br>Before the Honorable Charles R. Breyer |

Pursuant to Civil Local Rules 7-11 and 16-2(d), Defendant Meta Platforms, Inc. ("Meta") respectfully requests that the Court grant a brief three-week continuance of the initial case management conference—from July 18, 2025 until August 8, 2025—so that Meta's concurrently filed motion to stay discovery, Dkt. No. 29, may be fully briefed in advance of the conference.

## I.    FACTUAL BACKGROUND

Plaintiff Iron Tribe Fitness filed a complaint against Meta on April 11, 2025, bringing claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of the California Unfair Competition Law ("UCL"), and unjust enrichment.  Dkt. No. 1 ¶¶ 68–90.  On April 21, 2025, the Court set the initial case management conference for July 18, 2025. Dkt. No. 11.  On April 23, 2025, the parties agreed on a stipulated briefing schedule for Meta's motion to dismiss, which the Court entered the next day.  Dkt. Nos. 17, 18.  Pursuant to that schedule, Meta filed its motion to dismiss on June 16, 2025.  Dkt. No. 25.  Plaintiff's opposition is due on August 15, 2025, and Meta's reply is due on September 15, 2025.  *Id*.

Counsel for the parties held their conference under Rule 26(f) on June 27, 2025.  Decl. of Andrew Yaphe in Supp. of Defs.' Admin. Mot. ("Yaphe Decl.") ¶ 3.  Prior to the conference, Meta's counsel informed plaintiff that Meta intended to move to stay discovery pending resolution of Meta's motion to dismiss.  *Id*. ¶ 2.  Meta's counsel further explained that, in the event that plaintiff intended to oppose such a motion, a short postponement of the initial case management would be warranted so that the motion to stay discovery could be fully briefed and submitted before the initial case management conference.  *Id*.  On June 30, 2025, plaintiff stated that it would oppose the motion to stay discovery and that it would not agree to the proposed three-week continuance of the case management conference unless Meta agreed that the parties could issue discovery and also would agree to timely respond to what plaintiff described as "forthcoming discovery requests."  *Id*. ¶ 4.

Meta has concurrently filed its motion to stay discovery pending resolution of its motion to dismiss.  As set forth in that motion, discovery should be stayed because the pending motion to dismiss would be dispositive of plaintiff's entire complaint, establishes multiple reasons for dismissal of each claim, and can be decided without the need for discovery.  Dkt. No. 29 at 2–4.

Further, a stay would not prejudice plaintiff, particularly because plaintiff waited until well after the limitations period lapsed to file suit.  *Id.* at 5.

**II.    ARGUMENT**

The Court should grant Meta's request for a brief three-week continuance of the initial case management conference.  Civil Local Rule 16-2(d) provides that "a party . . . may seek relief from an obligation imposed by Fed. R. Civ. P. 16 or 26 or the Order Setting Initial Case Management Conference" by describing the circumstances supporting the request, affirming the moving party has consulted with opposing counsel, and proposing a revised case management schedule.  Civ. L. R. 16-2(d)(1)–(4).  Here, the circumstances favor a brief adjournment.

First, continuing the case management conference until Meta's motion to stay has been fully submitted will promote judicial efficiency.  Multiple topics to be discussed at the case management conference—including discovery and case scheduling—assume that discovery will be going forward.  But, as set forth in the concurrently filed motion to stay discovery, there is good reason to hold discovery in abeyance pending the resolution of Meta's motion to dismiss.  *See* Dkt. No. 29.  It would be highly inefficient for the parties and the Court to discuss a case schedule and discovery plan on July 18, 2025, only to reconvene three weeks later to discuss whether discovery should be going forward *at all*.  Holding the initial case management conference alongside any hearing on Meta's motion to stay discovery would streamline this process and would preserve both the Court's and parties' resources.  Moreover, the Court has not yet set any deadlines beyond the initial case management conference, so no other revisions to the case management schedule would be necessitated by the brief continuance sought by Meta.

Second, there is no prejudice to plaintiff if the case management conference is continued for three weeks.  Even assuming that plaintiff were to serve initial discovery requests directly after the July 18, 2025 conference, Meta's deadline to respond to such requests would be *after* the anticipated August 8, 2025 hearing on Meta's motion to stay.  *See, e.g.*, Fed. R. Civ. P. 34(b)(2)(A) (providing party to whom request for production is directed 30 days to respond).  Moreover, notwithstanding its motion to stay discovery, Meta will serve its initial disclosures on or before the

current deadline of July 11, 2025, and will also work with plaintiff to submit the joint case management statement by July 11, 2025. *See* Yaphe Decl. ¶¶ 5–6.

## III. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court continue the initial case management conference currently scheduled for July 18, 2025 to August 8, 2025.

Dated: July 2, 2025

Respectfully submitted,

*/s/ James P. Rouhandeh*

James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800

Andrew Yaphe (SBN 274172)
andrew.yaphe@davispolk.com
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

*Counsel for Defendant Meta Platforms, Inc.*