1   James P. Rouhandeh (*pro hac vice*)
    rouhandeh@davispolk.com
2   DAVIS POLK & WARDWELL LLP
    450 Lexington Avenue
3   New York, New York 10017
    Telephone: (212) 450-4000
4   Facsimile:  (212) 701-5800
5
    Andrew Yaphe (SBN 274172)
6   andrew.yaphe@davispolk.com
    DAVIS POLK & WARDWELL LLP
7   900 Middlefield Road, Suite 200
    Redwood City, California 94063
8   Telephone: (650) 752-2000
9   Facsimile:  (650) 752-2111

10  *Counsel for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IRON TRIBE FITNESS, on behalf of itself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　　　　　Defendant. | Case No. 3:25-cv-03281-CRB<br><br>**DEFENDANT META PLATFORMS, INC.'S REPLY IN FURTHER SUPPORT OF MOTION TO STAY DISCOVERY**<br><br>Date:  August 8, 2025<br>Time: 10:00 am<br>Courtroom: 6, 17th Floor<br>Before the Honorable Charles R. Breyer |

## STATEMENT OF ISSUE

Whether the Court should stay discovery pending resolution of Meta's motion to dismiss, which is potentially dispositive of the entire complaint and can be decided without discovery.

## INTRODUCTION

Plaintiff's opposition ignores the two-factor test used by courts in this District in considering whether to stay discovery while a motion to dismiss is pending. Courts in this District consider (1) whether the motion to dismiss is "*potentially* dispositive" of the entire case, and (2) whether the motion can be decided without the need for discovery. As Meta demonstrated in its opening brief, both factors are satisfied here. Meta's motion to dismiss presents multiple independent grounds for dismissal of the entire complaint. For purposes of this motion to stay discovery, the Court need not consider Meta's arguments for dismissal based on the clear lapse of the statute of limitations—even though that is fatal to plaintiff's case—because it is effectively undisputed that Meta's arguments for dismissal on the merits entirely satisfy the test for a stay of discovery. All four of plaintiff's claims are subject to dismissal because plaintiff fails to identify any *promise* that Meta supposedly broke, which dooms both plaintiff's breach of contract claim as well as its remaining claims (all of which are derivative of the breach of contract claim). This glaring omission easily satisfies the first factor. In response, plaintiff misapprehends the relevant standard—i.e., whether these arguments are "potentially" dispositive of the whole case—and instead discusses whether the motion to dismiss is "likely" to succeed, which is not the question at this juncture. And plaintiff does not even contend that discovery would be necessary to resolve those arguments for dismissal, thus waiving any argument as to the second factor.

Plaintiff's other arguments are meritless. Plaintiff's suggestion that Meta somehow failed to confer with plaintiff regarding the stay motion is belied by the declarations submitted by *both* parties attesting that the parties discussed the proposed motion to stay during the Rule 26(f) conference. *See* Dkt. No. 30-1 ¶ 3; Dkt. No. 32-1 ¶¶ 3–4. And plaintiff's contention that the motion is premature because there is no "particular or specific" need for a stay is likewise belied by plaintiff's own actions. Meta moved to stay discovery after plaintiff proposed a discovery plan calling for substantial completion of discovery by October 17, 2025—a mere three and a half months after

Meta filed the motion to stay. Though plaintiff may not have propounded (yet) the discovery requests that it stated in late June were "forthcoming," its proposal that discovery be substantially completed in such a short period of time shows that Meta will soon be burdened by discovery if a stay is not entered. Plaintiff's apparent gamesmanship—holding its supposedly "forthcoming" discovery requests in reserve so it could argue that Meta had "failed" to articulate a "particular and specific" need for a brief stay of discovery—should not be rewarded.

## ARGUMENT

A stay of discovery is warranted pending resolution of a motion to dismiss if (1) the pending motion is potentially dispositive of the entire case and (2) the court can decide the motion without discovery. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351–52 (N.D. Cal. 2003). Courts in this District, including this Court, apply this two-part *Pacific Lumber* test in evaluating stay motions like this one. *See, e.g.*, *Hoopes Vineyard LLC v. Cnty. of Napa*, 2025 WL 41929, at *1 (N.D. Cal. Jan. 6, 2025) (Breyer, J.).[1]

### I.  Meta's Motion to Dismiss Is Potentially Dispositive of the Entire Case

Meta's motion to dismiss undoubtedly satisfies *Pacific Lumber*'s "potentially dispositive" standard. *See* Dkt. No. 29 at 3–4. As explained, Meta's motion provides multiple independent reasons to dismiss each of the four counts of plaintiff's complaint. Not only did the statute of limitations for each claim lapse years ago, *see* Dkt. No. 25 at 6–7, but plaintiff's complaint fails to identify any promise that Meta supposedly broke, *id*. at 9. Those deficiencies are fatal to all of plaintiff's claims.

Plaintiff devotes the bulk of its opposition brief to arguing (prematurely) that Meta's motion to dismiss should be denied. *See* Dkt. No. 32 at 3–8; *see also id.* at 6 (arguing that Meta's motion to dismiss the breach of contract claim is "likely to be dismissed"). That is incorrect; but in any event, it is irrelevant to the present motion. As a court in this District recently explained,

---

[1]  *See also, e.g.*, *Garcia v. TDBBS, LLC*, 2025 WL 1755648, at *1 (N.D. Cal. June 25, 2025); *Ledwidge v. Fed. Deposit Ins. Corp.*, 2025 WL 1370484, at *1 (N.D. Cal. May 12, 2025); *Leonard v. CVS Pharmacy, Inc.*, 2025 WL 1266929, at *1 (N.D. Cal. May 1, 2025); *Greenspan v. Musk*, 2024 WL 4933334, at *1 (N.D. Cal. Dec. 2, 2024); *Yangtze Memory Techs., Inc. v. Strand Consult*, 2024 WL 4950180, at *1 (N.D. Cal. Dec. 2, 2024).

|   |   |
|---|---|
| 1 | "the inquiries into whether [defendant's] Motion to Dismiss is ultimately successful and whether |
| 2 | Plaintiff may be granted leave to amend do not factor into this District's *Pacific Lumber* factors." |
| 3 | *Garcia*, 2025 WL 1755648, at *2; *see also Leonard*, 2025 WL 1266929, at *2 ("Plaintiff primarily |
| 4 | contends that Defendant has not met this factor because the MTD is unlikely to succeed, but like- |
| 5 | lihood of success is not the standard for a stay of discovery."). The first *Pacific Lumber* factor |
| 6 | focuses on the *scope* of Meta's motion to dismiss, not whether the motion will ultimately be |
| 7 | deemed meritorious after it is fully briefed.[2] |
| 8 |     Plaintiff incorrectly states that the Court must be "*convinced* that the plaintiff will be unable |
| 9 | to state a claim for relief" to issue a stay. Dkt. No. 32 at 4 (citing *Hoopes Vineyard*, 2025 WL |
| 10 | 41929, at *1). In fact, the Ninth Circuit—in the decision cited in *Hoopes Vineyard*—did not hold |
| 11 | that a court must be "convinced" that a motion to dismiss will be granted before staying discovery |
| 12 | pending such a motion. *See Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002). Instead, it |
| 13 | merely held that a district court does not commit error if it enters a protective order because it is |
| 14 | "convinced that the plaintiff [would] be unable to state a claim for relief." *Id*. In other words, |
| 15 | being "convinced" that the plaintiff fails to state a claim is sufficient, but not necessary, for a stay |
| 16 | of discovery. *See In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, |
| 17 | 2017) ("Good cause for staying discovery *may exist* when the district court is convinced that the |
| 18 | plaintiff will be unable to state a claim for relief." (citation modified)). |
| 19 |     Plaintiff does not even try to argue that Meta's motion to dismiss would not be "potentially" |
| 20 | dispositive of the entire case. Instead, it erroneously asserts that a different "framework" applies |
| 21 | under Rule 26(c). Dkt. No. 32 at 2. But it is undisputed that Rule 26(c) ultimately governs the |
| 22 | analysis. Indeed, Meta cites Rule 26(c) in its motion, *see* Dkt. No. 29 at 2–3, and the *Pacific* |
| 23 | *Lumber* test used by courts in this District flows from that Rule, *see, e.g.*, *Garcia*, 2025 WL |
| 24 | 1755648, at *1 (reciting both Rule 26(c) and the *Pacific Lumber* test). All of the arguments ad- |
| 25 | vanced by Meta in this motion are consistent with that Rule. |
| 26 | |
| 27 | [2] For the same reason, the Court need not wait for plaintiff's opposition to Meta's motion to dismiss before granting Meta's motion to stay. *Cf*. Dkt. No. 32 at 3–4. Courts in this District |
| 28 | have stayed discovery before an opposition to the motion to dismiss has been filed. *See, e.g.*, *Ledwidge v. Fed. Deposit Ins. Corp.*, 2025 WL 885845, at *2–3 (N.D. Cal. Mar. 21, 2025). |

## II. Meta's Motion to Dismiss Can Be Decided Without the Need for Discovery

As Meta explained in its opening brief, the Court can grant its motion to dismiss without the need for discovery, satisfying the second *Pacific Lumber* factor. *See* Dkt. No. 29 at 4–5. Regarding this factor, plaintiff's opposition solely discusses Meta's statute of limitations argument (*see* Dkt. No. 32 at 4–5) and does not contend that Meta's merits-based arguments for dismissal of the complaint would require any discovery. Nor would any discovery be required as to those arguments, because (as explained in the opening brief) they rely solely on the allegations in the complaint. Dkt. No. 29 at 4–5. Plaintiff has waived any argument as to this factor. *See, e.g.*, *Lansdown v. Bayview Loan Servicing, LLC*, 2023 WL 2934932, at *4 (N.D. Cal. Apr. 12, 2023) ("A failure to respond in an opposition to an argument constitutes waiver or abandonment, and thus concedes the argument." (citation modified)).[3]

## III. Plaintiff's Other Arguments Are Meritless

Unable to satisfy the governing standard, plaintiff suggests several other putative reasons why a stay should not be entered. All are baseless.

First, plaintiff's suggestion that the parties did not meet and confer regarding Meta's motion to stay discovery is without foundation, as shown by the declarations that *both* plaintiff and Meta submitted to the Court. *See* Dkt. No. 30-1 ¶ 3; Dkt. No. 32-1 ¶¶ 3–4. As set forth in the declaration attached to Meta's administrative motion for relief from the case management schedule, counsel for Meta informed counsel for plaintiff that Meta was planning to move to stay discovery on June 26, 2025. Dkt. No. 30-1 ¶ 2. At the parties' subsequent Rule 26(f) conference, the parties discussed the motion, and plaintiff's counsel stated that it did not agree to a stay of discovery and would oppose the motion. *Id.* ¶ 3. Indeed, plaintiff's counsel *acknowledges* as much. *See* Dkt. No. 32-1 ¶¶ 3–4.[4]

---

[3] To the extent the Court considers additional factors, those also favor staying discovery. *See* Dkt. No. 29 at 5. Plaintiff's generalized reference to "fading memories and the loss of evidence," Dkt. No. 32 at 8, would apply to any case, and plaintiff offers no explanation for why a brief delay would be prejudicial to plaintiff here.

[4] Plaintiff's suggestion that Meta's certification regarding its compliance with the meet-and-confer requirement is somehow inadequate (Dkt. No. 32 at 2 n.2) is not supported by any authority.

Second, Meta need not wait for plaintiff to serve discovery requests to move to stay. *Cf.* Dkt. No. 32 at 2–3. On June 30, 2025, plaintiff's counsel informed Meta that it would be serving "forthcoming" discovery requests. Dkt. No. 30-1 ¶ 4. The same day, plaintiff's counsel sent Meta its draft discovery plan, which proposed that substantial completion of document discovery should take place by October 17, 2025. Reply Decl. of Andrew Yaphe in Supp. of Mot. to Stay ¶ 2. Given plaintiff's proposal that discovery should be substantially complete in less than three months—even though it has not yet served discovery requests—it appears that plaintiff is holding its "forthcoming" requests, Dkt. No. 30-1 ¶ 4, in reserve until after briefing on this motion is complete. In any event, courts in this District have granted motions to stay discovery even where no discovery requests had yet been served. *See, e.g.*, *Jacksonville Police Officers & Fire Fighters Health Ins. Tr. v. Gilead Scis., Inc.*, 2022 WL 17418970, at *2 (N.D. Cal. Dec. 5, 2022) (rejecting argument that motion to stay discovery was premature because plaintiffs had not yet served discovery and explaining that "Defendants' motion [to stay] was prompted, in part, because the parties raised their dispute about the need for discovery prior to resolution of the [motion to dismiss] in their case management conference statement").

Third, plaintiff's contention that Meta was required to set forth a "particular or specific need" for a discovery stay (Dkt. No. 32 at 3) again departs from the governing *Pacific Lumber* test. As a court in this District explained earlier this year, "[plaintiff] fails to cite any authority that a 'particular and specific need' to stay discovery is a required showing for a defendant seeking a stay of discovery, and [plaintiff] fails to locate this requirement within the *Pacific Lumber* context." *Garcia*, 2025 WL 1755648, at *2. In any event, as discussed above, plaintiff's position that discovery should be substantially complete in a mere three months in and of itself demonstrates that a discovery stay is warranted while the Court determines whether plaintiff even states a claim for relief.

## CONCLUSION

For the foregoing reasons, and for those set forth in Meta's motion to stay, Meta respectfully requests that the Court stay discovery pending a decision on Meta's motion to dismiss.

| | |
|---|---|
| Dated: July 23, 2025 | Respectfully submitted, |
| | /s/ *James P. Rouhandeh* |
| | James P. Rouhandeh (*pro hac vice*) |
| | rouhandeh@davispolk.com |
| | DAVIS POLK & WARDWELL LLP |
| | 450 Lexington Avenue |
| | New York, New York 10017 |
| | Telephone: (212) 450-4000 |
| | Facsimile: (212) 701-5800 |
| | |
| | Andrew Yaphe (SBN 274172) |
| | andrew.yaphe@davispolk.com |
| | DAVIS POLK & WARDWELL LLP |
| | 900 Middlefield Road, Suite 200 |
| | Redwood City, California 94063 |
| | Telephone: (650) 752-2000 |
| | Facsimile: (650) 752-2111 |
| | |
| | *Counsel for Defendant Meta Platforms, Inc.* |