IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRON TRIBE FITNESS, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:25-03281-CRB<br><br>**ORDER DENYING MOTION FOR A PROTECTIVE ORDER TO STAY DISCOVERY** |

Defendant Meta Platforms, Inc. seeks a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to stay discovery pending the resolution of its motion to dismiss Plaintiff Iron Tribe Fitness's complaint. Mot. (dkt. 29). The Court finds this matter suitable for resolution without a hearing pursuant to Local Civil Rule 7-1(b), VACATES the hearing set for August 8, 2025, and DENIES Meta's motion.

The filing of a motion to dismiss does not automatically stay discovery. Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 600 (D. Nev. 2011). Rather, stays of discovery are governed by Rule 26(c)(1) of the Federal Rules of Civil Procedure, which provides that a court "may" issue a protective order limiting discovery "for good cause … to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The "party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). This requires that party to "show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." Id.

Where a party seeks a stay pending the resolution of a motion, two factors must be present for a court to issue a stay. <u>First</u>, the "pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." <u>Smith v. Levine Leichtman Cap. Partners, Inc.</u>, No. C 10-00010 JSW, 2011 WL 13153189, at *1 (N.D. Cal. Feb. 11, 2011). <u>Second</u>, the court must be able to decide the pending motion without additional discovery. <u>Id.</u> The presence of these two factors permits, but does not require, the court to stay discovery until the pending motion is resolved. <u>See id.</u> ("If the two above questions are answered affirmatively, the court <u>may</u> issue a protective order." (emphasis in original)).

Meta argues that it has satisfied the first factor because one ground for its motion to dismiss is that the statute of limitations has lapsed on all of Iron Tribe's claims. <u>See</u> Mot. at 2. But Iron Tribe responds that Meta concealed its practice of overcharging customers, such that Iron Tribe only discovered that practice recently. <u>See</u> Opp'n (dkt. 32) at 4; <u>see also</u> Compl. (dkt. 1) ¶¶ 51–52 (alleging that "slow rollout of the correction was done specifically to conceal the overcharges from advertisers" and that the overcharges "were only discovered by Plaintiff through the investigation of … counsel."). Iron Tribe further argues that "whether the discovery rule delays the start of the statute of limitations is a question of fact requiring discovery." Opp'n at 4. Meta replies that "the Court need not consider" its statute of limitations argument in connection with this motion after all. Reply (dkt. 33) at 1.

Meta maintains that it has nonetheless satisfied the first factor because a further ground for its motion to dismiss is that the complaint fails to "identify any promise that Meta supposedly broke," which is "fatal not only to [Iron Tribe's] breach of contract claim, but also its remaining claims." Mot. at 4; Reply at 1. But Iron Tribe responds that Meta misconstrues at least its implied covenant of good faith and fair dealing claim, which is based not on the breach of an express provision in the parties' contract but the expectation of the parties. Opp'n at 7. The Court is ill-equipped to take a "preliminary peek" at the merits of the motion to dismiss because that motion is not fully briefed. <u>See</u>

Singh v. Google. Inc., No. 16-cv-3734-BLF, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016). Nor does the Court wish to prejudge the parties' arguments. If Iron Tribe is correct, though, Meta's argument about the lack of an explicit promise would be fatal only to the breach of contract claim. Meta has failed for now to meet the first factor.

Certainly, the Court is unable to say that it is "convinced that the plaintiff will be unable to state a claim for relief." See Werger v. Monroe, 282 F.3d 1068, 1077 (9th Cir. 2022) (emphasis added) (citation omitted).[1] Moreover, Meta fails to identify a particular or specific need for a protective order, as it has not yet been served with discovery, see Opp'n at 3, and instead suggests that Iron Tribe is holding its discovery requests in reserve as a matter of gamesmanship, see Reply at 5. Perhaps there is no hard-and-fast rule that discovery requests be served before a party may move for a stay of discovery, see Jacksonville Police Officers & Fire Fighters Health Ins. Trust v. Gilead Sciences, Inc., No. 20-cv-6522-JSW, 2022 WL 17418970, at *2 (N.D. Cal. Dec. 5, 2022), but it is difficult to make a "'strong showing' why discovery should be denied" without demonstrating that discovery would be burdensome or unnecessary, see Gray, 133 F.R.D. at 40. That a stay would promote efficiency and conserve party resources is not such s showing. See Smith, 2011 WL 13153189, at *2 ("The expense of discovery alone does not amount to good cause to stay discovery based on Defendants' argument that they are likely to succeed on the pending motions and could therefore avoid unnecessary expenses.").

The Court therefore holds that a stay of discovery would not be proper at this juncture. Meta's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 5, 2025

CHARLES R. BREYER
United States District Judge

---

[1] Meta argues that a court need not be "convinced that the plaintiff will be unable to state a claim for relief" to issue a stay. Reply at 3 (quoting Opp'n at 4). The Court agrees with Meta. See Wenger, 282 F.3d at 1077 (holding that a district court may stay discovery when it is convinced that a plaintiff will be unable to state a claim, not that it may only stay discovery then). The Court observes only that it is not convinced at this point that Iron Tribe will be unable to state a claim.

3