**BERNSTEIN LITOWITZ BERGER**
  **& GROSSMANN LLP**
Jonathan D. Uslaner (Bar No. 256898)
jonathanu@blbglaw.com
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

*Counsel for Plaintiff Iron Tribe Fitness*

[Additional counsel appear on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IRON TRIBE FITNESS, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant | Case No. 3:25-cv-3281-CRB<br><br>**PLAINTIFF'S NOTICE OF DISCOVERY DISPUTE AND REQUEST FOR REFERRAL TO MAGISTRATE JUDGE**<br><br><u>CLASS ACTION</u><br><br>Before: The Hon. Charles R. Breyer |

Plaintiff Iron Tribe Fitness ("Plaintiff" or "Iron Tribe") respectfully submits this request pursuant to Rule II.A. of the Court's General Standing Order for referral to a magistrate judge to resolve two discrete discovery disputes.

*First*, Defendant has refused to produce documents in response to Plaintiff's Rule 34 requests—issued in July 2025—in violation of the Court's August 2025 order denying Defendant's prior motion seeking a stay of discovery.  ECF No. 36.  Specifically, Defendant has refused to produce documents by pointing to the fact that the Court granted Defendant's motion to dismiss in October 2025, contending that the Court's comments at the October 3 hearing permitting Plaintiff leave to amend justifies a blanket refusal to produce "discovery on anything other than [the] underlying contracts" themselves.  Defendant is wrong, and its refusal to produce responsive discovery is improper "self-help."   *Nazemian v. NVIDIA Corp.*, 2026 WL 323304, at *1 (N.D. Cal. Feb. 6, 2026).  As set forth below, Defendant has not filed a new motion seeking a discovery stay, has no basis to withhold discovery it agreed to produce prior to the Court's October 3 ruling, and, in any event, its proportionality-based objections are entirely meritless in light of Plaintiff's filing of the operative Complaint.  Facebook should be ordered to engage in discovery.

*Second*, consistent with Defendant's months-long effort to avoid producing responsive discovery, Facebook has refused to agree to reasonable terms in connection with the parties' negotiated Protective Order and ESI Protocol.  During the parties' negotiations, Plaintiff repeatedly compromised and adopted Defendant's proposed changes.  However, the parties have reached an impasse concerning certain terms on both documents.  To resolve their disputes, and to avoid further delay in Defendant's production of responsive discovery, Plaintiff will respectfully seek the Court to enter Plaintiff's proposed Protective Order and ESI Protocol.

For these reasons and as further described below, Plaintiff respectfully requests the Court refer the parties' disputes to a magistrate judge.

### Defendant's Unilateral Partial Stay of Discovery

Plaintiff filed this action in April 2025, alleging claims arising out of Facebook's systematic years-long period of overcharging of advertisers.  As alleged in the Complaint, while Facebook promised advertisers it was using a "second-price" auction, which charges a winning

bidder the minimum necessary to displace the next-highest bid, Facebook in fact operated a "blended-price" auction, wherein the winning bidder is charged an amount between the next-highest bid and their own maximum bid. ¶¶16, 18, 74. Although this switch was due to a 2013 coding change, Facebook concealed this from advertisers upon discovering it and never reimbursed them for the overcharges. ¶¶21, 24, 26, 96, 154. Plaintiff alleges this gives rise to claims for breach of contract, breach of the implied covenant of good faith of fair dealing, and violations of California's Unfair Competition Law's ("UCL") "unfair" prong. ¶¶145-61.[1]

In July 2025, Plaintiff issued its first set of requests for production seeking documents concerning, among other things: (1) versions of the Help Center webpages that Plaintiff alleges are part of the contract between Facebook and Plaintiff and the class; (2) documents regarding the coding change that gave rise to Plaintiff's claims and its impact on revenues; and (3) documents concerning the "slow rollout" of the coding fix that corrected Facebook's auction process.

On July 2, 2025, Facebook sought a stay of discovery during the pendency of the original motion to dismiss it filed two weeks before. ECF No. 29. On August 5, 2025, the Court denied the motion, holding that Defendant had not identified "a particular [or] specific need for a protective order," and failed to meet both factors that would allow (but not require) the Court to issue such order. *See* ECF No. 36 at 2-3. The Court explicitly rejected Defendant's argument that a stay should be granted because Plaintiff did not adequately identify which specific contractual promise was allegedly breached, noting that Plaintiff's implied covenant claim "is based not on the breach of an express provision in the parties' contract but the expectation of the parties." *Id*. at 2. Defendant did not seek reconsideration or otherwise appeal this order.

On September 9 and September 25, 2025, the parties held meet and confers concerning Plaintiff's document requests, during which Defendant agreed to produce documents in response to a number of those requests. At the same time, on September 15, 2025, Plaintiff provided Defendant with proposed custodians, data sources, and a draft ESI Protocol and Protective Order to facilitate Defendant's collection and production of responsive ESI discovery.[2]

---

[1] Citations to "¶_" are to the First Amended Complaint (ECF No. 47) ("Complaint").

[2] Plaintiff also provided Defendant with proposed search terms on November 25, 2025. As noted

On October 3, 2025, the Court granted Defendant's motion to dismiss without prejudice, granted Plaintiff leave to replead (ECF No. 43), and Plaintiff filed the operative Complaint in response to this ruling on November 3, 2025.  ECF No. 47.  At the October 3 conference, the Court did not address discovery, nor did Defendant did raise any questions concerning discovery or indicate it planned to renew its request for a discovery stay.  *See* ECF No. 46.

Plaintiff thereafter continued to seek responses to its document requests, including in emails and meet and confers on November 25, December 5, 10, 12, 23, January 13, and March 12. For example, Plaintiff requested that Defendant produce the documents it had agreed it would produce in September, prior to the Court's motion to dismiss ruling in October.  Defendant has refused to produce this discovery, however, arguing that "it would be disproportionate to the needs of the case for discovery on anything other than the underlying contract(s) between Facebook and plaintiff to proceed" until the Court rules on Defendant's pending motion to dismiss.[3]

Defendant's unilateral stay of discovery is improper and violates the Court's prior order denying a stay, and Defendant should be compelled to respond to Plaintiff's requests.  *See, e.g.*, *NVIDIA*, 2026 WL 323304, *2.  Indeed, the law is clear that a defendant cannot unilaterally refuse to produce discovery in the hopes that a dispositive motion will be granted.  *First Am. Title Ins. Co. v. Commerce Assoc., LLC*, 2016 WL 951175, at *3 (D. Nev. Mar. 8, 2016) (defendant's refusal to produce documents based on a belief the complaint would likely be dismissed amounted to "an impermissible, unilateral stay of discovery"); *Pom Wonderful LLC v. Coca-Cola Co.*, 2009 WL 10655253, at *1 (C.D. Cal. Sept. 16, 2009) (that a complaint is "'untested' does not, absent a stay…prevent discovery" into the complaint's allegations); *Norco Windows, Inc. v. Hartford Fin. Servs. Grp., Inc.*, 2005 WL 1353832, at *10 (D. Idaho June 7, 2005) ("all parties have a duty to engage in discovery unless otherwise relieved by the Court").  Moreover, here, the Court clearly did not stay or otherwise limit discovery through any comments about Plaintiff's forthcoming

above, Defendant has refused to discuss custodians, search terms, or data sources with Plaintiff based on its objection that only the "underlying contractual documents" are subject to discovery.

[3] Consistent with its argument, on February 12, 2026, Defendant made a small production of 103 documents limited to certain "underlying contractual documents," but which omits any documents concerning Facebook's "Help Center" and others cited in support of Plaintiff's contract claims.

PLAINTIFF'S NOTICE OF DISCOVERY                    3                    Case No. 3:25-cv-3281-CRB
DISPUTE AND REQUEST FOR REFERRAL TO
MAGISTRATE JUDGE

amendment at the October 3 hearing—nor did Defendant suggest it would refuse to produce discovery at the time. *Commerce Assoc.*, 2016 WL 951175, at *3. In fact, the Court's prior order denying a discovery stay rejected the nearly identical argument Defendant has made to Plaintiff following that hearing to justify withholding discovery now. ECF No. 36 at 2-3. This is improper, and Defendant should be ordered to comply with its discovery obligations under the Federal Rules.

### The Parties' Disputes Concerning the Protective Order and ESI Protocol

In September 2025, Plaintiff prepared drafts of a Protective Order, ESI Protocol, and Rule 502(d) order to govern the parties' electronic discovery and the exchange of confidential discovery material. While the parties were able to resolve most of the disputes, and have agreed to a negotiated Rule 502(d) order, the parties have a small number of remaining disputes concerning the ESI Protocol and Protective Order that Plaintiff requests the Court resolve.

For example, with respect to the ESI Protocol, the parties have disputes concerning (i) their document preservation obligations (e.g., Plaintiff objects to Defendant's request to include a provision relieving parties of the obligation to preserve knowingly responsive materials), (ii) the appropriate application of "email threading," and (iii) Defendant's refusal to include a standard "custodian" metadata field. With respect to the Protective Order, the parties have disputes concerning, among other things, (i) Defendant's insistence on provisions requiring Plaintiff to uncover and report potential "leaks" of purportedly confidential material, and (ii) the conditions for disclosure and treatment of "Source Code," i.e., the coding language underlying Facebook's advertising auctions at issue in this case.

Plaintiff respectfully submits that a prompt resolution of the parties' disputes concerning the ESI Protocol and Protective Order are needed to facilitate the parties' production of discovery.

### Conclusion

For the foregoing reasons, Plaintiff respectfully requests referral to a magistrate judge for resolution of the above disputes.

Dated: March 25, 2026                    Respectfully Submitted,

**BERNSTEIN LITOWITZ BERGER**
**    & GROSSMANN LLP**

*/s/ Avi Josefson*

AVI JOSEFSON (*pro hac vice*)
(avi@blbglaw.com)
MICHAEL D. BLATCHLEY (*pro hac vice*)
(michaelb@blbglaw.com)
TAL E. AVRHAMI (*pro hac vice*)
(tal.avrhami@blbglaw.com)
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 554-1400
Fax: (212) 554-1444

JONATHAN D. USLANER (Bar No. 256898)
(jonathanu@blbglaw.com)
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Tel: (310) 819-3481

**BISHOP PARTNOY**
ROBERT E. BISHOP (*pro hac vice*)
(bobby@bishoppartnoy.com)
FRANK PARTNOY
(frank@bishoppartnoy.com)
1717 K Street, NW, Suite 900
Washington, D.C. 20006
(202) 787-5769

*Counsel for Plaintiff Iron Tribe Fitness*

.

PLAINTIFF'S NOTICE OF DISCOVERY            5            Case No. 3:25-cv-3281-CRB
DISPUTE AND REQUEST FOR REFERRAL TO
MAGISTRATE JUDGE