# Exhibit B

James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800

Andrew Yaphe (SBN 274172)
andrew.yaphe@davispolk.com
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

*Counsel for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IRON TRIBE FITNESS, on behalf of itself and all others similarly situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>META PLATFORMS, INC.,<br><br>                              Defendant. | Case No. 3:25-cv-03281-CRB<br><br>**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**<br><br><u>CLASS ACTION</u><br><br>Courtroom: 6, 17th Floor<br>Before the Honorable Charles R. Breyer |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and Local Rule 34 of the Civil Local Rules of the United States District Court for the Northern District of California, Defendant Meta Platforms, Inc. ("Defendant"), by and through its attorneys, hereby submits the following Responses and Objections to the First Set of Requests for the Production of Documents served by Plaintiff Iron Tribe Fitness ("Plaintiff") on July 24, 2025.

Plaintiff's core theory is that Defendant allegedly breached the terms of its contract with Plaintiff by running advertisement auctions using a "blended price" process rather than a "second price" process. Plaintiff claims that Defendant promised to use a "second price" auction process under its agreement with Plaintiff. According to Plaintiff, Defendant broke that promise by making changes to its computer code in 2013 that instituted a "blended price" process, and kept those changes in place until 2017.

Most of Plaintiff's Requests are irrelevant to Plaintiff's claims or any issue in this case. As set forth below, Defendant is willing to search for documents sufficient to show *whether* the 2013 computer code change alleged by Plaintiff ever occurred; what any such change entailed; and if it occurred, *when* it occurred—subject to entry of an appropriate protective order and ESI protocol. It is similarly willing to search for documents sufficient to show whether the further 2017 computer code change alleged by Plaintiff occurred, what any such change entailed, and when it occurred, subject to the same conditions. Finally, it is willing to search for Plaintiff's contractual agreements with Defendant and information regarding what Plaintiff paid for advertising under those agreements. Defendant is also willing to meet and confer with Plaintiff regarding the scope of materials necessary to show the above. That said, the majority of Plaintiff's requests seek far more than that information—which is all that is relevant, on Plaintiff's theory of the case—and seek materials that have no bearing on any issue in this litigation. In addition to being irrelevant, those requests are unduly burdensome and not proportionate to the needs of this litigation, especially considering that the Court has yet to rule on whether Plaintiff states a claim of any kind.

1

## GENERAL OBJECTIONS

The General Objections set forth below apply to the Requests generally and to each Definition, Instruction, and Request for documents or information included in the Requests and, unless otherwise stated, shall have the same force and effect as if set forth in full in response to each Definition, Instruction, and Request.  Any undertaking to search for, or provide information or documents in response to, any item of the Requests remains subject to the General Objections. The fact that an objection is not listed herein does not constitute a waiver of that objection or otherwise preclude Defendant from raising that objection at a later time.

1.    By responding to a particular Request, Defendant does not accept, adopt, or concede the truth or validity of any characterization made in that Request.  Defendant's response that it will search for and produce any documents responsive to a particular Request does not constitute an admission that it actually possesses the documents requested or that any such documents exist.

2.    These Responses and Objections shall not be deemed an admission as to any fact in dispute or a waiver of any rights or defenses that Defendant has or may assert with respect to any claim, nor shall Defendant's production of any documents in response to the Requests be deemed to admit their relevance or admissibility.  Defendant reserves all objections as to the admissibility at any trial, arbitration, or other proceeding (whether or not in, or in any way related to, this action) of any document provided pursuant to the Requests, including all objections on the grounds that the information contained therein is not relevant or material or otherwise is objectionable.

3.    These Responses and Objections are based upon Defendant's present knowledge, information and belief.  Irrespective of whether Defendant produces documents in response to the Requests, Defendant further reserves its rights (but does not assume any obligation beyond those imposed by the Rules): (i) to revise, correct, supplement, or clarify the content of the Responses and Objections; (ii) to provide additional responsive information and documents in the future; and (iii) to object to further discovery in this matter.

4.      Defendant objects to the Requests, including any Definitions or Instructions incorporated therein, to the extent that they purport to impose obligations that are greater or more burdensome than, or contradict, the obligations imposed by the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, case law interpreting them, or any other applicable law or procedure.  Defendant will withhold all documents in response to the Requests that it has no obligation to produce under any of the applicable rules.

5.      Defendant objects to those portions of the Requests that are vague, ambiguous, unduly broad, overly burdensome, oppressive, capable of multiple interpretations, do not identify with particularity the documents sought, lack sufficient precision to allow Defendant to formulate an appropriate response, irrelevant to a party's claim or defense, or not proportional to the needs of the case.

6.      Defendant objects to the Requests to the extent that they are duplicative or seek documents or communications not within Defendant's possession, custody, or control.  By responding to the Requests, Defendant does not concede that any category of documents or communications that the Requests seek does in fact exist or that such materials are in the possession, custody, or control of Defendant.

7.      Defendant objects to the Requests and to each Definition, Instruction, and specific Request contained therein to the extent that they purport to impose an obligation to preserve and/or produce any information or documents that are newly created or received after the receipt of the Requests, because efforts to preserve and/or produce such documents or information would be unduly burdensome and require unreasonable expense.

8.      Defendant objects to the Requests to the extent that they seek the production of contents of third-party communications maintained by Defendant, because the Stored Communications Act prohibits providers of certain technology services, including Defendant, from "knowingly divulg[ing]" the contents of communications maintained by the provider, 18 U.S.C. § 2702(a), subject to specific exemptions, *id.* § 2702(b).

3

9. Defendant objects to the Requests as premature, including because Defendant has moved to dismiss Plaintiff's complaint in its entirety.

10. Defendant objects to any Request seeking "any" or "all" documents or communications on the grounds that it is unduly broad and overly burdensome and to the extent that it attempts to impose obligations beyond those imposed by the applicable rules. Defendant cannot guarantee that it will locate every single document responsive to a particular Request. Subject to the General Objections and any qualifications below, Defendant will respond to any Request seeking "any" or "all" documents by producing the responsive, non-privileged documents within its possession, custody, and control that can be located after a reasonable search conducted in good faith.

11. Defendant objects to the Requests to the extent that they seek documents or communications prepared in anticipation of litigation, or protected from disclosure by the attorney-client privilege, the attorney work-product immunity, the joint-defense privilege, the common-interest doctrine, applicable data privacy laws, regulations, policies, or rules of any jurisdiction, or any other privilege, rule of confidentiality, or protection from disclosure provided by law. Defendant will not intentionally produce any protected documents and communications in response to the Requests, and will withhold all privileged or otherwise protected documents or communications in response to the Requests. Any production of privileged or otherwise protected documents or communications would not constitute a waiver of any claim or privilege or other exemption from production. Defendant reserves the right to obtain the return of such documents or communications and prohibit their use in any manner, and hereby requests the return of any such produced privileged documents or communications and reserves the right to object to the disclosure or use of such privileged documents or communications at any stage of these or any other proceedings pursuant to any applicable rules including, but not limited to, Federal Rule of Evidence 502(d) governing the production of documents protected from discovery. Defendant does not waive any privilege or doctrine of immunity, including, without limitation, the attorney-client privilege, the work product immunity, statutory protections, or any other applicable privilege, immunity or protection, including under applicable foreign law.

12.    Defendant objects to the Requests to the extent that they conflict with any governing laws or regulations.

13.    Defendant objects to the Requests to the extent that they seek the production of nonpublic, proprietary, or other confidential or highly confidential information—including business, commercial, financial, personal, consumer, customer, client, private, commercially/competitively sensitive, regulatory, and/or trade secret information—of Defendant or third parties.

14.    Defendant objects to the Requests to the extent that they request documents or communications otherwise available to Plaintiff in the public domain—and thus, are equally accessible to Plaintiff and Defendant—or from some other source that is more convenient, less burdensome, or less expensive.

15.    Defendant objects to the Requests to the extent that they seek documents or communications already in Plaintiff's possession, custody, or control, or call for production of duplicative documents or communications.

16.    Defendant objects to the Definitions and Instructions in the Requests to the extent that they purport to define those terms differently from how those terms are defined by the applicable rules; depart from the customary meaning of any term or provide definitions that are inaccurate; or are based on premises that are misleading, inaccurate, or incomplete.

17.    Defendant objects to the Requests to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place.

18.    Defendant objects to the Requests to the extent they seek custodial information, because such materials are not relevant to any issue in the litigation.

## OBJECTIONS TO DEFINITIONS

1.    Defendant objects to the Definitions as vague and ambiguous because they reference other Definitions, and because they purport to use terms that Defendant does not use in the ordinary course of its business.

2.    Defendant objects to the Definition of "Advertiser" as vague and ambiguous because it includes all "participants in the auctions for advertisement space that successfully bid," without defining what constitutes a "successful[]" bid.  Defendant further objects to this

5

Definition as overly broad and unduly burdensome because it includes all "participants" for all "advertisements on Facebook." Defendant further objects to this Definition to the extent it assumes that Plaintiff is a "participant[] in the auctions for advertisement space that successfully bid to display advertisements on Facebook."

3. Defendant objects to the Definition of "Auction Process" as vague and ambiguous because it assumes that a single process "determine[s] which advertisements get shown to a person at a given point in time, as well as the resulting prices paid or spent by advertisers or charged by Facebook for such advertisements." Defendant further objects to this Definition as overly broad and unduly burdensome to the extent this Definition incorporates multiple different processes.

4. Defendant objects to the Definition of "Blended-Price Auction" to the extent it purports to describe a mechanism that Defendant used at any point.

5. Defendant objects to the Definition of "Coding Change" as vague and ambiguous because it assumes that an "alteration of code in or around 2013" "caused Facebook to administer a Blended-Price Auction as described in paragraphs ¶¶34-47 of the Complaint," and that this "alteration of code" "was sometimes referred to at Facebook as the "Pay-What-You-Bid" coding change." Defendant further objects to this Definition as overly broad and unduly burdensome to the extent this Definition refers to multiple "alteration[s]" of code.

6. Defendant objects to the Definition of "Communication(s)" and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome; to the extent it seeks to impose obligations on Defendant beyond, or inconsistent with, the applicable rules; and to the extent it seeks communications or documents that are not relevant to any claims or defenses or proportionate to the needs of the case.

7. Defendant objects to the Definitions of "Defendant," "You," and "Your" as overbroad and unduly burdensome to the extent it seeks to include foreign (outside the United States) entities, "officers, directors, employees, partners, parents, subsidiaries, affiliates, divisions, predecessors, successors, representatives, agents, attorneys, accountants, advisors, assigns, and any

other entities or individuals acting or purporting to act on their behalf or at its direction."  Defendant will construe "Defendant," "You," and "Your," as Meta Platforms, Inc.

8.    Defendant objects to the Definition of "Document(s)" and to any Request incorporating that definition, insofar as it is ambiguous, overly broad, and unduly burdensome; to the extent it seeks to impose obligations on Defendant beyond, or inconsistent with, the applicable rules; and to the extent it seeks communications or documents that are not relevant to any claims or defenses or proportionate to the needs of the case.

9.    Defendant objects to the Definition of "Second Price Auction" to the extent it purports to describe a mechanism that Defendant used at any point.

10.    Defendant objects to the Definition of "VCG Auction" to the extent it purports to describe a mechanism that Defendant used at any point.

## OBJECTIONS TO INSTRUCTIONS

1.    Defendant objects to each of the Instructions to the extent they direct Defendant to produce documents in accordance with the objectionable Definitions set forth above.

2.    Defendant objects to Instruction No. 1, and to any Request seeking "all" documents in Defendant's custody, possession, or control, on the ground that Defendant cannot guarantee that it has located every single document responsive to a particular Request.  Defendant agrees to conduct reasonable searches proportional to the needs of this case and produce responsive documents located following such searches, subject to the objections set out below.  Defendant further objects to Instruction No. 1 as vague, ambiguous, unduly broad, and overly burdensome to the extent it calls for responses to Requests to be from any "persons directly or indirectly employed or retained by Defendant, or connected with Defendant or Defendant's attorneys, or anyone else acting on their behalf or otherwise subject to Defendant's control" regardless of whether such information is within Defendant's possession, custody, or control, or whether searching such entities is reasonable or overly burdensome.  Defendant further objects to Instruction No. 1 to the extent it is inconsistent with the Requests.

3.    Defendant objects to Instruction No. 2 because it is vague, ambiguous, overly broad, and unduly burdensome, calls for information and documents that are not within

DEF'S RESPONSES AND OBJECTIONS TO PLF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
CASE NO. 3:25-CV-03281-CRB

Defendant's possession, custody, or control within the meaning of the Federal Rules, calls for information that is not relevant to any of the claims or defenses in these actions, and calls for information and documents that are not proportional to the needs of the case.

4.      Defendant objects to Instruction No. 4 to the extent it calls for Defendant to produce Documents in a manner inconsistent with the applicable rules, or imposes obligations on Defendant in a manner inconsistent with the applicable rules.  Defendant will comply with the terms of the ESI protocol once such a protocol has been entered by the Court.

5.      Defendant objects to Instruction No. 5 to the extent it calls for Defendant to produce Documents in a manner inconsistent with the applicable rules, or imposes obligations on Defendant beyond what is required by the applicable rules.

6.      Defendant objects to Instruction No. 6 to the extent it calls for Defendant to produce Documents in a manner inconsistent with the applicable rules, or imposes obligations on Defendant beyond what is required by the applicable rules.

7.      Defendant objects to Instruction No. 7 to the extent it calls for Defendant to produce Documents in a manner inconsistent with the applicable rules, or imposes obligations on Defendant beyond what is required by the applicable rules.  Defendant further objects to Instruction No. 7 to the extent it purports to require Defendant to produce Documents in Plaintiff's possession, custody, or control.

8.      Defendant objects to Instruction No. 8 as overbroad and unduly burdensome, and as inconsistent with the applicable rules, to the extent that these requests purport to seek production of "all" documents that may be construed to be within the scope of a Request.  Defendant will not endeavor to locate or recreate or produce all draft versions that might exist or be recoverable, including draft versions of documents created on cloud- and server-based storage systems, as doing so would be unduly burdensome and disproportionate to the needs of the litigation.  Defendant will comply with the terms of the ESI protocol once such a protocol has been entered by the Court.

9.      Defendant objects to Instruction No. 9 to the extent it purports to demand that Defendant produce multiple copies of the same Document in response to different Requests.

8

10.     Defendant objects to Instruction No. 10 as overbroad and unduly burdensome, and as inconsistent with the applicable rules, to the extent that the requests purport to seek production of "all" documents that may be construed to be within the scope of a Request.  Defendant will comply with the terms of the ESI protocol once such a protocol has been entered by the Court.

11.     Defendant objects to Instruction No. 11 to the extent it calls for Defendant to produce Documents in a manner inconsistent with the applicable rules, or imposes obligations on Defendant beyond what is required by the applicable rules.  Defendant further objects to Instruction No. 11 as vague and ambiguous, including to the extent that the terms "mention," "discuss," "refer to," and "explain" are vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested.

12.     Defendant objects to Instruction No. 12 as overbroad and unduly burdensome.

13.     Defendant objects to Instruction No. 13 to the extent it calls for Defendant to produce Documents in a manner inconsistent with the applicable rules, or imposes obligations on Defendant beyond what is required by the applicable rules.

## OBJECTIONS TO RELEVANT TIME PERIOD

1.     Defendant objects to the definitions of "Relevant Period" and "Relevant Time Period" as overly broad, unduly burdensome, and seeking information that is neither relevant to any claims or defenses nor proportional to the needs of the case to the extent that it seeks documents and communications "[c]oncerning, in whole or in part" a six-year period from January 1, 2013 to December 31, 2018.  Unless otherwise stated in a particular response, Defendant will construe the "Relevant Period" and "Relevant Time Period" to both mean the period from January 1, 2013 to December 31, 2017.

## RESPONSES AND OBJECTIONS TO DOCUMENT REQUESTS

## DOCUMENT REQUEST NO. 1:

Documents concerning the implementation of the Coding Change.

9

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as over-broad, unduly burdensome, ambiguous, and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case.  Defendant further objects to this Request as vague and ambiguous, including because the term "implementation" is vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested.  Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 21 and Request No. 22.  Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

Subject to and without waiver of the foregoing General and Specific Objections, and subject to the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search proportional to the needs of this case and produce documents sufficient to show whether there were code changes in or around 2013 that pertained to the calculation of the price paid by advertisers that submitted winning bids in certain auctions for advertising on Facebook, what any such changes entailed, and when any such changes occurred.

**DOCUMENT REQUEST NO. 2:**

Documents concerning Facebook's investigation into pricing irregularities or anomalies in its advertisement auction processes, including those identified internally at Facebook as "something weird in the alternate best gain computation in multi-feed," pricing results that did not "make sense," and the auction results where "we cannot explain the pricing" mentioned in in the "Bids v. Charges" slide deck described in ¶¶37-43 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as over-broad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims

or defenses or proportionate to the needs of the case, including because whether any "investigation" was conducted and the results of any such investigation are not relevant to any issue in the litigation.  Defendant further objects to this Request as vague and ambiguous, including insofar as the term "investigation" is vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested.  Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Defendant further objects to this Request to the extent that it seeks documents concerning the Coding Change, and is therefore duplicative of Request No. 1.  Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

Defendant states that it construes this Request as requesting the same documents as those sought in Request No. 1; accordingly, Defendant reiterates that it will search for and produce the same documents identified with regard to its response to that Request.  In response to this Request, Defendant maintains and reasserts its objections and responses to Request No. 1 as if set forth fully herein.

**DOCUMENT REQUEST NO. 3:**

Documents and Communications concerning Facebook's discovery of the Coding Change, including but not limited to all Documents and Communications concerning the Facebook Workplace team groups called "Pay what you bid," "Market Dynamics," and "Facebook Ads Monetization."

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to this Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including because "Facebook's discovery" of the Coding Change is not relevant to any issue in the litigation, and because "all Documents and Communications" regarding any Workplace groups titled "Pay what you bid," "Market

11

Dynamics," and "Facebook Ads Monetization," are not relevant to any issue in the litigation. Defendant further objects to this Request as vague and ambiguous, including insofar as the term "discovery" is vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested. Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Defendant further objects to this Request to the extent that it seeks documents concerning the Coding Change, and is therefore duplicative of Request No. 1. Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

Defendant states that it construes this Request as requesting the same documents as those sought in Request No. 1; accordingly, Defendant reiterates that it will search for and produce the same documents identified with regard to its response to that Request. In response to this Request, Defendant maintains and reasserts its objections and responses to Request No. 1 as if set forth fully herein.

**DOCUMENT REQUEST NO. 4:**

Documents concerning Facebook's identification of the disparities between the auction model used on Facebook and the one used on Instagram while the Coding Change was in effect.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to the Request as overbroad, unduly burdensome, and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including because the auction models used at Instagram are not relevant to any issue in the litigation and because Plaintiff's complaint expressly alleges that "Instagram . . . had a separate auction process." Defendant further objects to this Request as vague and ambiguous, including insofar as the terms "identification" and "disparities" are vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested. Defendant further objects to this Request to the extent that it assumes the existence of

12

facts that do not exist or the occurrence of events that did not take place. Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

On the basis of the foregoing General and Specific Objections, Defendant will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 5:**

All Documents and Communications regarding Facebook's efforts to investigate and correct the impact resulting from the Coding Change, including but not limited to the pricing experiments run in the third quarter of 2017 as described in ¶45 of the Complaint and any similar experiments during the Relevant Time Period.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to the Request as overbroad, unduly burdensome, and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including because any "experiments" regarding the auction model are not relevant to any issue in the litigation. Defendant further objects to this Request as vague and ambiguous, including insofar as the terms "investigate" and "correct" are vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested. Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 4 and Request No. 20. Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

Defendant states that it construes this Request as requesting the same documents as those sought in Request No. 1; accordingly, Defendant reiterates that it will search for and produce the same documents identified with regard to its response to that Request. In response to this

Request, Defendant maintains and reasserts its objections and responses to Request No. 1 as if set forth fully herein.

**DOCUMENT REQUEST NO. 6:**

All Documents and Communications concerning the revenue impact to Facebook resulting from the Coding Change.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as overbroad, unduly burdensome, and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case.  Defendant further objects to this Request as vague and ambiguous, including insofar as the term "revenue impact" is vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested.  Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 8 and Request No. 9.  Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

On the basis of the foregoing General and Specific Objections, Defendant will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 7:**

Documents concerning the experiments concerning the Coding Change, including experiments run to identify and undo the Coding Change, including those referred to as v3711 "fix-start-position-in-auction," and any similar experiments run to determine the impact of the Coding Change.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as

14

overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including because any "experiments concerning the Coding Change" are not relevant to any issue in the litigation. Defendant further objects to this Request as vague and ambiguous, including insofar as the term "experiments" is vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested. Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

Defendant states that it construes this Request as requesting the same documents as those sought in Request No. 1; accordingly, Defendant reiterates that it will search for and produce the same documents identified with regard to its response to that Request. In response to this Request, Defendant maintains and reasserts its objections and responses to Request No. 1 as if set forth fully herein.

**DOCUMENT REQUEST NO. 8:**

Documents sufficient to identify the impact on the price paid or amount spent by Advertisers as a result of the Coding Change.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case. Defendant further objects to this Request as vague and ambiguous, including insofar as the term "impact" is vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested. Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 6 and Request No. 9.

Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

Subject to and without waiver of the foregoing General and Specific Objections, and subject to the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search proportional to the needs of the case and produce documents or data sufficient to show the price paid or amount spent by Plaintiff for advertising on Facebook during the Relevant Time Period.

**DOCUMENT REQUEST NO. 9:**

Documents sufficient to quantify the revenue impact to Facebook as a result of the Coding Change for each quarterly and annual period from January 1, 2013, to December 31, 2018.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case.  Defendant further objects to this Request as vague and ambiguous, including insofar as the term "revenue impact" is vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested.  Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 6 and Request No. 8.  Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

On the basis of the foregoing General and Specific Objections, Defendant will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 10:**

Documents concerning Facebook's intent and understanding of the Auction Process used to determine the placement and price charged to winning ads on Facebook prior to the Coding Change, i.e., the Auction Process sometimes internally referred to at Facebook as the modified VCG auction, including any policy, guidelines, code, or other documentation evidencing the Auction Process. This Request seeks Documents from the time period beginning on January 1, 2012 through December 31, 2013.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as over-broad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including because Defendant's "intent and understanding" of the auction process are not relevant to any issue in the litigation.  Defendant further objects to this Request as vague and ambiguous, including insofar as the terms "intent" and "understanding" are vague and ambiguous such that Defendant cannot ascertain with reason-able certainty what is being requested.  Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doc-trine, or any other applicable privilege, protection, exemption, or immunity.

On the basis of the foregoing General and Specific Objections, Defendant will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 11:**

Documents concerning Facebook's public statements about the modified VCG Auction mechanism used on Facebook, including as published on Facebook's website, statements made to Advertisers, to academics, and in the media, including as described in ¶16 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as over-broad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including because Defendant's extra-contractual statements are not relevant to any issue in the litigation.  Defendant further objects to this Request to the extent it asserts that ¶ 16 of the Complaint describes public statements made by Facebook.  Defendant further objects to this Request to the extent that this Request on its face seeks documents that are equally available to Plaintiff because they are in the public domain.  Defendant further objects to this Request to the extent that it seeks information that is not within Defendant's possession, custody, or control.  Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 12, Request No. 14, and Request No. 15.  Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

On the basis of the foregoing General and Specific Objections, Defendant will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 12:**

Documents sufficient to identify all standard or form contracts between Facebook and Advertisers governing the placement of advertisements on Facebook, including any web pages or other Documents that define the terms of the agreements between Facebook and Advertisers.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as over-broad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including to the extent it seeks documents

18

unrelated to Plaintiff.  Defendant further objects to this Request to the extent that this Request seeks documents that are equally available to Plaintiff, including because they are in the public domain.  Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 11, Request No. 14, and Request No. 15.  Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

Subject to and without waiver of the foregoing General and Specific Objections, and subject to the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search proportional to the needs of the case and produce documents sufficient to show the contractual agreements between Facebook and Plaintiff during the Relevant Time Period.

**DOCUMENT REQUEST NO. 13:**

Documents sufficient to identify the "tracking mechanisms" used to determine the amount that Advertisers owe to Facebook as described in Facebook's "Statement of Rights and Responsibilities," Facebook's "Self-Service Ad Terms," and "Payment Terms," including as described in ¶53 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including to the extent it seeks documents unrelated to Plaintiff and unrelated to any promise that Defendant allegedly made to Plaintiff.  Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 1.  Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

On the basis of the foregoing General and Specific Objections, Defendant will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 14:**

All versions of Facebook's "Statement of Rights and Responsibilities" during the Relevant Period, as well as all webpages incorporated or referenced therein, including all hyperlinked documents, including as described in ¶¶53-56 of the Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as over-broad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including to the extent it seeks documents unrelated to Plaintiff.  Defendant further objects to this Request to the extent that this Request seeks documents that are equally available to Plaintiff, including because they are in the public domain.  Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 11, Request No. 12, and Request No. 15.  Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

Subject to and without waiver of the foregoing General and Specific Objections, and subject to the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search proportional to the needs of the case and produce documents sufficient to show the contractual agreements between Facebook and Plaintiff during the Relevant Time Period.

**DOCUMENT REQUEST NO. 15:**

All versions of the "Payment Terms," "Self-Service Ad Terms," "How ad billing works on Facebook," the "Facebook Ads Help Center," "About Ad Auctions," and all other webpages describing Facebook's Ad Auction Process that were published by Facebook or were otherwise operative during the Relevant Period, as well as all webpages incorporated or referenced therein, including all hyperlinked documents, including as described in ¶¶53-56 of the Complaint.

20

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as over-broad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including to the extent it seeks documents unrelated to Plaintiff.  Defendant further objects to this Request to the extent that this Request seeks documents that are equally available to Plaintiff, including because they are in the public domain.  Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 11, Request No. 12, and Request No. 14.  Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

Subject to and without waiver of the foregoing General and Specific Objections, and subject to the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search proportional to the needs of the case and produce documents sufficient to show the contractual agreements between Facebook and Plaintiff during the Relevant Time Period, as well as the other webpages specified in the Complaint.

**DOCUMENT REQUEST NO. 16:**

All Documents concerning Facebook's consideration of whether to inform Advertisers or Facebook investors about the Coding Change or its impact on the amounts paid or spent by Advertisers. This Request seeks Documents from the beginning of the Relevant Period through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as over-broad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including because Defendant's "consideration" of whether to "inform" certain individuals of the supposed Coding Change is not relevant

21

to any issue in the litigation.  Defendant further objects to this Request to the extent it seeks documents outside of the time period relevant to Plaintiff's claims.  Defendant further objects to this Request as vague and ambiguous, including insofar as the term "consideration" is vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested.  Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

On the basis of the foregoing General and Specific Objections, Defendant will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 17:**

Documents sufficient to identify all individuals involved in discussions concerning whether to inform Advertisers or Facebook investors concerning the Coding Change or its impact on the amounts paid by Advertisers.  This Request seeks Documents from the beginning of the Relevant Period through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including because any supposed "discussions" of whether to "inform" certain individuals of the supposed Coding Change are not relevant to any issue in the litigation.  Defendant further objects to this Request as overly burdensome because it seeks documents outside of the time period relevant to Plaintiff's claims.  Defendant further objects to this Request as vague and ambiguous, including insofar as the term "discussions" is vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested.  Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place.

22

Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 18. Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

On the basis of the foregoing General and Specific Objections, Defendant will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 18:**

Documents sufficient to identify all individuals involved in discussions concerning whether to repay or otherwise compensate Advertisers for overcharges resulting from the Coding Change.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to the Request as over-broad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including because any supposed "discussions" of whether to make hypothetical "repay[ments]" to "Advertisers" are not relevant to any issue in the litigation. Defendant further objects to this Request as vague and ambiguous, including insofar as the term "discussions" is vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested. Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 17. Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

On the basis of the foregoing General and Specific Objections, Defendant will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 19:**

All Documents and Communications relating to Facebook's attempt to remove or erase prior public statements regarding the auction mechanism used to fill advertisement space on Facebook following the discovery of the Coding Change. This Request seeks Documents from the time period beginning on January 1, 2016 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including because Defendant's supposed public statements are not relevant to any issue in the litigation, and including because Defendant's extra-contractual statements are not relevant to any issue in the litigation.  Defendant further objects to this Request as overly burdensome because it seeks documents outside of the time period relevant to Plaintiff's claims.  Defendant further objects to this Request as vague and ambiguous, including insofar as the term "attempt" is vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested.   Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

On the basis of the foregoing General and Specific Objections, Defendant will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 20:**

All Documents and Communications regarding Facebook's "slow rollout" of the fix to the Coding Change whereby the change from a Blended Price Auction to a Second Price Auction initially only applied to a small percentage of Advertisers, as described ¶¶48-51 of the Complaint.

24

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case. Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place. Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 4 and Request No. 5. Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

Defendant states that it construes this Request as requesting the same documents as those sought in Request No. 22; accordingly, Defendant reiterates that it will search for and produce the same documents identified with regard to its response to that Request. In response to this Request, Defendant maintains and reasserts its objections and responses to Request No. 22 as if set forth fully herein.

**DOCUMENT REQUEST NO. 21:**

Documents sufficient to identify the date the Coding Change was implemented and the date it began to impact the results of Facebook's auctions.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case. Defendant further objects to this Request as vague and ambiguous, including insofar as the terms "implemented" and "results" are vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested. Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 1 and Request No. 22. Defendant further objects to this Request

to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

Defendant states that it construes this Request as requesting the same documents as those sought in Request No. 1; accordingly, Defendant reiterates that it will search for and produce the same documents identified with regard to its response to that Request. In response to this Request, Defendant maintains and reasserts its objections and responses to Request No. 1 as if set forth fully herein.

**DOCUMENT REQUEST NO. 22:**

Documents sufficient to identify the date the "slow rollout" described in ¶¶48-51 was both initiated and completed, i.e., the date the impact of the Coding Change was introduced and the date it was eliminated from Facebook's Auction Process.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case. Defendant further objects to this Request as vague and ambiguous, including to the extent that the terms "implemented" and "results" are vague and ambiguous such that Defendant cannot ascertain with reasonable certainty what is being requested. Defendant further objects to this Request to the extent that it is duplicative of other Requests, including Request No. 1 and Request No. 21. Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

Subject to and without waiver of the foregoing General and Specific Objections, and subject to the entry of a protective order and ESI protocol, Defendant will conduct a reasonable search proportional to the needs of the case and produce documents sufficient to show whether there were code changes in or around 2017 that pertained to the calculation of the price paid by

advertisers that submitted winning bids in certain auctions for advertising on Facebook, what any such changes entailed, and when any such changes occurred.

**DOCUMENT REQUEST NO. 23:**

All Documents and Communications concerning deliberations of Facebook's Finance and Executive team regarding the Coding Change, including deliberations concerning publicly disclosing the quantified impact of the Coding Change or the Coding Change itself. This Request seeks Documents from the beginning of the Relevant Time Period through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as over-broad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case, including because Defendant's "delibera-tions" about the Coding Change are not relevant to any issue in the litigation.  Defendant further objects to this Request to the extent that it assumes the existence of facts that do not exist or the occurrence of events that did not take place.  Defendant further objects to this Request as unduly burdensome insofar as it seeks documents outside of the time period relevant to Plaintiff's claims.  Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

On the basis of the foregoing General and Specific Objections, Defendant will not search for or produce documents in response to this Request.

**DOCUMENT REQUEST NO. 24:**

To the extent not responsive to another Request, all Documents identified in Your Rule 26(a)(1) disclosures.

**RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein.  Defendant objects to the Request as over-broad and unduly burdensome.  Defendant further objects to this Request to the extent it imposes

27

obligations beyond what is required by the Federal Rules of Civil Procedure. Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

Subject to and without waiver of the foregoing General and Specific Objections, Defendant states that there are no such documents.

**DOCUMENT REQUEST NO. 25:**

Documents sufficient to show Facebook's policies or procedures concerning the retention or destruction of documents, including the retention of electronic communications and any actions taken or procedures for the storage, transmission, retention, archiving, retrieval, maintenance, or back-up of emails, text messages, SMS messages, communications platforms and end-to-end encrypted communications applications (i.e., any Facebook applications, Signal, Telegram, WhatsApp, etc.), voice messages or other documents and data potentially applicable to the claims asserted in this case, and all documents concerning any potential or actual violation of those policies.

**RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant incorporates the foregoing General Objections, Objections to Definitions, and Objections to Instructions as if fully set forth herein. Defendant objects to the Request as overbroad, unduly burdensome, ambiguous and seeking information that is not relevant to any claims or defenses or proportionate to the needs of the case. Defendant further objects to this Request insofar as this Request improperly seeks discovery on discovery. Defendant further objects to this Request to the extent that it requires the production of documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, protection, exemption, or immunity.

On the basis of the foregoing General and Specific Objections, Defendant will not search for or produce documents in response to this Request.

28

Dated: August 25, 2025

Respectfully submitted,

*/s/ Andrew Yaphe*

James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800

Andrew Yaphe (SBN 274172)
andrew.yaphe@davispolk.com
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

*Counsel for Defendant Meta Platforms, Inc.*

DEF'S RESPONSES AND OBJECTIONS TO PLF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS
CASE NO. 3:25-CV-03281-CRB

## CERTIFICATE OF SERVICE

I hereby certify that I am a citizen of the United States and employed in the County of San Mateo, California.  I am over the age of 18 years and not a party to the within-entitled action.  My business address is Davis Polk & Wardwell LLP, 900 Middlefield Road, Redwood City, California 94063.

On August 25, 2025, I served a true and correct copy of the following document(s) on the parties in the action addressed as follows:

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

☐ (BY OVERNIGHT COURIER) by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered by a FedEx or UPS agent for delivery.

☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) to the email addresses set forth below on this date.

Robert E. Bishop
BISHOP PARTNOY LLP
1717 K Street, NW, Suite 900
Washington, D.C. 200006
Telephone: (512) 796-0151
Email: bobby@bishoppartnoy.com

Jonathan D. Uslaner
BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3470
Email: jonathanu@blbglaw.com

*Attorneys for Plaintiff Iron Tribe Fitness*

Avi Josefson
Michael D. Blatchley
BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Email: Avi@blbglaw.com
        MichaelB@blbglaw.com

*Attorneys for Plaintiff Iron Tribe Fitness*

I declare under penalty of perjury that the above is true and correct.

Executed on August 25, 2025 at Redwood City, California.

/s/ Bruno Silva
Bruno Silva