# Exhibit E

| | |
|---|---|
| **From:** | Avi Mediratta |
| **Sent:** | Monday, September 15, 2025 8:18 PM |
| **To:** | Andrew Yaphe; James P. Rouhandeh |
| **Cc:** | Avi Josefson; Michael Blatchley; Jonathan D. Uslaner; Frank Partnoy; Robert Bishop |
| **Subject:** | Iron Tribe Fitness v. Meta Platforms, Inc. |
| **Attachments:** | Iron Tribe Fitness v. Meta Platforms - Plaintiff's Draft Protective Order - 9-15-25.docx; Iron Tribe Fitness v. Meta Platforms - Plaintiff's Draft ESI Protocol - 9-15-25.docx; Iron Tribe Fitness v. Meta Platforms - List of Proposed Custodians and Sources 9-15-25.docx |

Counsel,

I am writing to follow up on our meet and confer last week.  ***First***, as discussed, we appreciate Defendant's agreement to produce documents in response to Plaintiff's Request No. 1 seeking documents concerning the Coding Change at issue in this case.  *See* Complaint ¶¶34-47.  We dispute Defendant's improper narrowing of the scope of Request No. 1, as well as its refusal to produce documents in response to other Requests that are supposedly "duplicative" of Request No. 1 and would like to set up a time to meet and confer on that this week.

Setting that dispute aside, we understand Defendant agrees, among other things, to produce documents reflecting the Coding Change, and specifically, documents showing whether there "were code changes in or around 2013 that pertained to the calculation of the price paid by advertisers that submitted winning bids in certain auctions for advertising on Facebook, what any such changes entailed, and when any such changes occurred," as set forth in Defendant's Response to Request No. 1.  Based on Defendant's Responses, we understand that in response to Request No. 1, Defendant would also produce the following other categories of documents identified in other requests:

- discussions of the internal identification of the Coding Change and the pricing issues it was causing (Request No. 2);
- documents discussing the Coding Change on the Workplace team groups called "Pay what you bid," "Market Dynamics," and "Facebook Ads Monetization" (Request No. 3);
- pricing experiments run to investigate and correct the Coding Change in the third quarter of 2017 (Request No. 5);
- the experiments to undo the Coding Change referred to as v3711 "fix-start-position-in-auction," (Request No. 7); and
- documents reflecting the date the Coding Change was implemented and began impacting auctions (Request No. 21).

To that end, we have attached a list of custodians and data sources to identify those documents.  We would appreciate your providing us with any additional custodians, data sources, and search terms that should also be used to identify responsive documents, and to promptly collect and produce responsive documents.

***Second***, on our call, we discussed certain of the parties' disagreements on Plaintiff's other requests.  For example, on the call, you stated that, although Defendant's Responses and Objections stated Defendant would not produce any documents in response to 12 of 25 of Plaintif's requests, that

1

was only Defendant's initial position as to those requests. For certain requests, you stated that documents concerning Facebook's internal deliberations regarding the Coding Change and subsequent "slow rollout" were not relevant. We explained that such documents are clearly relevant to the claims and defenses in this case, including because Meta's efforts to conceal its alleged misconduct from advertisers is relevant to Meta's statute of limitations defense. We also pointed out that the requests seek documents reflecting the parties' understanding about how Facebook's auction process worked and was supposed to work during the Class Period, and how Facebook's documents and contracts explained that process, which is plainly relevant to a case centering on whether the auction process worked as it was supposed to.

You also raised concerns about Meta's burden of searching for the documents sought in Plaintiff's requests, and we said that proportionality concerns would be addressed here as they are in most cases by the parties' use of search terms and custodians. You indicated that you would review case law related to the discovery rule and consider our other points.

*Third*, we have attached a draft ESI protocol and protective order. We believe the Court would appreciate our being able to finalize and submit these documents prior to the case management conference on October 3. To that end, please let us know of any comments as soon as you can.

*Fourth*, please send us any comments to the draft joint case management submission we sent you on June 30. As a reminder, we are required to submit that by September 29.

Please let us know your availability this week to meet and confer. Plaintiff reserves all rights and waives none.

Best,

**Avi Mediratta** (he/him)
Associate
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas | New York, NY 10020
Office: (212) 554-1484 | Cell: (407) 421-3824
avi.mediratta@blbglaw.com

*Iron Tribe Fitness v. Meta Platforms, Inc.*
Plaintiff's List of Proposed Initial Custodians and Data Sources

**Proposed Initial Custodians**

1. Ajay Puri, Engineering Manager
2. Ajay Ravindran, Software Engineer
3. Anand Bhalgat, Software Engineer
4. Beth Schaffer, Data Scientist
5. Brad Smallwood, Vice President of Marketing Science
6. Brian Lan, Software Engineer
7. Carolyn Everson, Vice President of Global Business Group
8. Chandrashekhar Nagarajan, Engineering Manager
9. Chinmay Karande, Engineering Director
10. Christine Turner, Global Director of Marketing Science – Measurement & Auction Delivery Science
11. Darshan Kantak, Vice President (Product) of Ads at Facebook
12. David Fischer, Vice President, Chief Revenue Officer
13. David Fong, Software Engineer
14. Eric Sodomka, Researcher
15. Haomin Yu, Software Engineer
16. JD Maturen, Engineering Manager
17. Kurt Runke, Director of Auction and Delivery Science
18. Leo Li, Software Engineer
19. Li Zhang, Software Engineer
20. Mark Zuckerberg, Chairman, Chief Executive Officer, controlling shareholder
21. Matthew Feldman, Data Scientist
22. Nicolas Stier, Researcher
23. Ning Li, Vice President (Engineering) of Ads
24. Okke Schivers, Researcher
25. Perry Green, Software Engineer
26. Ramnik Arora, Data Science Manager
27. Riccardo Colini, Researcher
28. Shailja Sharma, Researcher
29. Sheryl Sandberg, Chief Operating Officer
30. Shyam Rajaram, Software Engineer
31. Sid Banothu, Product Manager
32. Susan Li, Chief Financial Officer of Facebook
33. Yuanjing Zhang, Software Engineer

**Proposed Initial Data Sources**

- Email
- Facebook Workplace Groups used by custodians, including "Pay what you bid," "Market Dynamics," and "Facebook Ads Monetization."
- All messaging communications, including Facebook/Meta Workplace Chat, WhatsApp, and any other text and messaging platforms containing potentially responsive documents.
- Shared drives and any other sources where custodians stored potentially responsive documents.

*Iron Tribe Fitness v. Meta Platforms, Inc.*
Plaintiff's List of Proposed Initial Custodians and Data Sources

- Source code management system and any other data sources containing historical source code or logs of code changes.
- QRT, BQRT, and any other platforms used for engineering experimentation.