# Exhibit G

| | |
|---|---|
| **From:** | Michael Blatchley |
| **Sent:** | Wednesday, December 10, 2025 4:49 PM |
| **To:** | Yaphe, Andrew; Rouhandeh, James P. |
| **Cc:** | Avi Josefson; Frank Partnoy; Robert Bishop; Tal Avrhami; Kaufman, Kyra Macy |
| **Subject:** | RE: Iron Tribe Fitness v. Meta Platforms, Inc. |

Andrew,

Your email misstates the record, which is clearly set forth in our correspondence.  The facts are that Defendant agreed to produce documents in response to our requests in September; we provided you with search terms, custodians and data sources that can be used to identify those documents for review and production; and we have since repeatedly asked for a meet and confer to advance the production of those documents.  It is now the second week of December, and Facebook has not produced a single document and has refused to discuss this discovery.  This is improper.

Your suggestion that Defendant has the option to somehow "stage" discovery based on Plaintiff's amended complaint is also incorrect.  As you know, the Court previously denied Defendant's motion for a stay.  Thus, engaging in improper self-help by refusing to meet and confer or producing discovery Facebook agreed is responsive to Plaintiff's requests not only violates Defendant's obligations under Federal Rules 34 and 37 and the Local Rules but Judge Breyer's order denying a stay.  Again, please let us know of a date and time this week when you can meet and confer.

As for the ESI protocol and Protective Order, we originally provided you drafts of these documents in September but you disregarded them and sent back totally re-written versions in October.  As reflected in the edits we sent you in November, Facebook's drafts included numerous objectionable provisions, including many Facebook and your law firm have agreed to remove in pending cases where my firm serves as opposing counsel.  We were hopeful Facebook's recent agreements on the language for such standard documents in other cases could make our discussions here more efficient.  We are available to discuss those documents as well.

Kind regards,
Mike

Michael D. Blatchley
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, New York 10020
Direct Dial: (212) 554-1281
Mobile:  (917) 604-9922
Facsimile: (212) 554-1444
Email: michaelb@blbglaw.com

NOTICE

This email message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or constitutes attorney work product.  If you are not the intended recipient, you are hereby notified that any

1

dissemination, distribution or copying of this email and any attachment(s) is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to this email and delete the message and any attachment(s) from your system.  Thank you.

---

**From:** Yaphe, Andrew <andrew.yaphe@davispolk.com>
**Sent:** Monday, December 8, 2025 10:41 PM
**To:** Michael Blatchley <MichaelB@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

**[This message is from an external sender]**

---

Counsel,

As you are aware, you sent a number of messages shortly before Thanksgiving regarding a number of discovery issues that the parties had not discussed in months, including because the Court dismissed plaintiff's complaint in the interim.  We promptly wrote back after the holiday to note the fact that in light of the timing of your messages, we had not yet been able to discuss with our client—but would be following up as soon as possible.  Your email's suggestion that this somehow reflects a "refusal" to "engage cooperatively in discovery" is unfounded.  To the extent your email suggests that there is anything improper about the fact that defendant has not yet begun production of documents, the suggestion is likewise unfounded because the parties are still negotiating an ESI protocol and the other threshold discovery documents—which, again, defendant circulated proposed drafts of on October 1, though plaintiff did not respond for nearly two months.

In light of the Court's dismissal of plaintiff's complaint, its explanation of that complaint's deficiencies, and the amendments that plaintiff subsequently made, we have been considering what the next stage of discovery should consist of.  We anticipate sharing a proposal regarding that next stage with plaintiff in the coming days.  We will of course be happy to meet and confer regarding the proposal after you have reviewed it.

**Andrew Yaphe**

**Davis Polk & Wardwell** LLP
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

---

**From:** Michael Blatchley <MichaelB@blbglaw.com>
**Sent:** Friday, December 5, 2025 2:40 PM
**To:** Yaphe, Andrew <andrew.yaphe@davispolk.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

Andrew,

We asked you for a meet and confer concerning Plaintiff's discovery requests a week-and-a-half ago, and you have still not provided any availability.  As you know, we served our discovery requests four months ago, in July, met and conferred twice in September, and we have provided you with proposed search terms, custodians, and data

2

sources.  Further, as set forth in our September 30 correspondence, Defendant agreed to produce documents in response to numerous of Plaintiff's requests as the parties continue negotiate others.  Yet, Defendant has not produced a single document.  Defendant's refusal to provide dates for a meet and confer or otherwise engage cooperatively in discovery is prejudicial to Plaintiff and contrary to the Local Rules.

Please provide us with dates next week when you are available to discuss Plaintiff's requests.

Kind regards,
Mike

Michael D. Blatchley
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, New York 10020
Direct Dial: (212) 554-1281
Mobile:  (917) 604-9922
Facsimile: (212) 554-1444
Email: michaelb@blbglaw.com

NOTICE

This email message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or constitutes attorney work product.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email and any attachment(s) is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to this email and delete the message and any attachment(s) from your system.  Thank you.

**From:** Yaphe, Andrew <andrew.yaphe@davispolk.com>
**Sent:** Wednesday, December 3, 2025 12:21 AM
**To:** Michael Blatchley <MichaelB@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

**[This message is from an external sender]**

Counsel,

I am writing in response to the several emails you sent on the Tuesday afternoon before Thanksgiving.  As you know, those emails proposed revisions to draft orders that we sent you two months ago, in addition to raising other discovery issues that the parties had not discussed for several months as well as entirely new issues.  In light of the timing of your correspondence just before the holiday, we were unable to discuss with our client last week.  We will follow up on the various topics as soon as possible.

**Andrew Yaphe**

**Davis Polk & Wardwell** LLP
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

**From:** Michael Blatchley <MichaelB@blbglaw.com>
**Sent:** Tuesday, November 25, 2025 10:55 AM
**To:** Yaphe, Andrew <andrew.yaphe@davispolk.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Marzorati, Luca <luca.marzorati@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

Counsel,

Attached please find Plaintiff's proposed revisions to the draft ESI Protocol, protective order and 502(d) order in both clean and as a redline to the drafts circulated below.  As you will see, we have proposed changes that Meta and our two firms have agreed to in other cases in this District, and have made other appropriate edits.  We would like to finalize these as soon as possible and move discovery forward; as always, we would be happy to discuss.

Best,
Mike

Michael D. Blatchley
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, New York 10020
Direct Dial: (212) 554-1281
Mobile:  (917) 604-9922
Facsimile: (212) 554-1444
Email: michaelb@blbglaw.com

NOTICE

This email message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or constitutes attorney work product.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email and any attachment(s) is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to this email and delete the message and any attachment(s) from your system.  Thank you.

**From:** Yaphe, Andrew <andrew.yaphe@davispolk.com>
**Sent:** Wednesday, October 1, 2025 11:31 PM
**To:** Avi Mediratta <Avi.Mediratta@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Michael Blatchley <MichaelB@blbglaw.com>; Jonathan D. Uslaner <JonathanU@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Marzorati, Luca <luca.marzorati@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

**[This message is from an external sender]**

As discussed during our meet-and-confer call last Thursday, and as noted in our email below, attached are Meta's proposed ESI protocol, protective order, and 502(d) order.

Separately, we are in receipt of the email you sent last night regarding other topics and will follow up as to it.

**Andrew Yaphe**

**Davis Polk & Wardwell** LLP
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

**From:** Yaphe, Andrew
**Sent:** Wednesday, September 17, 2025 7:46 PM
**To:** Avi Mediratta <Avi.Mediratta@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Michael Blatchley <MichaelB@blbglaw.com>; Jonathan D. Uslaner <JonathanU@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Marzorati, Luca <luca.marzorati@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

Counsel,

I write in response to your September 15 email.

As a preliminary matter, your email misstates what was discussed during our September 9 meet-and-confer call. We did not discuss defendant's responses and objections to Request Nos. 1, 2, 3, 5, 7, or 21. Your email's suggestion to the contrary is unfounded. We of course will be happy to meet and confer with you regarding defendant's written responses and objections to those requests.

As you know, the primary topic of discussion during the September 9 meet-and-confer was plaintiff's numerous requests that seek information about Facebook's internal discussions and deliberations. We explained that such discovery is not relevant to the claims and defenses in this litigation, in light of the specific claims brought by plaintiff (and as explained in defendant's written responses and objections). During the call, you asserted that such requests were relevant to plaintiff's invocation of the discovery rule in an effort to toll its otherwise time-barred claims. However, as we explained, the discovery rule turns on a *plaintiff's* own diligence, which means that requests seeking information about a *defendant's* internal deliberations are not relevant. In response, you claimed that cases cited in your opposition brief to the motion to dismiss showed that discovery into a defendant's internal deliberations is relevant under the discovery rule, and we said that we would review those cases with your assertion in mind. But none of them hold—or even suggest—that the type of discovery sought here by plaintiff is relevant. To the contrary, to the extent those cases say anything about the appropriate scope of discovery in connection with a plaintiff's invocation of the discovery rule, they show that the pertinent question is in fact whether the *plaintiff* exercised reasonable diligence. *See, e.g.*, *Apr. Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 833 (Cal. Ct. App. 1983) (the "ultimate question is whether [plaintiff] exercised reasonable diligence"); *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 405 (1999) (relevant question is when plaintiff "came at least to suspect, or have reason to suspect, a factual basis for their elements"). If plaintiff has any authority for its position that a defendant's internal deliberations are relevant to the application of the discovery rule, please provide it and we will review.

Finally, we will review the other materials you provided in attachments to your September 15 email. As discussed on the September 9 call, we have also been working on drafts of an ESI protocol and protective order that we are aiming to share with you in the near future. We will also follow up with a draft of the joint case management statement, which we understand to be due on September 26, not September 29. *See* Dkt. No. 31.

We will follow up regarding our availability for a further meet and confer regarding defendant's responses and objections to the RFPs.

**Andrew Yaphe**

**Davis Polk & Wardwell** LLP

+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

---

**From:** Avi Mediratta <Avi.Mediratta@blbglaw.com>
**Sent:** Monday, September 15, 2025 5:18 PM
**To:** Yaphe, Andrew <andrew.yaphe@davispolk.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Michael Blatchley <MichaelB@blbglaw.com>; Jonathan D. Uslaner <JonathanU@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>
**Subject:** Iron Tribe Fitness v. Meta Platforms, Inc.

Counsel,

I am writing to follow up on our meet and confer last week. ***First***, as discussed, we appreciate Defendant's agreement to produce documents in response to Plaintiff's Request No. 1 seeking documents concerning the Coding Change at issue in this case. *See* Complaint ¶¶34-47. We dispute Defendant's improper narrowing of the scope of Request No. 1, as well as its refusal to produce documents in response to other Requests that are supposedly "duplicative" of Request No. 1 and would like to set up a time to meet and confer on that this week.

Setting that dispute aside, we understand Defendant agrees, among other things, to produce documents reflecting the Coding Change, and specifically, documents showing whether there "were code changes in or around 2013 that pertained to the calculation of the price paid by advertisers that submitted winning bids in certain auctions for advertising on Facebook, what any such changes entailed, and when any such changes occurred," as set forth in Defendant's Response to Request No. 1. Based on Defendant's Responses, we understand that in response to Request No. 1, Defendant would also produce the following other categories of documents identified in other requests:

- discussions of the internal identification of the Coding Change and the pricing issues it was causing (Request No. 2);
- documents discussing the Coding Change on the Workplace team groups called "Pay what you bid," "Market Dynamics," and "Facebook Ads Monetization" (Request No. 3);
- pricing experiments run to investigate and correct the Coding Change in the third quarter of 2017 (Request No. 5);
- the experiments to undo the Coding Change referred to as v3711 "fix-start-position-in-auction," (Request No. 7); and
- documents reflecting the date the Coding Change was implemented and began impacting auctions (Request No. 21).

To that end, we have attached a list of custodians and data sources to identify those documents. We would appreciate your providing us with any additional custodians, data sources, and search terms that should also be used to identify responsive documents, and to promptly collect and produce responsive documents.

***Second***, on our call, we discussed certain of the parties' disagreements on Plaintiff's other requests. For example, on the call, you stated that, although Defendant's Responses and Objections stated Defendant would not produce any documents in response to 12 of 25 of Plaintif's requests, that was only Defendant's initial position as to those requests. For certain requests, you stated that documents concerning Facebook's internal deliberations regarding the Coding Change and subsequent

"slow rollout" were not relevant.  We explained that such documents are clearly relevant to the claims and defenses in this case, including because Meta's efforts to conceal its alleged misconduct from advertisers is relevant to Meta's statute of limitations defense.  We also pointed out that the requests seek documents reflecting the parties' understanding about how Facebook's auction process worked and was supposed to work during the Class Period, and how Facebook's documents and contracts explained that process, which is plainly relevant to a case centering on whether the auction process worked as it was supposed to.

You also raised concerns about Meta's burden of searching for the documents sought in Plaintiff's requests, and we said that proportionality concerns would be addressed here as they are in most cases by the parties' use of search terms and custodians.  You indicated that you would review case law related to the discovery rule and consider our other points.

***Third***, we have attached a draft ESI protocol and protective order.  We believe the Court would appreciate our being able to finalize and submit these documents prior to the case management conference on October 3.  To that end, please let us know of any comments as soon as you can.

***Fourth***, please send us any comments to the draft joint case management submission we sent you on June 30.  As a reminder, we are required to submit that by September 29.

Please let us know your availability this week to meet and confer. Plaintiff reserves all rights and waives none.

Best,

**Avi Mediratta** (he/him)
Associate
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas | New York, NY 10020
Office: (212) 554-1484 | Cell: (407) 421-3824
avi.mediratta@blbglaw.com