# Exhibit H

| | |
|---|---|
| **From:** | Yaphe, Andrew <andrew.yaphe@davispolk.com> |
| **Sent:** | Thursday, January 22, 2026 10:05 PM |
| **To:** | Michael Blatchley; Tal Avrhami; Rouhandeh, James P. |
| **Cc:** | Avi Josefson; Frank Partnoy; Robert Bishop; Kaufman, Kyra Macy |
| **Subject:** | RE: Iron Tribe Fitness v. Meta Platforms, Inc. |

**[This message is from an external sender]**

Counsel,

We write regarding the topic of focused discovery.  As discussed on our prior call and in previous emails, in Judge Breyer's ruling granting defendant's motion to dismiss, Judge Breyer explained that the complaint failed to state any claim because it did not identify any "provision of the contract [that] was breached" and further explained that "whether the case moves forward" would depend on whether plaintiff would be able, in its amended complaint, to identify any such contractual provision.  Accordingly, we explained that it would be disproportionate to the needs of this litigation for discovery on anything *other* than those underlying contracts between Facebook and plaintiff to proceed until the Court has determined whether plaintiff has identified any such contractual provision.  During the meet and confer call we had on this topic, the parties had an initial discussion of the parameters for such focused discovery.  Defendant continues to believe that such focused discovery is what is appropriate to this stage of the case in light of Judge Breyer's ruling.  Accordingly, defendant is collecting the relevant contractual materials and aims to begin rolling productions of those materials in the near future.  Indeed, to avoid any delay, defendant is willing to begin producing such materials to plaintiff *notwithstanding* that a protective order and ESI protocol have not yet been entered.

Once those materials have been produced and plaintiff has reviewed them, we will be happy to confer regarding whether plaintiff believes further discovery is appropriate, as well as the scope of any such discovery, prior to the Court's forthcoming ruling on whether the amended complaint has identified any contractual provision that was breached (and thus, whether the case will move forward).  Until plaintiff has reviewed those materials, we believe that any such discussion of further discovery would be premature— including, necessarily, any discussion of whether custodial discovery is warranted at this phase of the litigation (and if it were, which custodians would be appropriate).

**Andrew Yaphe**

**Davis Polk & Wardwell** LLP
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

---

**From:** Yaphe, Andrew
**Sent:** Friday, January 16, 2026 2:30 PM
**To:** Michael Blatchley <MichaelB@blbglaw.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

Counsel,

Following up on the emails below as they pertain to the topic of focused discovery:  We are continuing to discuss the topic with our client and plan on getting back to plaintiff regarding defendant's position next week.

**Andrew Yaphe**

**Davis Polk & Wardwell** LLP
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

**From:** Michael Blatchley <MichaelB@blbglaw.com>
**Sent:** Tuesday, January 13, 2026 8:17 AM
**To:** Yaphe, Andrew <andrew.yaphe@davispolk.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

Counsel,

We thank you for the warm wishes and hope you and your families had a nice holiday as well.

We wanted to respond to your January 5 email below.  First, following our meet and confer before the holidays, we requested any edits to the Protective Order, ESI Protocol and 502(d) Order by last Friday, January 9, after you told us you would be able to provide those edits in early January. As you know, it has now been nearly two months since we sent you drafts of these documents incorporating language changes to align them with similar documents agreed to by Defendant and our firm in other litigation.  Please promptly provide any counter edits this week.

Second, as we discussed before the holidays, any unilateral refusal to respond to outstanding Rule 34 discovery requests (including to those Defendant had previously agreed to produce responsive documents) clearly constitutes an improper stay of discovery.  Nevertheless, we agreed to discuss pursuing "focused discovery" under the conditions described in my email below, and look forward to Facebook's response to that this week.

Last, as we have discussed, your retention of Auctionomics after we shared confidential litigation information and strategy with Auctionomics was improper.  Plaintiff continues to be harmed by Facebook's continued work with Auctionomics, and we reserve all rights.

Kind regards,
Mike

Michael D. Blatchley
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas

New York, New York 10020
Direct Dial: (212) 554-1281
Mobile:  (917) 604-9922
Facsimile: (212) 554-1444
Email: michaelb@blbglaw.com

NOTICE

This email message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or constitutes attorney work product.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email and any attachment(s) is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to this email and delete the message and any attachment(s) from your system.  Thank you.

**From:** Yaphe, Andrew <andrew.yaphe@davispolk.com>
**Sent:** Monday, January 5, 2026 11:04 PM
**To:** Michael Blatchley <MichaelB@blbglaw.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

**[This message is from an external sender]**

Counsel,

First, we hope you and your families had a happy and safe holiday season.

We write in response to your December 30 email, which itself followed up on the call we had shortly before Christmas (i.e., on the afternoon of December 23):

*First*, regarding Auctionomics:  On the call, we reiterated our explanation (from our prior correspondence) that plaintiff has not shown that disqualification of Auctionomics is warranted in this matter.  We declined to provide further information regarding our relationship with Auctionomics beyond what we had already informed plaintiff of:  namely, that we did retain Auctionomics in this matter; that they have not provided us any confidential information that plaintiff purportedly provided them; and that defendant has not terminated its relationship with Auctionomics.  We also reiterated our explanation that plaintiff has not made any discovery requests regarding that relationship and declined to provide the further discovery (absent any such request) that plaintiff continues to seek informally as to the relationship.

*Second*, as to the discovery orders noted in your email:  We agreed that the parties should continue to negotiate those orders and submit them to the Court as soon as possible.  To the extent any "prejudice" is being caused by "further delay," as your email suggests, it is of course the case that (as we have discussed) defendant sent proposed drafts of these orders to plaintiff on October 1; but plaintiff did not respond with its mark-ups until almost two months later, and on the eve of the Thanksgiving holiday.  But as you note, we explained that we have been discussing plaintiff's proposed revisions with our client and are aiming to get our further mark-ups of these documents back to plaintiff as soon as is feasible.

*Third*, as set out in our prior emails, we reiterated that defendant is *not* seeking to "stay" discovery—and instead, made a discovery proposal under which defendant would be *providing* discovery to plaintiff (which obviously cannot be reconciled with the suggestion that defendant proposed "staying" discovery).  That said, as your email notes, we agreed on our December 23 call to see whether we could move past that dispute and arrive at an agreement for proceeding with "focus[ed] discovery."  To that end, we agreed that we would discuss with our client whether defendant would be willing to move forward with focused discovery on (a)

3

contractual materials and (b) a limited custodial production focusing on one or more custodians, and that we would aim to follow up with plaintiff regarding that topic by mid-January.


**Andrew Yaphe**

**Davis Polk & Wardwell** LLP
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

---

**From:** Michael Blatchley <MichaelB@blbglaw.com>
**Sent:** Tuesday, December 30, 2025 4:26 PM
**To:** Yaphe, Andrew <andrew.yaphe@davispolk.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

Counsel,

I write to follow up on our December 23, 2025 meet and confer and summarize our discussion below.

*First*, as we discussed, we continue to believe your retention of Auctionomics after we shared our confidential case information about this matter with them is improper and disqualifying.  On our call, you refused to answer any questions about your relationship with Auctionomics, including the timing of your retention of Auctionomics in this case, whether Auctionomics informed you about its experts' discussion with us before you retained them, and when (if ever) Auctionomics' experts disclosed that they had spoken to us about this case to you.  Instead, you repeated the position from Facebook's December 12 letter that you would not share any such information absent a formal discovery request, including after our urging that transparency and information sharing could potentially help resolve our dispute without court intervention.  You also indicated that not only did you not terminate your relationship Auctionomics but were continuing to work with them.  Specifically, when asked whether you had suspended your work with Auctionomics after we raised our concern that Auctionomics faced a disqualifying conflict—in light of the prejudice to us and our client while the dispute remained pending—you refused to answer, indicating work was ongoing.

*Second*, we reiterated the need to promptly finalize the Protective Order, ESI Protocol, and Rule 502(d) Order and the prejudice caused by further delay.  You said that your client was not available over the holidays but expected to provide edits to those documents in early January.  Please provide any edits to these documents by January 9.

*Third*, we explained Facebook's unilateral refusal to respond to outstanding Rule 34 document requests (including after previously agreeing to produce documents in response to numerous of those requests) amounted to an improper stay of discovery.  We pointed out that Judge Breyer previously denied Facebook's motion for a stay, that Facebook had not made any motion to seek relief from Judge Breyer's order or filed any new stay request, and that Facebook's request to "stage" discovery was improper self-help.  Nevertheless, in an effort move discovery forward, we discussed the possibility of focusing discovery, as an initial matter, on a subset of custodians and the production of "off-the-shelf" documents (such as prior iterations of Facebook's website, presentations given by Facebook employees concerning the VCG auction process, and similar documents referenced in the complaint) that Facebook could produce immediately.  You said that you would discuss this approach with your client and provide a response within the first two weeks of January.  We explained that,

4

from Plaintiff's perspective, any initial "focused" discovery would require a full collection, review and production of custodial documents from a subset of custodians, and that we need Facebook's agreement on that basic point for this approach to be workable.  To that end, please let us know as soon as possible as to whether Facebook will agree to such "focused" discovery (including custodial document collections) and by no later than January 16.

As always, we are available to discuss if it would be helpful to confer. We reserve all rights and waive none.

I hope you all have a nice New Years.

Kind regards,
Mike


Michael D. Blatchley
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, New York 10020
Direct Dial: (212) 554-1281
Mobile:  (917) 604-9922
Facsimile: (212) 554-1444
Email: michaelb@blbglaw.com

NOTICE

This email message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or constitutes attorney work product.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email and any attachment(s) is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to this email and delete the message and any attachment(s) from your system.  Thank you.

**From:** Yaphe, Andrew <andrew.yaphe@davispolk.com>
**Sent:** Monday, December 22, 2025 1:40 PM
**To:** Tal Avrhami <Tal.Avrhami@blbglaw.com>; Michael Blatchley <MichaelB@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

**[This message is from an external sender]**

Counsel,

We are following up in response to your December 18 email below.

We appreciate that your email appears to acknowledge the correct legal standard—which, again, plaintiff itself identified in its original November 25 correspondence on this issue.  I.e., disqualification is only warranted if "(1) the adversary had a confidential relationship with the expert and (2) the adversary disclosed confidential information to the expert that is relevant to the current litigation."  Plaintiff's Nov. 25 Ltr. at 3 (quoting *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092-93 (N.D. Cal. 2004)).  But what your email continues to fail to recognize is that courts in the Northern District (including *Hewlett-Packard* itself) have found—on precisely the same facts as plaintiff purports to be true here—that it was not objectively reasonable for the movant to believe that a confidential relationship existed on the basis of precisely the type of "one-hour

conversation" plaintiff contends took place between plaintiff's counsel and Auctionomics. *Hewlett-Packard*, 330 F. Supp. 2d at 1096. Indeed, just last month, Judge Illston reached the identical conclusion based on comparable factual allegations. *See Delgado v. Meta Platforms, Inc.*, 2025 WL 3251621, at *4 (N.D. Cal. Nov. 21, 2025) (denying motion to disqualify expert). As the court explained, it "strain[ed] credulity" that the moving party had "divulged privileged and confidential information that it would not have shared if it had known [the expert] had a conflict" in a "thirty-minute call with a non-retained expert" with whom it "had no preexisting relationship." *Id.* And as the court went on to explain, because it had "found that [the moving party] has not met the confidential relationship test," it did not "need [to] analyze whether" the moving party had demonstrated the disclosure of confidential information. *Id.* at *5.

The caselaw cited in your December 18 email does not alter that analysis. In *Rocha v. Ford Motor Company*, it appears to have been undisputed that the disqualified individual had a "confidential relationship" with the moving party (Ford) because "while employed at Ford, [that individual] was Ford's representative at [an early neutral evaluation conference in the litigation] and was engaged in an attorney-client relationship with Ford's counsel of record in the case," months before the non-movant attempted to name the expert in her witness disclosure. 2025 WL 3527150, at *4, *2 (S.D. Cal. Dec. 9, 2025). Thus, because an "attorney client relationship involves a confidential relationship," the court found that a "confidential relationship existed." *Id.* at *4. That is obviously far afield from the facts asserted by plaintiff here. And in *Cooper v. Quora*, the moving party executed a "retention letter" with the disqualified expert that included "a confidentiality agreement." 2020 WL 7408231, at *1 (N.D. Cal. July 15, 2020); *see also Delgado*, 2025 WL 3251621, at *4 (explaining that *Cooper* was inapposite because the expert had been "formally retained by the defendant and subsequently retained by the plaintiff in the same case"). *Shadow Traffic Network v. Superior Court*, of course, is not a federal decision and does not apply the same standard. 24 Cal. App. 4th 1067 (1994). Even there, however, the facts are distinguishable as the moving party had "several conversations" with the expert, including multiple telephone conversations and an hour-long meeting. *Id.* at 1073.

Here, insofar as there was no confidential relationship between plaintiff's counsel and Auctionomics (as shown above and in our prior correspondence on this issue), disqualification is unwarranted. *Compare Cooper*, 2020 WL 7408231, at *2 (finding that the moving party's disclosure of "confidential litigation strategy" to an expert "*after* [the moving party] initiated a confidential relationship with [the expert]" called for disqualification) (emphasis added). Moreover, to the extent your email suggests that there is any pertinence to whether the moving party initially reached out to the expert (or vice versa) in connection with this analysis, it cites no authority in support of that suggestion.

Finally, your email incorrectly states that we have provided "no information about [Meta's] relationship" with Auctionomics. To the contrary: not only have we informed plaintiff of the fact of the relationship itself, but we have (repeatedly) informed you that Auctionomics has not disclosed to us any confidential information purportedly conveyed to it by plaintiff's counsel. To the extent your email is suggesting that Meta is required to provide "discovery" at this juncture regarding its relationship with Auctionomics, the contention is unfounded because plaintiff has not served any discovery requests related to that relationship. Thus, the caselaw cited in your email on that topic is inapt. *See Cooper*, 2020 WL 7408231, at *3 (finding that certain materials from "after [the expert formed] a confidential relationship with [the moving party] are responsive to Quora's Document Requests Nos. 5-8"). Plaintiff does not cite any caselaw suggesting that a party may disregard the Federal Rules of Civil Procedure insofar as they pertain to discovery if it seeks information pertaining to the possible disqualification of an expert.

We are available to meet and confer regarding this topic Tuesday at 1 PT (4 ET).

**Andrew Yaphe**

**Davis Polk & Wardwell** LLP
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

**From:** Tal Avrhami <Tal.Avrhami@blbglaw.com>
**Sent:** Thursday, December 18, 2025 1:03 PM
**To:** Yaphe, Andrew <andrew.yaphe@davispolk.com>; Michael Blatchley <MichaelB@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** Re: Iron Tribe Fitness v. Meta Platforms, Inc.

---

Counsel:

We have described how Plaintiff and its counsel had an objectively reasonable belief that it had a confidential relationship with Auctionomics, who, again, initiated contact with Plaintiff's counsel for the specific purpose of determining how they could assist with litigation strategy in a filed case. Courts have found that similar circumstances give rise to an objectively reasonable belief that a confidential relationship existed. *See, e.g.*, *Shadow Traffic Network v. Superior Ct.*, 24 Cal. App. 4th 1067, 1080-81 (1994) (single call with expert gave rise to a reasonable expectation of confidentiality); *Cooper v. Quora, Inc.*, 2020 WL 7408231, at *2 (N.D. Cal. July 15, 2020) (finding confidential relationship based on discussion of litigation strategy). This is enough to establish that a confidential relationship existed, and that confidential information was disclosed.

"[O]nce the moving party meets its initial burden of establishing that material confidential information was shared with an expert, a rebuttable presumption arises that the information has been used or disclosed to an opposing party." *Kane v. Chobani, Inc.*, 2013 WL 3991107, at *9 (N.D. Cal. Aug. 2, 2013). You have provided us with no information about your relationship with Auctionomics, including whether Auctionomics disclosed to DPW or Meta that it had communicated with plaintiff's counsel in this matter, or whether Meta had any preexisting relationship with Auctionomics. Courts regularly direct parties to provide this sort of information. *See, e.g.*, *Rocha v. Ford Motor Company*, 2025 WL 3527150, at *1 (S.D. Cal. Dec. 9, 2025); *Cooper*, 2020 WL 7408231, at *3 (ordering discovery relevant to expert's conflict of interest).

Moreover, disqualification is appropriate even if the expert "did not explicitly disclose" any confidential information to DPW or defendant because the information could "consciously or unconsciously... shape or affect the analysis and advice" rendered by the expert. *Cooper*, 2020 WL 7408231, at *2 (citing *Shadow Traffic Network v. Superior Ct.*, 24 Cal. App. 4th 1067, 1086 (1994)).

We are not available to meet at those times tomorrow, but have good availability on Monday and Tuesday, except Tuesday at noon EST. Please let us know a time that works on one of those days.

**From:** Yaphe, Andrew <andrew.yaphe@davispolk.com>
**Sent:** Wednesday, December 17, 2025 9:13 PM
**To:** Tal Avrhami <Tal.Avrhami@blbglaw.com>; Michael Blatchley <MichaelB@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

**[This message is from an external sender]**

Counsel,

I write in response to your December 16 email below.

For the reasons explained in our December 12 correspondence, plaintiff's contention that there is a "disqualifying conflict"—based on your purported one-hour introductory call with Auctionomics—is baseless.  As our letter explained, disqualification of Auctionomics could only be warranted if (1) plaintiff "had a confidential relationship with" Auctionomics and (2) it "disclosed confidential information to [Auctionomics] that is relevant to the current litigation."  Dec. 12 Ltr. at 1 (quoting *Hewlett-Packard Co. v. EMC Corp.*, 330 F. Supp. 2d 1087, 1092-93 (N.D. Cal. 2004)).  As our letter also explained, it is the burden of the party seeking disqualification to establish *both* of those factors—and if only one is present, disqualification is inappropriate.  *Id.* (citing *EMC Corp.*, 330 F. Supp. 2d at 1093 and *Finisar Corp. v. Nistica, Inc.*, 2015 U.S. Dist. LEXIS 94975, at *23 (N.D. Cal. July 21, 2015)).

Our letter went on to demonstrate that even accepting as true plaintiff's contention that plaintiff's counsel disclosed confidential information to Auctionomics during that single introductory call, disqualification would be unwarranted because plaintiff had not shown that it was "reasonable for it to believe that a confidential relationship existed" on those facts.  *Id.* (citing *EMC*, 330 F. Supp. 2d at 1093, 1096; *Finisar*, 2015 U.S. Dist. LEXIS 94975, at *26-27).  Your December 16 email offers no response to that point.  Instead, it merely reiterates your contention that plaintiff's counsel "relayed" supposedly "confidential information" to Auctionomics during that single call.  Again, even if true, that would not establish the first factor—i.e., that it was reasonable for plaintiff to believe it had a "confidential relationship" with Auctionomics—and thus, would not provide a basis for disqualifying Auctionomics.  And your suggestion that it is defendant's responsibility to provide "documentation" with regard to these issues is likewise unfounded, since it is plaintiff's burden to establish both of these factors.  In any event, as we already told you in our December 12 letter, Auctionomics has not disclosed to us any confidential information that you purportedly conveyed to them.  Dec. 12 Ltr. at 1.

Thus, plaintiff's December 16 email continues to confirm that there is no basis for disqualification of Auctionomics.  We are available to meet and confer regarding this topic on Friday morning at 9 am PT (12 ET) or 10:30 am PT (1:30 ET).

**Andrew Yaphe**

**Davis Polk & Wardwell** LLP
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

**From:** Tal Avrhami <Tal.Avrhami@blbglaw.com>
**Sent:** Tuesday, December 16, 2025 7:50 AM
**To:** Yaphe, Andrew <andrew.yaphe@davispolk.com>; Michael Blatchley <MichaelB@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** Re: Iron Tribe Fitness v. Meta Platforms, Inc.

Counsel:

We write in response to your letter dated December 12, 2025, responding to our November 25 letter seeking disqualification of Auctionomics as Defendant's expert in this case.

Your suggestion that confidential information cannot be relayed in a one-hour video call – specifically intended to discuss litigation strategy and damages analysis – is unfounded. *See Shadow Traffic Network v. Superior Ct.*, 24 Cal. App. 4th 1067, 1086 (1994) (disqualifying law firm from representing defendants after firm's attorneys attempted to retain consultant as an expert in the case, where plaintiff's attorneys had a single, one hour conversation with consultant "about [plaintiff's] actions against [defendant], including counsel's theories on damages.").

You have likewise not provided any documentation to support your assertion that you have not discussed Plaintiff's discussions with Auctionomics, nor responses to the questions asked in our letter. This includes questions about the dates of Meta's initial discussion with and retention of Auctionomics, whether Auctionomics disclosed that it had communicated with Plaintiff's counsel in this matter, and whether Auctionomics had any preexisting consulting or expert relationship with Meta.

If we cannot resolve this dispute, our next recourse is to file a motion to compel disqualification of Auctionomics in this matter. We are not available to meet and confer this Thursday, but have availability the next morning. Please let us know your availability this Friday AM.

Best,
Tal

---

**From:** Yaphe, Andrew <andrew.yaphe@davispolk.com>
**Sent:** Monday, December 15, 2025 1:56 PM
**To:** Michael Blatchley <MichaelB@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

**<span style="color:red">[This message is from an external sender]</span>**

---

Counsel,

Your email below appears to reflect a misunderstanding of the proposal we provided on December 11, insofar as it is premised on the assumption that defendant is seeking to "stay discovery." To the contrary: as you know, we proposed continuing to negotiate the threshold discovery orders, after which defendant proposed to begin *producing documents*—which, obviously, is not a proposal to "stay" discovery. As such, the other comments in your email regarding the Court's motion to stay decision—which, again, defendant is not seeking relief from at this time—are inapposite. Rather, defendant's proposal seeks to give effect to the Court's ruling in dismissing plaintiff's complaint.

9

We have conflicts in the windows you proposed.  Please let us know if you are available to meet and confer on Thursday at 11-11:30 ET or 12-12:30 ET.

**Andrew Yaphe**

**Davis Polk & Wardwell LLP**
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

---

**From:** Michael Blatchley <MichaelB@blbglaw.com>
**Sent:** Friday, December 12, 2025 5:14 PM
**To:** Yaphe, Andrew <andrew.yaphe@davispolk.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

Andrew:

As you know, the Court denied Defendant's motion for a stay of discovery on August 5, 2025, and Meta has not sought any relief from that order.  When the Court addressed Defendant's motion to dismiss in October, Defendant did not request any stay of discovery, and the Court did not order one.  To the extent Judge Breyer intended to reverse his prior order, he certainly would have said so.  The case in your email confirms Defendant's self-help is improper, as the court there granted a stay (whereas the Court here denied one).  *See, e.g., First Am. Title Ins. Co. v. Commerce Assoc., LLC*, 2016 WL 951175, at *3 (D. Nev. Mar. 8, 2016) (defendant's refusal to produce documents based on a belief the court would likely dismiss the complaint amounted to "an impermissible, unilateral stay of discovery" and ordering sanctions).

Your proposal to unilaterally stay discovery is unacceptable, contrary to the Court's stay order, and inconsistent with the Court's comments at the motion to dismiss hearing.  We are available to meet and confer on Monday from 3pm to 5pm ET or on Wednesday at 3pm to 5pm.  Please let us know what works in those windows.

Kind regards,
Mike

Michael D. Blatchley
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, New York 10020
Direct Dial: (212) 554-1281
Mobile:  (917) 604-9922
Facsimile: (212) 554-1444
Email: michaelb@blbglaw.com

NOTICE

This email message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or constitutes attorney work product.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email and any attachment(s) is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to this email and delete the message and any attachment(s) from your system.  Thank you.

---

**From:** Yaphe, Andrew <andrew.yaphe@davispolk.com>
**Sent:** Thursday, December 11, 2025 8:26 PM
**To:** Michael Blatchley <MichaelB@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

---

**[This message is from an external sender]**

---

Counsel,

Following up on our recent emails, I write regarding defendant's proposal for how discovery should proceed in light of Judge Breyer's decision dismissing plaintiff's complaint.

As you know, Judge Breyer explained that the original complaint had "fail[ed] to identify a commitment by Facebook that [it] would follow" a second-price auction process (Dkt. No. 46 at 4:23-24) or otherwise point to a "provision of the contract [that] was breached" (*id.* at 5:24).  The Court explained that "whether the case moves forward" would depend on whether plaintiff would be able, in its amended complaint, to identify any such contractual provision.  *Id.* at 7:6-7.

In light of the Court's ruling, it would be disproportionate to the needs of the case for discovery on anything other than the underlying contract(s) between Facebook and plaintiff to proceed until the Court has determined whether plaintiff has identified any such contractual provision.  *See, e.g., Doe v. MindGeek USA Inc.*, 2023 WL 2628233, at *4 (C.D. Cal. Jan. 20, 2023) (denying motion to compel pending motions to stay and dismiss where "the prejudice to Defendants in being forced to produce documents and otherwise participate in discovery at this stage of the proceedings outweighs the prejudice to Plaintiff in being forced to wait for documents for a potentially limited time pending a definitive ruling . . . on how this case should (or should not) proceed").

Accordingly, defendant proposes that the parties continue negotiating the draft ESI protocol, protective order, and 502(d) order.  Once those orders have been entered, defendant will produce the relevant underlying contracts from the time period at issue in the complaint.  (Note that our proposed revisions to those draft orders are forthcoming.)  But until the Court has considered whether plaintiff has identified a breach of contract in its amended complaint, any discovery beyond the actual contracts themselves—much less the far-ranging discovery that plaintiff seeks, involving dozens of custodians—would be unduly burdensome.

Otherwise, the contentions in your email below from December 10 do not accurately describe the record, as set forth in our other emails.

We are happy to meet and confer regarding any and all of the issues raised to date.
**Andrew Yaphe**

**Davis Polk & Wardwell LLP**
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

---

**From:** Michael Blatchley <MichaelB@blbglaw.com>
**Sent:** Wednesday, December 10, 2025 1:49 PM

**To:** Yaphe, Andrew <andrew.yaphe@davispolk.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

Andrew,

Your email misstates the record, which is clearly set forth in our correspondence.  The facts are that Defendant agreed to produce documents in response to our requests in September; we provided you with search terms, custodians and data sources that can be used to identify those documents for review and production; and we have since repeatedly asked for a meet and confer to advance the production of those documents.  It is now the second week of December, and Facebook has not produced a single document and has refused to discuss this discovery.  This is improper.

Your suggestion that Defendant has the option to somehow "stage" discovery based on Plaintiff's amended complaint is also incorrect.  As you know, the Court previously denied Defendant's motion for a stay.  Thus, engaging in improper self-help by refusing to meet and confer or producing discovery Facebook agreed is responsive to Plaintiff's requests not only violates Defendant's obligations under Federal Rules 34 and 37 and the Local Rules but Judge Breyer's order denying a stay.  Again, please let us know of a date and time this week when you can meet and confer.

As for the ESI protocol and Protective Order, we originally provided you drafts of these documents in September but you disregarded them and sent back totally re-written versions in October.  As reflected in the edits we sent you in November, Facebook's drafts included numerous objectionable provisions, including many Facebook and your law firm have agreed to remove in pending cases where my firm serves as opposing counsel.  We were hopeful Facebook's recent agreements on the language for such standard documents in other cases could make our discussions here more efficient.  We are available to discuss those documents as well.

Kind regards,
Mike

Michael D. Blatchley
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, New York 10020
Direct Dial: (212) 554-1281
Mobile:  (917) 604-9922
Facsimile: (212) 554-1444
Email: michaelb@blbglaw.com

NOTICE

This email message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or constitutes attorney work product.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email and any attachment(s) is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to this email and delete the message and any attachment(s) from your system.  Thank you.

**From:** Yaphe, Andrew <<andrew.yaphe@davispolk.com>>
**Sent:** Monday, December 8, 2025 10:41 PM
**To:** Michael Blatchley <<MichaelB@blbglaw.com>>; Rouhandeh, James P. <<rouhandeh@davispolk.com>>
**Cc:** Avi Josefson <<Avi@blbglaw.com>>; Frank Partnoy <<frank@bishoppartnoy.com>>; Robert Bishop <<bobby@bishoppartnoy.com>>; Tal Avrhami <<Tal.Avrhami@blbglaw.com>>; Kaufman, Kyra Macy <<kyra.kaufman@davispolk.com>>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

**[This message is from an external sender]**

Counsel,

As you are aware, you sent a number of messages shortly before Thanksgiving regarding a number of discovery issues that the parties had not discussed in months, including because the Court dismissed plaintiff's complaint in the interim. We promptly wrote back after the holiday to note the fact that in light of the timing of your messages, we had not yet been able to discuss with our client—but would be following up as soon as possible. Your email's suggestion that this somehow reflects a "refusal" to "engage cooperatively in discovery" is unfounded. To the extent your email suggests that there is anything improper about the fact that defendant has not yet begun production of documents, the suggestion is likewise unfounded because the parties are still negotiating an ESI protocol and the other threshold discovery documents—which, again, defendant circulated proposed drafts of on October 1, though plaintiff did not respond for nearly two months.

In light of the Court's dismissal of plaintiff's complaint, its explanation of that complaint's deficiencies, and the amendments that plaintiff subsequently made, we have been considering what the next stage of discovery should consist of. We anticipate sharing a proposal regarding that next stage with plaintiff in the coming days. We will of course be happy to meet and confer regarding the proposal after you have reviewed it.

**Andrew Yaphe**

**Davis Polk & Wardwell LLP**
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

**From:** Michael Blatchley <<MichaelB@blbglaw.com>>
**Sent:** Friday, December 5, 2025 2:40 PM
**To:** Yaphe, Andrew <<andrew.yaphe@davispolk.com>>; Rouhandeh, James P. <<rouhandeh@davispolk.com>>
**Cc:** Avi Josefson <<Avi@blbglaw.com>>; Frank Partnoy <<frank@bishoppartnoy.com>>; Robert Bishop <<bobby@bishoppartnoy.com>>; Tal Avrhami <<Tal.Avrhami@blbglaw.com>>; Kaufman, Kyra Macy <<kyra.kaufman@davispolk.com>>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

Andrew,

We asked you for a meet and confer concerning Plaintiff's discovery requests a week-and-a-half ago, and you have still not provided any availability. As you know, we served our discovery requests four months ago, in July, met and conferred twice in September, and we have provided you with proposed search terms, custodians, and data sources. Further, as set forth in our September 30 correspondence, Defendant agreed to produce documents in response to numerous of Plaintiff's requests as the parties continue negotiate others. Yet, Defendant has not produced a single document. Defendant's refusal to provide dates for a meet and confer or otherwise engage cooperatively in discovery is prejudicial to Plaintiff and contrary to the Local Rules.

Please provide us with dates next week when you are available to discuss Plaintiff's requests.

Kind regards,

13

Mike

Michael D. Blatchley
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, New York 10020
Direct Dial: (212) 554-1281
Mobile:  (917) 604-9922
Facsimile: (212) 554-1444
Email: michaelb@blbglaw.com

NOTICE

This email message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or constitutes attorney work product.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email and any attachment(s) is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to this email and delete the message and any attachment(s) from your system.  Thank you.

**From:** Yaphe, Andrew <andrew.yaphe@davispolk.com>
**Sent:** Wednesday, December 3, 2025 12:21 AM
**To:** Michael Blatchley <MichaelB@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>; Kaufman, Kyra Macy <kyra.kaufman@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

**[This message is from an external sender]**

Counsel,

I am writing in response to the several emails you sent on the Tuesday afternoon before Thanksgiving.  As you know, those emails proposed revisions to draft orders that we sent you two months ago, in addition to raising other discovery issues that the parties had not discussed for several months as well as entirely new issues.  In light of the timing of your correspondence just before the holiday, we were unable to discuss with our client last week.  We will follow up on the various topics as soon as possible.

**Andrew Yaphe**

**Davis Polk & Wardwell** LLP
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

**From:** Michael Blatchley <MichaelB@blbglaw.com>
**Sent:** Tuesday, November 25, 2025 10:55 AM
**To:** Yaphe, Andrew <andrew.yaphe@davispolk.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>; Marzorati, Luca <luca.marzorati@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Tal Avrhami <Tal.Avrhami@blbglaw.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

Counsel,

Attached please find Plaintiff's proposed revisions to the draft ESI Protocol, protective order and 502(d) order in both clean and as a redline to the drafts circulated below. As you will see, we have proposed changes that Meta and our two firms have agreed to in other cases in this District, and have made other appropriate edits. We would like to finalize these as soon as possible and move discovery forward; as always, we would be happy to discuss.

Best,
Mike

Michael D. Blatchley
Bernstein Litowitz Berger & Grossmann LLP
1251 Avenue of the Americas
New York, New York 10020
Direct Dial: (212) 554-1281
Mobile:  (917) 604-9922
Facsimile: (212) 554-1444
Email: michaelb@blbglaw.com

NOTICE

This email message is intended only for the named recipient(s) above. It may contain confidential information that is privileged or constitutes attorney work product.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this email and any attachment(s) is strictly prohibited.  If you have received this email in error, please immediately notify the sender by replying to this email and delete the message and any attachment(s) from your system.  Thank you.

**From:** Yaphe, Andrew <andrew.yaphe@davispolk.com>
**Sent:** Wednesday, October 1, 2025 11:31 PM
**To:** Avi Mediratta <Avi.Mediratta@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Michael Blatchley <MichaelB@blbglaw.com>; Jonathan D. Uslaner <JonathanU@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>; Marzorati, Luca <luca.marzorati@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

**[This message is from an external sender]**

As discussed during our meet-and-confer call last Thursday, and as noted in our email below, attached are Meta's proposed ESI protocol, protective order, and 502(d) order.

Separately, we are in receipt of the email you sent last night regarding other topics and will follow up as to it.

**Andrew Yaphe**

**Davis Polk & Wardwell LLP**
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

**From:** Yaphe, Andrew
**Sent:** Wednesday, September 17, 2025 7:46 PM
**To:** Avi Mediratta <Avi.Mediratta@blbglaw.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Michael Blatchley <MichaelB@blbglaw.com>; Jonathan D. Uslaner <JonathanU@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>;

Marzorati, Luca <luca.marzorati@davispolk.com>
**Subject:** RE: Iron Tribe Fitness v. Meta Platforms, Inc.

Counsel,

I write in response to your September 15 email.

As a preliminary matter, your email misstates what was discussed during our September 9 meet-and-confer call.  We did not discuss defendant's responses and objections to Request Nos. 1, 2, 3, 5, 7, or 21.  Your email's suggestion to the contrary is unfounded.  We of course will be happy to meet and confer with you regarding defendant's written responses and objections to those requests.

As you know, the primary topic of discussion during the September 9 meet-and-confer was plaintiff's numerous requests that seek information about Facebook's internal discussions and deliberations.  We explained that such discovery is not relevant to the claims and defenses in this litigation, in light of the specific claims brought by plaintiff (and as explained in defendant's written responses and objections).  During the call, you asserted that such requests were relevant to plaintiff's invocation of the discovery rule in an effort to toll its otherwise time-barred claims.  However, as we explained, the discovery rule turns on a *plaintiff's* own diligence, which means that requests seeking information about a *defendant's* internal deliberations are not relevant.  In response, you claimed that cases cited in your opposition brief to the motion to dismiss showed that discovery into a defendant's internal deliberations is relevant under the discovery rule, and we said that we would review those cases with your assertion in mind.  But none of them hold—or even suggest—that the type of discovery sought here by plaintiff is relevant.  To the contrary, to the extent those cases say anything about the appropriate scope of discovery in connection with a plaintiff's invocation of the discovery rule, they show that the pertinent question is in fact whether the *plaintiff* exercised reasonable diligence.  *See, e.g.*, *Apr. Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 833 (Cal. Ct. App. 1983) (the "ultimate question is whether [plaintiff] exercised reasonable diligence"); *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 405 (1999) (relevant question is when plaintiff "came at least to suspect, or have reason to suspect, a factual basis for their elements").  If plaintiff has any authority for its position that a defendant's internal deliberations are relevant to the application of the discovery rule, please provide it and we will review.

Finally, we will review the other materials you provided in attachments to your September 15 email.  As discussed on the September 9 call, we have also been working on drafts of an ESI protocol and protective order that we are aiming to share with you in the near future.  We will also follow up with a draft of the joint case management statement, which we understand to be due on September 26, not September 29.  *See* Dkt. No. 31.

We will follow up regarding our availability for a further meet and confer regarding defendant's responses and objections to the RFPs.

**Andrew Yaphe**

**Davis Polk & Wardwell** LLP
+1 650 752 2088 office
+1 650 224 1379 mobile
andrew.yaphe@davispolk.com

---

**From:** Avi Mediratta <Avi.Mediratta@blbglaw.com>
**Sent:** Monday, September 15, 2025 5:18 PM
**To:** Yaphe, Andrew <andrew.yaphe@davispolk.com>; Rouhandeh, James P. <rouhandeh@davispolk.com>
**Cc:** Avi Josefson <Avi@blbglaw.com>; Michael Blatchley <MichaelB@blbglaw.com>; Jonathan D. Uslaner <JonathanU@blbglaw.com>; Frank Partnoy <frank@bishoppartnoy.com>; Robert Bishop <bobby@bishoppartnoy.com>
**Subject:** Iron Tribe Fitness v. Meta Platforms, Inc.

Counsel,

16

I am writing to follow up on our meet and confer last week. ***First***, as discussed, we appreciate Defendant's agreement to produce documents in response to Plaintiff's Request No. 1 seeking documents concerning the Coding Change at issue in this case. *See* Complaint ¶¶34-47. We dispute Defendant's improper narrowing of the scope of Request No. 1, as well as its refusal to produce documents in response to other Requests that are supposedly "duplicative" of Request No. 1 and would like to set up a time to meet and confer on that this week.

Setting that dispute aside, we understand Defendant agrees, among other things, to produce documents reflecting the Coding Change, and specifically, documents showing whether there "were code changes in or around 2013 that pertained to the calculation of the price paid by advertisers that submitted winning bids in certain auctions for advertising on Facebook, what any such changes entailed, and when any such changes occurred," as set forth in Defendant's Response to Request No. 1. Based on Defendant's Responses, we understand that in response to Request No. 1, Defendant would also produce the following other categories of documents identified in other requests:

- discussions of the internal identification of the Coding Change and the pricing issues it was causing (Request No. 2);
- documents discussing the Coding Change on the Workplace team groups called "Pay what you bid," "Market Dynamics," and "Facebook Ads Monetization" (Request No. 3);
- pricing experiments run to investigate and correct the Coding Change in the third quarter of 2017 (Request No. 5);
- the experiments to undo the Coding Change referred to as v3711 "fix-start-position-in-auction," (Request No. 7); and
- documents reflecting the date the Coding Change was implemented and began impacting auctions (Request No. 21).

To that end, we have attached a list of custodians and data sources to identify those documents. We would appreciate your providing us with any additional custodians, data sources, and search terms that should also be used to identify responsive documents, and to promptly collect and produce responsive documents.

***Second***, on our call, we discussed certain of the parties' disagreements on Plaintiff's other requests. For example, on the call, you stated that, although Defendant's Responses and Objections stated Defendant would not produce any documents in response to 12 of 25 of Plaintif's requests, that was only Defendant's initial position as to those requests. For certain requests, you stated that documents concerning Facebook's internal deliberations regarding the Coding Change and subsequent "slow rollout" were not relevant. We explained that such documents are clearly relevant to the claims and defenses in this case, including because Meta's efforts to conceal its alleged misconduct from advertisers is relevant to Meta's statute of limitations defense. We also pointed out that the requests seek documents reflecting the parties' understanding about how Facebook's auction process worked and was supposed to work during the Class Period, and how Facebook's documents and contracts explained that process, which is plainly relevant to a case centering on whether the auction process worked as it was supposed to.

You also raised concerns about Meta's burden of searching for the documents sought in Plaintiff's requests, and we said that proportionality concerns would be addressed here as they are in most cases

17

by the parties' use of search terms and custodians. You indicated that you would review case law related to the discovery rule and consider our other points.

**Third**, we have attached a draft ESI protocol and protective order. We believe the Court would appreciate our being able to finalize and submit these documents prior to the case management conference on October 3. To that end, please let us know of any comments as soon as you can.

**Fourth**, please send us any comments to the draft joint case management submission we sent you on June 30. As a reminder, we are required to submit that by September 29.

Please let us know your availability this week to meet and confer. Plaintiff reserves all rights and waives none.

Best,

**Avi Mediratta** (he/him)
Associate
Bernstein Litowitz Berger & Grossmann LLP

1251 Avenue of the Americas | New York, NY 10020
Office: (212) 554-1484 | Cell: (407) 421-3824
avi.mediratta@blbglaw.com