IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IRON TRIBE FITNESS,

    Plaintiff,

    v.

META PLATFORMS, INC.,

    Defendant.

Case No.  25-cv-03281-CRB

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Plaintiff Iron Tribe Fitness (herein "ITF"), a fitness company, brought this putative class action against Defendant Meta Platforms, Inc. (herein "Facebook," Meta's name prior to 2021), a social media company, alleging that Facebook overcharged advertisers over a five-year period.  ITF alleges that Facebook promised to use a specific auction system called a second-price auction for pricing advertisements, but in 2013 secretly made a coding change that resulted in its use of a different auction system—one that was more expensive for advertisers.  ITF brings claims for breach of contract, breach of California's implied covenant of good faith and fair dealing, and violation of the California Unfair Competition Law (herein "UCL").

## I.   AMBIGUITY

At the May 15, 2026 motion hearing, Facebook urged the Court to dismiss ITF's breach of contract claim.  The Amended Complaint (herein "FAC") alleges that the disputed language in the parties' agreements required Facebook to run a second-price auction, and that it was this promise that Facebook breached.  FAC (dkt. 47) ¶ 147.  The Court first determines whether ITF's interpretation of the contract is reasonable.  See Trident Ctr. v. Conn. Gen. Life Ins. Co., 847 F.2d 564, 569 (9th Cir. 1988).

The contractual language at issue appears on two pages in Facebook's Help Center: a 2012 Help Center Page and a 2015 Glossary of Ad Terms (collectively, "the Agreements").[1] See FAC ¶¶ 104, 106. On those pages, Facebook promises to charge only the "minimum amount that you need to pay . . . which will sometimes be less than your . . . bid." Id. ¶ 104. Facebook also instructs bidders to enter their "true maximum bid." See id. ¶ 106.

Facebook argues that ITF's interpretation requiring Facebook to run a second-price auction is not reasonable. Mot. (dkt. 52) at 6. The Court agrees. The Court dismissed ITF's original complaint because it failed to allege any contractual language requiring a second-price auction. See Tr. of Proceedings (dkt. 46) at 1. The FAC does not cure this deficiency, even considering the extrinsic evidence provided by ITF. See Trident Ctr., 847 F.2d at 569 ("[T]he court must consider extrinsic evidence of possible ambiguity."). The Agreements say nothing about auction types and only discuss auction pricing in vague terms. See FAC ¶¶ 104, 106.

But the analysis does not end there, because ITF argues alternatively that the language in the Agreements is ambiguous. Opp'n (dkt. 53) at 9–10. If the "agreement is ambiguous, then interpretation of the agreement presents a fact issue that cannot be resolved on a motion to dismiss." ASARCO, LLC v. Union Pac. R.R. Co., 765 F.3d 999, 1008–09 (9th Cir. 2014).

As discussed at the motion hearing, the Court disagrees with Facebook's apparent contention that the plain language of the Agreements unambiguously grants Facebook limitless discretion to set its auction prices. And "[u]nder California law, the determination of whether a written contract is ambiguous is a question of law that must be decided by the court." Brinderson-Newberg Joint Venture v. Pac. Erectors, Inc., 971 F.2d 272, 278 (9th Cir. 1992) (internal quotation marks and citation omitted).

---

[1] The Court takes judicial notice of the year on the 2012 Help Center and 2015 Glossary of Ad Terms webpages. See RJN (dkt. 55); Decl. (dkt. 54) Exs. 4–5; Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999–1000 (9th Cir. 2018) (judicial notice for truth permissible where date "can be accurately and readily determined") (internal quotation marks omitted).

United States District Court
Northern District of California

The Court concludes that the Agreements are ambiguous because there are at least two reasonable interpretations of their plain language.  See Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v. California, 618 F.3d 1066, 1080 (9th Cir. 2010) (court providing a reasonable interpretation of disputed terms after parties suggested interpretations that were not reasonable); Alexander Mfg., Inc. Emp. Stock Ownership Plan & Tr. v. Ill. Union Ins. Co., 560 F.3d 984, 988 (9th Cir. 2009) (identifying ambiguity after providing multiple interpretations of the contract); Admiral Ins. Co. v. Kay Auto. Distribs., Inc., 82 F. Supp. 3d 1175, 1180 (C.D. Cal. 2015) (district court providing its interpretation of a contract based on parties' arguments).[2]

The first reasonable interpretation is that the Agreements promise that the price that the auction winner pays will be independent of the price of the top bid.  Under this interpretation, if the bid to beat in an auction was $9, a bidder could bid $10 or $500 and pay the same final auction price.  The interpretation is reasonable because the Agreements direct bidders to enter their "true maximum bid," while promising to charge only the "minimum amount that you need to pay."  See FAC ¶¶ 104, 106.  It is economically irrational to enter a "true maximum bid" in an auction unless the final price is independent of the price of the top bid.  By contrast, if the price is dependent on the top bid, then bidders are disincentivized from placing a maximum bid, because the winner's bid increases the price that the winner must pay.  Further, language that the "amount you enter in the bid box is the maximum you'll ever pay" could refer to unusual scenarios, including an auction with one bidder.  See id.  Consequently, a reasonable bidder could interpret the term "minimum amount that you need to pay" to mean that the price that the auction winner pays will be independent of the price of the top bid.  See id. ¶ 104.

The second reasonable interpretation is that the Agreements promise that the price that the auction winner pays will be dependent on the price of the top bid.  Using the same example as above, Facebook would charge the bidder a higher final price if she bid $500

---

[2] The Court identifies those two reasonable interpretations in order to guide the parties going forward, not to offer a definitive interpretation of the Agreements.

United States District Court
Northern District of California

than if she bid $10.  The interpretation is reasonable because the Agreements do not define the term "minimum amount that you need to pay" and other pricing terms.  See id.  Additionally, language that a bidder might pay her full bid supports the interpretation that Facebook has permission to make the price that the auction winner pays dependent on the price of the top bid.[3]  See id. ¶¶ 104, 106.  Accordingly, a reasonable bidder could interpret the term "minimum amount that you need to pay" to mean that the price that the winner pays will be dependent on the price of the top bid.  See id. ¶ 104.

Because the Court may not resolve ambiguity in an agreement at the motion to dismiss stage, ITF's breach of contract claim survives.  See ASARCO, 765 F.3d at 1008–09.

## II.    CLAIMS

Because the disputed agreement language is ambiguous, the Court DENIES Facebook's motion to dismiss ITF's breach of contract claim.  Because ITF plausibly alleges that Facebook concealed overcharges from advertisers, its implied covenant claim is not duplicative of its breach of contract claim.  See In re Facebook, Inc., Consumer Priv. User Profile Litig., 402 F. Supp. 3d 767, 792, 802 (N.D. Cal. 2019) (concealing distribution of user data sufficient to allege implied covenant claim).  Consequently, the Court DENIES Facebook's motion to dismiss ITF's implied covenant claim.  Because ITF fails to plead required information about its size, sophistication, and the relationship between its alleged contract with Facebook and the general public, see Grocery Outlet, Inc. v. Naftali, Inc., No. 23-cv-05254-CRB, 2024 WL 3540992, at *4 (N.D. Cal. July 24, 2024), the Court GRANTS Facebook's motion to dismiss ITF's UCL claim with leave to amend within thirty days of this order should ITF wish to do so.

**IT IS SO ORDERED.**

Dated: May 26 , 2026

_____
CHARLES R. BREYER
United States District Judge

---

[3] If a bidder is paying the full price of her bid, it is clearly reasonable for her to assume that the price was dependent on the price of her bid.