Avi Josefson (*pro hac vice*)
Michael D. Blatchley (*pro hac vice*)
BERNSTEIN LITOWITZ BERGER &
    GROSSMANN LLP
1251 Avenue of The Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Email: avi@blbglaw.com
        michaelb@blbglaw.com

*Counsel for Plaintiff Iron Tribe Fitness*

James P. Rouhandeh (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com

Andrew Yaphe (SBN 274172)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: andrew.yaphe@davispolk.com

*Counsel for Defendant Meta Platforms, Inc.*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IRON TRIBE FITNESS, on behalf of itself and all others similarly situated, | ) ) Case No.: 3:25-cv-03281-CRB ) |
| Plaintiff, | ) ) |
| v. | ) **JOINT CASE MANAGEMENT** ) **STATEMENT & [PROPOSED] ORDER** |
| META PLATFORMS, INC., | ) ) |
| Defendant. | ) ) ) ) ) ) |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16-9, and Standing Order for All Judges of the Northern District of California, plaintiff Iron Tribe Fitness and defendant Meta Platforms, Inc. ("Meta") by and through their respective counsel of record, submit this Joint Case Management Statement.

### 1. Jurisdiction & Service

Plaintiff's Statement:  The Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one class member is of diverse citizenship from Defendant Meta, there are more than 100 class members, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. Plaintiff served a copy of the summons and Complaint on Defendant and filed proof of service. Dkt. No. 7.

Defendant's Statement:  Meta is not contesting jurisdiction or service.

### 2. Facts

Plaintiff's Statement:  This case is about Defendant Facebook's systematic overcharging of Facebook advertisers for several years between 2013 and 2017 (the "Class Period") due to a coding change in Facebook's ad auction process that Facebook internally calculated to have caused its advertisers to overpay by billions of dollars.  Specifically, as Defendant's contract provided and was widely understood by advertisers, Facebook's advertising platform was supposed to employ a type of auction in which the price of the winning bid for advertisement space on Facebook would not be a factor influencing what the winning bidder would pay—i.e., a second price auction. Consistent with this promise, Facebook told advertisers that it "only charges" advertisers "the bid necessary to win the auction," and recommended advertisers enter their "true maximum bid" based on the assurance that the amount charged would not take into account what the winner of the auction actually bid.  ¶¶7, 34-39.[1]

---

[1] Defendant Meta was formerly known as Facebook, Inc.  Plaintiff refers to Defendant Meta as "Facebook" herein as the underlying events arose in connection with Meta's Facebook platform.  References to "¶" are to Plaintiff's Amended Class Action Complaint (Dkt. No. 47).

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

However, a coding change introduced in 2013 secretly caused Facebook's auctions to run as an auction in which advertisers were charged a price that incorporated the amount of the winning bid. ¶¶74-84. After discovering this coding change—which Facebook internally calculated as resulting in billions of dollars in overcharges during the Class Period—Facebook did not inform or refund customers, but opted instead to keep the overcharge a secret. In fact, rather than disclose the change, Facebook internally decided to slowly fix the coding change and revert to the auction methodology that reflected a second price auction, which advertisers believed the Facebook platform employed. ¶¶88-92. In doing so, Facebook breached its implied and express contractual obligations, earning billions of dollars in overcharges that were only later discovered by Plaintiff through the investigation of counsel and publicly disclosed with the filing of this lawsuit.

Following a hearing on May 15, 2026 and a written order on May 26, 2026, the Court denied in part and granted in part Defendant's motion to dismiss, sustaining Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing and dismissing a claim asserted under California's Unfair Competition Law. Dkt. No. 72. The Court concluded that, given that the contract was ambiguous, Plaintiff adequately alleged that Defendant breached a promise that the price auction winners were charged would be "independent" of the price of the top bid. *Id.* at 3. As the Court held, this interpretation is supported by, among other things, the fact that Facebook agreed advertisers would only be charged the "minimum amount that you need to pay" to win the auction and directed bidders to enter their "true maximum bid." *Id.* As the Court noted, it would be "economically irrational to enter a 'true maximum bid' in an auction unless the final price is independent of the price of the top bid." *Id.* In substantially denying Defendant's motion, the Court directed the parties to proceed to discovery and stated at the hearing that "there is an entire factual context that needs to be established so that the Court can look at the contract or the agreements in the context of what actually happened here." Hr'g Tr. at 9:17-20.

Defendant's Statement: Plaintiff alleges that Meta breached an alleged contract with advertisers when it implemented a coding change in 2013. Plaintiff claims that this coding change

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

transformed Meta's advertising auction process from a "second price" auction to a "blended price" auction. Plaintiff describes a "second price" auction as one in which the winning bidder pays the second-highest bid, and a "blended price" auction as one in which the winning bidder pays a price between the highest bid and second-highest bid. However, Plaintiff does not allege any contractual promise that would have obliged Meta to use any particular auction system. According to Plaintiff, Meta discovered and fixed the alleged coding change in 2017.

Following a hearing on May 15, 2026, the Court issued a written order on May 26, 2026 granting in part and denying in part Meta's motion to dismiss. Dkt. No. 72. The Court rejected the core theory on which Plaintiff's complaint is predicated—i.e., that the parties' agreements required Meta to run a second-price auction. *See id.* at 2 ("Facebook argues that [Plaintiff's] interpretation requiring Facebook to run a second-price auction is not reasonable. . . . The Court agrees."). The Court found that the Amended Complaint did not "cure" the deficiency the Court had identified in dismissing the original complaint insofar as it failed to allege "any contractual language requiring a second-price auction," "even considering the extrinsic evidence provided by" Plaintiff. *Id.* at 2. The Court nonetheless denied the motion as to the breach of contract claim. Adopting neither party's interpretation of the alleged contract, the Court identified two possible interpretations of the contract and found that it was ambiguous which (if either) of those interpretations was correct. *Id.* at 2–4. The Court separately denied the motion as to the implied covenant claim; it also dismissed plaintiff's UCL claim, but gave leave to amend as to that claim. *Id.* at 4. However, Plaintiff did not seek to amend the UCL claim by the deadline.

Meta accepted Plaintiff's factual allegations as true solely for purposes of its motion to dismiss. As discussed, the Court's order concluded only that the alleged agreement was ambiguous; it did not determine the alleged agreement's meaning, which remains a fact issue reserved for later resolution. Within the framework set by the Court, Meta will show on a full record that Plaintiff cannot establish its claims.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

**3. Legal Issues**

Plaintiff's Statement:  Plaintiff asserts claims on behalf of itself and a proposed class of Facebook advertisers that purchased advertisements during the Class Period that present at least the following common legal issues:

      a)  whether Defendant breached the implied covenant of good faith and fair dealing;

      b)  whether Defendant breached its contractual obligations owed to Plaintiff and the members of the Class;

      c)  whether Plaintiff and the members of the Class were harmed by Defendant's breaches and the amount of damages they incurred.

Defendant's Statement: Subject to and without waiving its positions and arguments, Meta identifies the following disputed points of law:

      a)  Whether, and to what extent, the documents Plaintiff identifies constitute an enforceable contract, and the terms of any such contract;

      b)  The meaning of the parties' agreements, and whether Meta's conduct conformed to the agreements, such that Meta did not breach them;

      c)  Whether Plaintiff and the putative class sustained any damages caused by an alleged breach, and the proper measure of any such damages;

      d)  Whether Meta breached the implied covenant of good faith and fair dealing, including whether the implied covenant can impose obligations beyond the agreements' express terms;

      e)  If Plaintiff amends its complaint per the Court's order, whether Plaintiff can state a claim under California's Unfair Competition Law, and whether Plaintiff has an adequate remedy at law;

      f)  Whether all of Plaintiff's claims are time-barred under the relevant statutes of limitations; and

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

g) Whether the action may be maintained as a class action under Rule 23, including whether common questions predominate.

**4. Motions**

Plaintiff's Statement:  Plaintiff initiated this action in April 2025 (Dkt. No. 1) and, after the Court granted Defendant's first motion to dismiss with leave to replead (Dkt. No. 43), filed the operative Amended Complaint on November 3, 2025.  Dkt. No. 47.  On May 15, 2026, the Court granted in part and denied in part Defendant's second motion to dismiss, sustaining Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims while dismissing Plaintiff's claim under California's Unfair Competition Law ("UCL").  Dkt. No. 66.[2]

Although the Court has not yet had the opportunity to set a case schedule, while Defendant's motions to dismiss were pending, the parties have briefed two discovery disputes.  First, after it first moved to dismiss in June 2025, Defendant filed a motion to stay discovery (Dkt. No. 29), which the Court denied in August 2025.  Dkt. No. 36. Second, in March 2026, after Defendant filed its second motion to dismiss, Plaintiff filed a request seeking referral to a magistrate judge based on Defendant's refusal to produce any discovery other than the "underlying contracts" in light of its pending motion to dismiss (Dkt. No. 58) and, on May 1, 2026, the parties filed a Joint Discovery Letter Brief concerning this dispute.  Dkt. No. 64.  After the motion to dismiss ruling (Dkt. No. 66), the parties filed a joint submission updating the Court that Meta agreed to withdraw its proportionality objection to producing discovery (mooting the dispute in the Joint Discovery Letter Brief), and on the parties' discussions concerning discovery.  Dkt. No. 70.  Specifically, Plaintiff noted the parties continued to have discovery disputes and requested a deadline for bringing them to the Court, which Defendant refused. *Id.*

---

[2] 2 Although the Court set an initial case management conference for October 3, 2025 (Dkt. No. 31), the conference was vacated on September 19, 2025 (Dkt. No. 42) and has not been rescheduled.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

In response to that submission, Judge Tse ordered the parties to "meet and confer further about the scope of discovery, including custodians and search terms, by June 9, 2026."  Dkt. No. 74.

Given the parties' ongoing negotiations over discovery, Plaintiff expects that the parties will have numerous discovery disputes requiring Court resolution. In addition, Plaintiff intends to file a Motion for Class Certification under Rule 23 as set forth in the proposed schedule below, and the Parties anticipate additional motion practice, including dispositive and other pre-trial motions.

Defendant's Statement: On June 16, 2025, Meta moved to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. No. 25.  Plaintiff filed its opposition on August 15, 2025.  Dkt. No. 37.  Meta filed its reply on September 15, 2025.  Dkt. No. 41.

On July 2, 2025, Meta moved to stay discovery pending resolution of the motion to dismiss.  Dkt. No. 29.  On August 5, 2025, the Court denied Meta's motion to stay, stating that "a stay of discovery would not be proper at this juncture," while noting that the Court was "ill-equipped to take a 'preliminary peek' at the merits of the motion to dismiss because that motion is not fully briefed," and did not "wish to prejudge the parties' arguments" on the motion to dismiss.  Dkt. No. 36 at 2–3.

On July 2, 2025, Meta filed a motion for administrative relief seeking to have the Case Management Conference scheduled for July 18, 2025 postponed until August 8, 2025, so that the aforementioned motion to stay discovery could be fully briefed in advance of the conference. Dkt. No. 30.  On July 7, 2025, the Court granted Meta's administrative motion, and set the initial case management conference for October 3, 2025.  Dkt. No. 31.

On September 19, 2025, the Court *sua sponte* vacated the initial case management conference—set for October 3, 2025—before the parties' deadline to submit their case management statement.  Dkt. No. 42.  At the October 3, 2025 hearing on Meta's motion to dismiss, the Court dismissed the original complaint in its entirety with leave to amend.  Dkt. No.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

43. The Court explained that plaintiff had failed to identify the contractual provision that was breached: "they have to really identify the breach of contract. What provision of the contract was breached?" Hr'g Tr. at 5:22–25. The Court stated that this question "is going to be significant in terms of whether the case moves forward." Hr'g Tr. at 7:5–7. The Court separately found that the complaint had not alleged facts sufficient to establish tolling of the statute of limitations. Hr'g Tr. at 2:18-3:1.

In light of the Court's ruling, Meta took the position that it would produce the contracts between Meta and Plaintiff, while the scope of any further document discovery should be determined once the pleadings were settled, given that Meta's then-pending motion to dismiss the amended complaint could dispose of or narrow Plaintiff's claims. Meta conveyed that position to Plaintiff on January 22, 2026, and proposed proceeding with the contractual materials. Plaintiff did not respond to that email. Over two months later—on March 25, 2026—Plaintiff sought referral of the scope-of-discovery dispute to a magistrate judge. Dkt. No. 58. The Court referred the matter to Magistrate Judge Tse, Dkt. No. 59, and the parties filed a Joint Discovery Letter Brief on May 1, 2026, Dkt. No. 64.

Following the motion to dismiss hearing, Dkt. No. 66, Meta agreed to withdraw the proportionality objection it had raised regarding the scope of discovery for this phase of the litigation. The parties agreed that the dispute that had been submitted to Judge Tse was therefore moot, and filed a joint submission to that effect on May 22, 2026. Dkt. No. 70.

Meta anticipates filing additional motions, including opposing any motion for class certification and moving for summary judgment.

**5. Amendment of Pleadings**

Plaintiff's Statement:  The Court set a deadline of June 25, 2026 for Plaintiff to file an amendment to reassert the UCL claim alleged in the Amended Complaint. Dkt. No. 72 at 4. Plaintiff's proposal for a deadline for any further amendment of the pleadings is set forth in the proposed schedule below.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

Defendant's Statement:  The Court's May 26 Order gave Plaintiff 30 days to amend its complaint as to its UCL claim, if it wished to do so.  Dkt. No. 72 at 4.  That deadline—June 25, 2026—has passed, and Plaintiff did not amend.  Accordingly, the pleadings are settled, and Meta does not believe that any further amendment should be permitted.  In particular, Plaintiff's suggestion that it should be permitted to further amend the pleadings up to the day it files its motion for class certification should be rejected in light of the disruption that would cause to the case schedule overall.

## 6. Evidence Preservation

The parties have reviewed the guidelines relating to the discovery of electronically stored information ("ESI Guidelines"), and the checklist for ESI Meet and Confer, and met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure on June 27, 2025, in which they discussed, among other things, electronic discovery and the parties' preservation obligations.  The parties have since negotiated and exchanged numerous drafts of an ESI Protocol that contains provisions concerning the parties' preservation obligations.

## 7. Disclosures

Plaintiff's Position: The Parties exchanged initial disclosures pursuant to Rule 26(a)(1) on July 4, 2025. Plaintiff's initial disclosures identified 40 current and former Facebook employees that Plaintiff believes may have evidence that supports its claims, as well as categories of documents in its possession, custody, and control.

Defendant's Position: Meta provided its initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure on July 4, 2025.  In its initial disclosures, Meta identified individuals likely to have information about the facts alleged in the complaint based on information known thus far and the contact information for those individuals.  Meta also described the documents in its possession, custody, or control that may be used to support its claims.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

**8.  Discovery**

Plaintiff's Position:  The Parties held their initial Rule 26(f) Conference on June 27, 2025.  On July 5, 2025, Plaintiff served its first set of document requests.  After the Court denied Defendant's motion to stay discovery in August 2025 (Dkt. No. 36), the parties thereafter met and conferred in September 2025, during which Defendant agreed to produce certain categories of documents.  Dkt. Nos. 64, 64-5.  Specifically, at that time and shortly thereafter, Plaintiff provided Defendant with proposed custodians, data sources, search terms, and a draft ESI Protocol and Protective Order to facilitate the production of the requested discovery, including the documents Defendant agreed to produce in September.  Dkt. No. 64 at 2 & n.1.

Nevertheless, after the Court granted Defendant's first motion to dismiss with leave to replead in October 2025 (Dkt. No. 43), Defendant refused to engage with Plaintiff on discovery or to produce the documents Plaintiff understood Defendant agreed to produce in September. Specifically, after Plaintiff filed the operative Amended Complaint in November (Dkt. No. 47), Defendant refused to produce any discovery other than the "contract(s) between Facebook and plaintiff" until the Court ruled on Defendant's then-pending motion to dismiss.  In doing so, Defendant effectively imposed a unilateral "stay" of discovery while its motion to dismiss was pending, requiring Plaintiff to pursue and file a Joint Discovery Letter Brief following extensive discovery correspondence and a meet and confer process.  *See* Dkt. No. 64.  To date, Defendant has produced no custodial documents and barely any other documents in response to Plaintiff's discovery requests issued in July 2025 and despite Defendant's prior agreement that it would produce responsive discovery to numerous of Plaintiff's requests in September 2025.[3]

Defendant agreed the Court's decision denying in part Defendant's motion to dismiss mooted its objection to producing any discovery other than the operative "contracts," and the

---

[3]  While Defendant attempts to blame Plaintiff for not bringing its motion challenging Defendant's unilateral stay sooner, during that time, Plaintiff was attempting to reach a compromise, and should not be faulted for doing so.  Dkt. No. 64 at 2 n.3.  To date, Defendant has made two productions in response to Plaintiff's requests on February 12 and April 10, 2026, of 103 and 175 documents, respectively, which consist solely of "contractual documents" with Plaintiff and two Facebook webpages.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

parties filed a joint submission updating the Court on this dispute on May 22, 2026. Dkt. No. 70. In that submission, Plaintiff made clear that the parties continued to have disputes over discovery and, in response to that submission, Judge Tse ordered the parties to "meet and confer further about the scope of discovery, including custodians and search terms, by June 9, 2026." Dkt. No. 74. The parties are still negotiating custodians and search terms. In fact, as of June 11, despite Plaintiff's multiple promptings and Judge Tse's order, Defendant has not given a counterproposal to Plaintiff's search term proposal from November 2025. Further, the parties have exchanged numerous drafts and had extensive discussions concerning the ESI Protocol and Protective Order, which have resulted in certain disputes. While Plaintiff hopes to reach agreement, Plaintiff anticipates the parties may submit disputes on these documents to the Court in the near future.

The parties are in negotiations over search terms and custodians. While Plaintiff hopes to reach agreement, Plaintiff anticipates that parties may submit disputes regarding search terms and custodians to the Court in the near future.

At this time, Plaintiff does not request any changes to the limitations on interrogatories or depositions, as set forth in Rule 30(a) and 33(a), although it reserves its rights to request relief from the default.

Defendant's Position: Plaintiff served 25 requests for production on July 24, 2025. The parties met and conferred on eight of those requests; the parties did not confer on the remaining seventeen, and Plaintiff did not identify which requests correspond to which claims. On September 19, 2025, the Court vacated the initial case management conference, set no schedule, and entered no discovery deadlines. Meta circulated proposed forms of Protective Order and ESI Protocol on October 1, 2025. On October 3, 2025, the Court dismissed the original complaint, faulting Plaintiff for failing to identify the contractual provision that was breached.

Plaintiff returned its mark-ups to the Protective Order and ESI Protocol approximately two months later, with subsequent rounds following at similar intervals. On January 22, 2026,

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

Meta proposed to focus discovery first on the underlying contractual materials pending the Court's ruling on whether the Amended Complaint cured that defect. Plaintiff never responded to that proposal. Meta produced 103 documents on February 12, 2026 and a further 175 documents on April 10, 2026.

The scope-of-discovery dispute that plaintiff submitted to Judge Tse was never adjudicated. Meta articulated its position—that discovery should focus first on the contractual materials pending the Court's ruling—in January 2026. Plaintiff sought referral to a magistrate judge in March 2026, Dkt. No. 58, and the parties filed their Joint Discovery Letter Brief on May 1, 2026, Dkt. No. 64. Following the Court's ruling on the motion to dismiss, the parties filed a joint notice withdrawing that dispute as moot on May 22, 2026. Dkt. No. 70.

Discovery continues to move forward, as it was prior to Defendant's withdrawal of its objection to the *scope* of discovery during the period prior to the Court's ruling on whether the amended complaint stated a claim. Since the Court's ruling on the motion to dismiss, the parties have met and conferred on custodians and search terms on May 28, May 29, and June 5, 2026. On May 27, 2026, Meta sent Plaintiff a custodian counterproposal identifying eight custodians. On June 12, 2026, Meta sent Plaintiff a search term proposal. On June 25, 2026, Meta sent a letter further supplementing its custodian proposal by adding two additional custodians, and agreeing to identify custodians and/or non-custodial sources corresponding to four of the five functional categories identified in Plaintiff's June 5 letter. The parties are working to finalize the Protective Order and ESI Protocol, and will submit any remaining disputes on those orders to the Court. Meta does not at this time request changes to the limitations on interrogatories or depositions set by Rules 30(a) and 33(a), and reserves its rights.

### 9. Class Actions

<u>Plaintiff's Position</u>: Attorneys of record for Plaintiff certify that they have reviewed the Procedural Guidance for Class Action Settlements and, as required by Civil Local Rule 16-9(b), provide the following additional information regarding the class action allegations.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

Plaintiff seeks to maintain this action as a class action pursuant to Rule 23(b)(3). Specifically, Plaintiff seeks certification of a class consisting of all Facebook customers that purchased advertisements during the period when the 2013 coding change caused Facebook to overcharge advertising customers and were damaged thereby.

Plaintiff believes it will readily satisfy all elements of Rule 23, and that this case presents a quintessential dispute particularly suited for class treatment.  Plaintiff is entitled to maintain the action as a class action pursuant to Rule 23(a) because class members are so numerous that their individual joinder would be impracticable. Specifically, Facebook's overcharging misconduct impacted tens of thousands of Facebook advertisers.  There are also, pursuant to Rules 23(a)(2) and 23(b)(3), common questions of law and fact that predominate over questions affecting only individual class members. Those questions include whether Facebook owed the alleged contractual and implied duties to Facebook customers, whether Facebook breached those duties through the 2013 coding change and its subsequent concealment, and the measure of class-wide damages.  The 2013 coding change uniformly impacted Facebook's advertising auction process, and the harm suffered by Facebook advertisers during the Class Period can be calculated on a class-wide basis. Pursuant to Rule 23(a)(3), Plaintiff's claims are typical of the Class's claims because it, and all class members, were overcharged in the same manner through the 2013 coding change.  Plaintiff is also adequate to represent the Class under Rule 23(a)(4) because it has retained counsel competent in complex class action litigation, and will prosecute this case vigorously.  As set forth in the proposed schedule below, Plaintiff intends to file a motion seeking to certify the class after appropriate discovery has been completed.

Defendant's Position:  Meta anticipates opposing any motion for class certification, and at that time will respond to any arguments plaintiff makes for certification.

Attorneys of record for Meta have reviewed the Procedural Guidance for Class Action Settlements.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

**10. Related Cases**

The parties are not aware of any related cases or proceedings pending before this Court or any other court or administrative body.

**11. Relief**

Plaintiff's Position:  Plaintiff seeks (a) an order certifying the proposed Class, and appointing Plaintiff and Plaintiff's counsel to represent the proposed Class; (b) an order awarding Plaintiff and class members damages and/or restitution in an amount to be proven at trial, together with interest thereon; (c) an order requiring Defendant to pay both pre- and post-judgment interest on any amounts awarded; (d) an award of costs, attorneys' fees and reimbursement of litigation expenses; and (e) such other relief as may be appropriate.

Defendant's Position:  Meta reserves all rights to counterclaim, including to obtain any outstanding payments for plaintiff's accounts, and to seek attorneys' fees and costs.  Meta does not agree that Plaintiff is entitled to any relief whatsoever.

**12. Settlement and ADR**

Plaintiff's Position: The parties have met and conferred about their ADR plan and have agreed that mediation would be premature at this time.  The Parties have filed their ADR L.R. 3.5 certifications.

Defendant's Position:  Meta agrees with Plaintiff's description of the parties' meet-and-confer.

**13. Other References**

Plaintiff's Position:  None at this time.

Defendant's Position: Meta does not believe the case is suitable for reference to binding arbitration, reference to multi-district litigation, or certification as a class action.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

**14. Narrowing of Issues**

Plaintiff's Position:  Plaintiff intends to work with Defendant to seek to reach as many stipulations as possible on factual and evidentiary issues, although the Parties have not addressed such specific facts and evidence at this time.

Defendant's Position:  The Court's order on the motion to dismiss has already narrowed the case, dismissing Plaintiff's UCL claim and rejecting Plaintiff's contention that the alleged agreement between the parties required Facebook to run a second-price auction.  Meta expects the issues to narrow further as the case proceeds.  Meta is willing to work with Plaintiff to reach stipulations on factual and evidentiary issues where doing so would promote efficiency, but the parties have not yet identified specific facts or evidence suitable for stipulation.

**15. Expedited Trial Procedure**

The parties do not believe that this is a type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**16. Scheduling**

Plaintiff's Position: As set forth below, both Plaintiff and Defendant propose a year for fact discovery, and the parties are in agreement in proposing that hearing for dispositive motions occur in the first quarter of 2028.  However, Plaintiff's proposed case schedule also includes certain other deadlines—most critically, a deadline for the parties to substantially complete their document productions—as well as deadlines for expert disclosures, class certification briefing, and other key events that are necessary to facilitate moving this case forward to resolution.

Since the Court vacated the initial case management conference in September 2025, this case has proceeded without any scheduling order or court-imposed deadlines, which has been detrimental to the progress of the litigation.  Dkt. No. 42.  Despite the Court's denial of Defendant's motion to stay discovery in August 2025 (Dkt. No. 36), discovery has barely moved forward.  As set forth above, while Defendant's motion to dismiss was pending, Plaintiff was forced to file a motion to challenge Defendant's attempt to stay of discovery and, contrary to

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

Defendant's mischaracterizations, has expeditiously and responsibly sought discovery at every turn. Despite those efforts, to date, although Plaintiff served document requests nearly a year ago, and despite the parties having agreed on certain categories of responsive documents for production in September 2025, to date, Defendant has produced a negligible number of documents in this large damages case.[4]

Given this history, Plaintiff respectfully submits that interim case deadlines are necessary to ensure the litigation progresses appropriately. While Defendant's proportionality objection in the Joint Discovery Letter Brief was mooted by the Court's ruling, the underlying need for deadlines and structure to move discovery forward was not. Judge Tse's order that the parties meet and confer by June 9 on search terms and custodians appeared to recognize the benefits of such interim deadlines, and Plaintiff's proposed schedule below includes them as well. In particular, a substantial completion deadline for document productions will impose discipline and ensure the parties have an appropriate evidentiary record prior to depositions and will enable the parties to complete any other discovery before the overall discovery cutoff.

Courts in this circuit have recognized the benefits of a substantial completion *deadline. See, e.g., In re Convergent Techs.* Sec. Litig., 108 F.R.D. 328, 345 (N.D. Cal. 1985) (held that plaintiffs should not be compelled to answer contention interrogatories until after defendants had substantially completed their document pr*oduction); United Ass'n Nat'l Pension Fund v.* Carvana Co., 2026 WL 266600, at *1 n.2 (D. Ariz. Feb. 2, 2026) (finding that the deadline to "substantially complete document productions" and production of documents responsive to new custodians to be complete well before the close of fact discovery). Moreover, Meta routinely agrees to or has otherwise been subjected to scheduling orders that included a deadline for substantial completion of document *production*. *See, e.g.*, Order Setting Ca*se*

---

[4] Defendant's attempt to place blame on Plaintiff for Defendant's delays is misplaced. As an illustration, immediately after being referred to Judge Tse, Plaintiff prepared and sent a draft joint dispute letter to Defendant on March 31, 2026. But then Defendant insisted on another meet and confer, and did not return its edits until a month later, on April 27, 2026, before the letter was filed on May 1, 2026. Dkt. No. 64.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

*Schedule, Entrepreneur Media, LLC v. Meta Pl*atforms, Inc., No. 3:25-cv-09579 (N.D. Cal.) (ECF No. 40); Case Management Sched*uling Order, Meta Platforms, Inc. v. Voya*ger Labs Ltd., No. 4:23-cv-00154 (N.D. Cal.) (ECF No. 82), and this Court has adopted schedules with substantial document completion deadlines in similar class and com*plex cases*. See, e.g., Pretrial Order No. 5: Discovery Schedule and Init*ial Motions, In re: Uber Technologies, Inc., Passenger Sexual Assau*lt Litigation, No. 3:23-md-03084 (N.D. Cal. Oct 04, 2023) (Breyer, C.) (ECF No. 175); Joint Case Management Statemen*t and Order, Sundaram v. Freshwork*s Inc. et al., No. 3:22-cv-06750 (N.D. Cal. Nov 01, 2022) (Breyer, C.) (ECF No. 95). As these courts recognize, substantial document completion deadlines in cases like this are an appropriate tool for managing discovery and otherwise assist the parties in meeting the deadlines in the overall case schedule.

Plaintiff's proposed schedule and discovery plan is as follows:

| Event | Plaintiff's Date |
|---|---|
| Deadline to amend the Complaint in connection with the UCL claim | June 25, 2026 |
| Parties to substantially complete document productions | November 20, 2026 |
| Last day to further amend pleadings or add parties | April 9, 2027 |
| Plaintiff to file for class certification and disclosure of certification experts | April 9, 2027 |
| Defendant to file its response to Plaintiff's class certification motion, disclosure of certification rebuttal experts, and any class certification *Daubert* motions | July 2, 2027 |
| Plaintiff's reply in support of class certification, disclosure of certification reply expert declarations, and any opposition to any class certification *Daubert* motions | August 27, 2027 |
| Fact discovery cut-off | August 27, 2027 |
| Hearing on Plaintiff's class certification motion | September 10, 2027 |

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

| Disclosure of merits experts | September 17, 2027 |
|---|---|
| Disclosure of merits rebuttal experts | October 15, 2027 |
| Disclosure of merits reply expert declarations | November 5, 2027 |
| Close of expert discovery | November 23, 2027 |
| Summary judgment and *Daubert* motions | January 28, 2028 |
| Summary judgment and *Daubert* oppositions | March 24, 2028 |
| Summary judgment and *Daubert* replies | April 28, 2028 |
| Hearing of dispositive motions | May 27, 2028 |
| Pretrial conference | June 30, 2028 |
| Trial to commence | August 4, 2028 |

Defendant's Position: Meta's proposed dates are set out below.

**Designation of experts**: February 1, 2027

**Fact discovery cutoff**: August 27, 2027

**Hearing of dispositive motions**: April 28, 2028

**Pretrial conference**: September 22, 2028

**Trial**: October 16, 2028

Meta observes that the Court's class certification ruling will determine the scope and trajectory of the case going forward—in particular, whether it will proceed on a classwide basis or, if certification is denied, individually. The schedule for merits expert discovery, summary judgment, and trial will thus be dependent on that ruling. And whichever way the Court rules, the party adversely affected may petition for interlocutory review under Rule 23(f); such a petition, and any resulting stay or appellate proceedings, would bear directly on the timing of

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

the remainder of the case.  As such, Meta expects that the Court may need to revisit the dates for hearing of dispositive motions, the pretrial conference, and trial following resolution of the class certification motion.  Meta proposes that the parties meet and confer on a schedule for merits expert reports, dispositive motions, and *Daubert* motions within 30 days of the Court's ruling on class certification.

Finally, Meta notes that Plaintiff's proposal includes a number of dates that neither this District's scheduling order, nor the Federal Rules, contemplate being set at this stage of the case. Meta does not believe that the Court should deviate from this District's standard practice in setting such dates now; nor does it believe that they are necessary to this litigation.  In particular, Meta opposes Plaintiff's request that the Court impose a "substantial completion" deadline for document productions.

A substantial completion deadline is not part of this District's standard scheduling order, and numerous complex class actions in this District have proceeded without one (including those involving Meta).  *See, e.g.*, *Delgado v. Meta Platforms, Inc.*, No. 3:23-cv-04181-SI (N.D. Cal.), Dkt. No. 63; *Lundy v. Facebook Inc.*, No. 3:18-cv-06793-JD (N.D. Cal.), Dkt. No. 157; *Klein v. Meta Platforms, Inc.*, No. 3:20-cv-08570-JD (N.D. Cal.), Dkt. No. 289; *Cook v. Meta Platforms, Inc.*, No. 4:22-cv-02485-AMO (N.D. Cal.), Dkt. No. 67. The authorities Plaintiff cites do not support imposing a substantial completion deadline here.  *In re Convergent Technologies*, 108 F.R.D. 328 (N.D. Cal. 1985), addressed only whether parties should be compelled to respond to contention interrogatories before the completion of discovery—it did not address or endorse court-ordered substantial completion deadlines.  In *United Association National Pension Fund v. Carvana Co.*, 2026 WL 266600 (D. Ariz. Feb. 2, 2026), the parties themselves proposed the substantial completion deadline, and the court simply adopted it.  Neither case supports imposing such a deadline over a party's objection.  A substantial completion deadline is unnecessary and premature here.  The parties have not yet agreed on custodians or search terms for Meta's productions. Moreover, Plaintiff's deadline to respond to Defendant's RFPs is July 20, 2026,

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

and the parties have not yet begun negotiations regarding custodians or search terms for Plaintiff's productions in response to those RFPs. Until those foundational parameters are set, neither party can estimate what "substantial completion" of document production would entail. The fact discovery cutoff, as noted, is the only deadline related to productions that this Court's standard order contemplates, and Plaintiff's vague speculation about how other deadlines would "impose discipline" or "ensure" an "appropriate evidentiary record prior to depositions" provides no basis for imposing such deadlines.

Notwithstanding the above, if the Court is inclined to set a substantial completion deadline, the deadline proposed by Plaintiff is only four months from now.  Given that the parties (as discussed) are still negotiating such threshold parameters as custodians and search terms for Meta's productions, and have not yet begun negotiating those parameters for Plaintiff's productions, such a deadline would be unworkable and highly prejudicial to Meta, as the party that is going to produce the vast majority of discovery in this matter. If the Court is inclined to set a schedule for briefing on Plaintiff's motion for class certification at this time, Meta does not oppose the briefing schedule proposed by Plaintiff, i.e.:

- Plaintiff's motion for class certification and any class certification expert report(s):  April 9, 2027
- Meta's opposition to the motion, any rebuttal expert report(s), and any *Daubert* motion(s):  July 2, 2027
- Plaintiff's reply brief, any rebuttal expert report(s), and any opposition to any *Daubert* motion(s):  August 27, 2027

Finally, insofar as Plaintiff contends that the procedural history of this case militates in favor of setting additional dates beyond those called for in this District's scheduling order, the assertion is meritless. As recounted above, the Court vacated the initial case management conference, set no case schedule, and entered no discovery deadlines.  Thus, any suggestion of "delay" on the part of Defendant is unfounded.  To the extent Plaintiff complains that certain

Page **20** of **23**

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

events have taken longer to transpire than it would like, any blame is in substantial part its own. For example, Meta circulated proposed forms of the Protective Order and ESI Protocol on October 1, 2025, but Plaintiff did not return mark-ups for nearly two months. Likewise, Plaintiff objected to Meta's position on the appropriate scope of discovery following the Court's dismissal of the original complaint and prior to the Court's determination of whether the amended complaint would state a claim—but again, Plaintiff waited for over two months after Meta notified it of its final position on that issue before seeking a referral of the dispute to a magistrate judge.

Moreover, insofar as Plaintiff's complaints of "delay" assume that Meta's position on the proper scope of discovery after the Court dismissed the original complaint was inappropriate, that suggestion is unfounded because it posits that Plaintiff's position in the parties' discovery dispute was correct. But that dispute was never adjudicated—instead, the parties withdrew it as moot. Plaintiff's presumption that it *would* have prevailed on that now-moot dispute cannot provide a basis for deviating from the Court's rules.

**17. Trial**

Plaintiff's Position:  This case will be tried to a jury. Plaintiff currently estimates that a trial of class-wide issues would take approximately one week and will update the Court as discovery progresses.

Defendant's Position:  Meta believes it is premature to specify any particular length of trial at this time.

**18. Disclosure of Non-party Interested Entities or Persons**

On April 11, 2025, Plaintiff filed its Certification of Interested Entities or Persons pursuant to Civil L.R. 3-15, certifying that, other than the named parties, it was unaware of any person or entity with an interest to report. Dkt. No. 3.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

On April 22, 2025, Meta filed a certification of interested entities or persons pursuant to Civil Local Rule 3-15. Therein, Meta identified itself as a publicly traded company and that as of this date, other than the named parties, there is no conflict or interest to report. Dkt. No. 14.

**19. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: July 23, 2026                          */s/ Michael Blatchley*

                                                         Michael D. Blatchley
                                                         Counsel for Plaintiff

Dated: July 23, 2026                          */s/ Andrew Yaphe*

                                                         Andrew Yaphe
                                                         Counsel for Defendant

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB

**CASE MANAGEMENT ORDER**

The above **JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER** is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____

UNITED STATES DISTRICT JUDGE

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:25-CV-3281-CRB