Avi Josefson (*pro hac vice*)
Michael D. Blatchley (*pro hac vice*)
BERNSTEIN LITOWITZ BERGER &
     GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Telephone: (212) 554-1400
Email: avi@blbglaw.com
        michaelb@blbglaw.com

*Counsel for Plaintiff Iron Tribe Fitness*

James P. Rouhandeh (*pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: rouhandeh@davispolk.com

Andrew Yaphe (SBN 274172)
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: andrew.yaphe@davispolk.com

*Counsel for Defendant Meta Platforms, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IRON TRIBE FITNESS, on behalf of itself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> Defendant. | Case No.: 3:25-cv-03281-CRB <br><br> **JOINT STIPULATION & [**~~PROPOSED~~**] ORDER CONCERNING A CASE MANAGEMENT CONFERENCE AND CASE SCHEDULE** |

Page **1** of **5**

JOINT STIP & [~~PROPOSED~~] ORDER CONCERNING A CASE MANAGEMENT CONFERENCE AND CASE SCHEDULE, CASE NO. 3:25-CV-3281-CRB

Plaintiff Iron Tribe Fitness (hereinafter "Plaintiff") and Defendant Meta Platforms, Inc. (hereinafter "Defendant"), by and through their respective counsel, hereby stipulate and state as follows:

**WHEREAS**, on April 11, 2025, Plaintiff filed its putative class action Complaint against Defendant (Dkt. No. 1);

**WHEREAS**, on June 16, 2025, Meta moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 25), and on July 2, 2025, Meta moved to stay discovery pending resolution of its motion to dismiss (Dkt. No. 29);

**WHEREAS**, on August 5, 2025, the Court denied Meta's motion to stay discovery (Dkt. No. 36);

**WHEREAS**, the Court set an initial Case Management Conference for October 3, 2025 (Dkt. No. 31), and the parties thereafter began negotiating a proposed case management order and related case management submissions for filing in advance of that conference;

**WHEREAS**, on September 19, 2025, the Court *sua sponte* vacated the initial Case Management Conference set for October 3, 2025 (Dkt. No. 42);

**WHEREAS**, at the October 3, 2025 hearing on Meta's motion to dismiss, the Court dismissed the original Complaint in its entirety with leave to amend (Dkt. No. 43);

**WHEREAS**, on November 3, 2025, Plaintiff filed its Amended Complaint (Dkt. No. 47);

**WHEREAS**, while Meta's motion to dismiss the Amended Complaint was pending, Plaintiff sought referral of a scope-of-discovery dispute to a magistrate judge on March 25, 2026 (Dkt. No. 58); the Court referred the matter to Magistrate Judge Tse (Dkt. No. 59); and the parties filed a Joint Discovery Letter Brief on May 1, 2026 (Dkt. No. 64);

**WHEREAS**, following a hearing on May 15, 2026, the Court issued a written order on May 26, 2026, granting in part and denying in part Meta's motion to dismiss the Amended Complaint, sustaining Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing, and dismissing Plaintiff's claim under California's Unfair

JOINT STIP & [PROPOSED] ORDER CONCERNING A CASE MANAGEMENT CONFERENCE AND CASE SCHEDULE, CASE NO. 3:25-CV-3281-CRB

Competition Law with leave to amend within 30 days, which Plaintiff elected not to do (Dkt. No. 72);

**WHEREAS**, on May 22, 2026, the parties filed a joint submission advising the Court that Meta had agreed to withdraw its proportionality objection, mooting the dispute presented in the Joint Discovery Letter Brief filed on May 1, 2026 (Dkt. No. 70), and Magistrate Judge Tse thereafter ordered the parties to "meet and confer further about the scope of discovery, including custodians and search terms, by June 9, 2026," subsequent to which the parties met and conferred on several occasions regarding those topics (Dkt. No. 74);

**WHEREAS**, the parties have also met and conferred regarding a proposed case schedule and prepared a joint Case Management Conference Statement submitted hereto as Exhibit A which reflects the parties' agreements on many case management issues, as well as their disagreements on certain others;

**WHEREAS**, no case schedule has been entered in this action because the initial Case Management Conference was vacated;

**THEREFORE**, the parties, by and through their respective counsel of record, hereby stipulate and set forth their respective positions as follows: Plaintiff believes that an initial Case Management Conference would be helpful in addressing the parties' positions described in the joint Case Management Conference Statement, and requests that the Court set such a conference for July 31, 2026 at 8:30 a.m. pursuant to Civil Local Rules 16-2(e) and 7-12, or such other date and time as is convenient for the Court.  Defendant believes that, in light of the explanations of the parties' respective positions in the joint Case Management Conference Statement and the fact that the parties are largely in agreement as to the dates required by this Court's scheduling order, a Case Management Conference is not necessary.  In all events, the parties are available and will appear at the Court's convenience if the Court schedules a Case Management Conference.

JOINT STIP & [PROPOSED] ORDER CONCERNING A CASE MANAGEMENT CONFERENCE AND CASE SCHEDULE, CASE NO. 3:25-CV-3281-CRB

Dated: July 23, 2026                         */s/ Michael Blatchley*

                                             Michael D. Blatchley
                                             Counsel for Plaintiff


Dated: July 23, 2026                         */s/ Andrew Yaphe*

                                             Andrew Yaphe
                                             Counsel for Defendant

JOINT STIP & [PROPOSED] ORDER CONCERNING A CASE MANAGEMENT CONFERENCE AND CASE SCHEDULE, CASE NO. 3:25-CV-3281-CRB

## [~~PROPOSED~~] ORDER

### PURSUANT TO THE PARTIES' STIPULATION, IT IS HEREBY ORDERED

that:

~~*[Plaintiff's position]* a Case Management Conference is set for Friday _____, 2026 at 8:30 a.m. in San Francisco by Videoconference only;~~

### OR

*[Defendant's position]* no Case Management Conference is necessary and a case schedule will be entered based on the joint Case Management Conference Statement.

The Court adopts the defendant's position - no Case Management Conference is necessary. A case schedule will be entered based on the Joint Case Management Conference Statement.

IT IS SO ORDERED.

Dated: July 24, 2026



_____
UNITED STATES DISTRICT JUDGE

JOINT STIP & [~~PROPOSED~~] ORDER CONCERNING A CASE MANAGEMENT CONFERENCE AND CASE SCHEDULE, CASE NO. 3:25-CV-3281-CRB