James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800

Andrew Yaphe (SBN 274172)
andrew.yaphe@davispolk.com
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

*Counsel for Defendant*
*Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IRON TRIBE FITNESS, on behalf of itself and all others similarly situated,<br><br>     Plaintiff,<br><br> v.<br><br>META PLATFORMS, INC.,<br><br>     Defendant. | Case No. 3:25-cv-03281-CRB<br><br>**DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE AMENDED COMPLAINT**<br><br>Courtroom: 6, 17th Floor<br>Before the Honorable Charles R. Breyer |

Defendant Meta Platforms, Inc. ("Meta"), by and through counsel, for its Answer to Plaintiff's Amended Class Action Complaint (the "Amended Complaint"), hereby states as follows. Unless expressly stated otherwise, Meta denies each and every allegation in the Amended Complaint—including any allegations in unnumbered and numbered paragraphs, titles, headings, subheadings, and footnotes—and specifically denies any liability to Plaintiff. Any factual allegation admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculation which are in the allegation or in the Amended Complaint as a whole. To the extent not expressly denied, all allegations for which Meta denies possessing knowledge or information sufficient to form a belief are denied. Meta reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## RESPONSES TO ALLEGATIONS OF THE AMENDED COMPLAINT

1. Paragraph 1 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1.

2. Paragraph 2 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 2, except admits that at various times, versions of the Statement of Rights and Responsibilities, Facebook Advertising Guidelines, and Help Center were posted on Facebook's website. The versions of the Statement of Rights and Responsibilities, Facebook Advertising Guidelines, and Help Center speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

3. Defendant denies the allegations in Paragraph 3 and Footnote 1, except admits that at various times, Payments Terms were posted on Facebook's website. The Payments Terms speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

4. Paragraph 4 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

1

5.    Paragraph 5 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6.    Paragraph 6 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 6, except admits that at various times, Payments Terms and versions of the SRR were posted on Facebook's website. The Payments Terms and versions of the SRR speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

7.    Paragraph 7 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 7, except admits that Facebook's S-1 filing dated February 1, 2012 contained the language quoted in the second sentence of Paragraph 7. Facebook's S-1 filing speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

8.    Defendant denies the allegations in Paragraph 8, except admits that at various times, the Help Center articles and versions of the SRR were posted on Facebook's website. The Help Center articles and versions of the SRR speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

9.    Paragraph 9 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 9.

10.    Paragraph 10 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 10.

11.    Paragraph 11 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 11.

12.    Paragraph 12 sets forth a hypothetical example used to illustrate Plaintiff's theory of second-price auction mechanics, rather than a factual allegation regarding Defendant's actual

conduct, and therefore no response is required. To the extent a response is required, Defendant denies that the hypothetical accurately or completely describes Defendant's actual ad auction methodology, and otherwise denies the allegations in Paragraph 12.

13. Paragraph 13 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other online advertising platforms.

14. Paragraph 14 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15, except admits that certain employees participated in academic discussions of Facebook's ad auction system, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Google, consultants, advertisers, academics, or other third parties.

16. Defendant denies the allegations in Paragraph 16, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, and advertisers are typically charged based on the number of impressions an ad receives, unless specified otherwise during ad creation.

17. Paragraph 17 sets forth a hypothetical example used to illustrate Plaintiff's theory of second-price auction mechanics, rather than a factual allegation regarding Defendant's actual conduct, and therefore no response is required. To the extent a response is required, Defendant denies that the hypothetical accurately or completely describes Defendant's actual auction methodology, and otherwise denies the allegations in Paragraph 17.

18. Defendant denies the allegations in Paragraph 18, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, and advertisers are typically charged based on the number of impressions an ad receives, unless specified otherwise during ad creation.

DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE AMENDED COMPLAINT
CASE NO. 3:25-CV-03281-CRB

19.     Defendant denies the allegations in Paragraph 19, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, and advertisers are typically charged based on the number of impressions an ad receives, unless specified otherwise during ad creation.

20.     Defendant denies the allegations in Paragraph 20, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, and advertisers are typically charged based on the number of impressions an ad receives, unless specified otherwise during ad creation.

21.     Defendant denies the allegations in Paragraph 21, except admits that, at various times, Defendant made changes to Facebook's code related to Facebook's ad auction processes.

22.     Defendant denies the allegations in Paragraph 22, except admits that, at various times, Defendant made changes to Facebook's code related to Facebook's ad auction processes.

23.     To the extent Paragraph 23 purports to quote or characterize documents that were leaked to Plaintiff, the documents speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents. Defendant otherwise denies the remaining allegations in Paragraph 23.

24.     Defendant denies the allegations in Paragraph 24, except admits that, at various times, Defendant made changes to Facebook's code related to Facebook's ad auction processes.

25.     Paragraph 25 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 25.

26.     Defendant denies the allegations in Paragraph 26, except admits that a *Wired* article dated September 21, 2015 contains the language quoted in the fifth sentence of Paragraph 26. The *Wired* article speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

27.     Defendant denies the allegations in Paragraph 27, except admits that Kurt Runke was previously employed by Defendant, and denies knowledge or information sufficient to form

4

a belief as to the truth of the allegations regarding Mr. Runke's purported opinions or Plaintiff's motivations for filing suit.

28. Paragraph 28 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28, except admits that Defendant is not contesting that this Court has jurisdiction over this matter.

29. Paragraph 29 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29, except admits that Defendant is not contesting venue in this matter.

30. Paragraph 30 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 30, except admits that an ad account associated with Iron Tribe has, at various times, purchased ads from Facebook, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Iron Tribe itself.

31. Defendant denies the allegations in Paragraph 31, except admits that Meta owns and operates Facebook and Instagram, that Facebook can be accessed via a webpage and via mobile applications, that Meta is incorporated under the laws of the State of Delaware, and that Meta maintains its principal place of business in Menlo Park, California.

32. Defendant denies the allegations in Paragraph 32, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, and advertisers are typically charged based on the number of impressions an ad receives, unless specified otherwise during ad creation, and that Benjamin Edelman and others published a paper, and that Hal R. Varian and others published a paper. The papers speak for themselves, and Defendant refers to them for a complete and accurate statement of their content, and denies knowledge or information sufficient to form a belief as to the truthfulness of the allegations regarding Google or other third parties.

33. Defendant denies the allegations in Paragraph 33, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors,

and advertisers are typically charged based on the number of impressions an ad receives, unless specified otherwise during ad creation, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Google or other third parties.

34. Defendant denies the allegations in Paragraph 34, except admits that Facebook's S-1 filing dated February 1, 2012 contained the language quoted in Paragraph 34. Facebook's S-1 filing speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

35. Defendant denies the allegations in Paragraph 35, except admits that Facebook's S-1 filing dated February 1, 2012 contained the language quoted in Paragraph 35. Facebook's S-1 filing speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

36. Defendant denies the allegations in Paragraph 36, except admits that in 2017, Facebook published a document entitled "Your Guide to Facebook Bid Strategy," which contained the language quoted in Paragraph 36. The document entitled "Your Guide to Facebook Bid Strategy" speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

37. Defendant denies the allegations in Paragraph 37, except admits that in 2017, Facebook published a document entitled "Your Guide to Facebook Bid Strategy," which contained the language quoted in Paragraph 37. The document entitled "Your Guide to Facebook Bid Strategy" speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

38. Defendant denies the allegations in Paragraph 38, except admits that, at various times, information regarding the ad auction system was posted on Facebook's website. The posts on Facebook's website speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

39. Defendant denies the allegations in Paragraph 39, except admits that, at various times, information regarding the ad auction system was posted on Facebook's website, and that in 2017, Facebook published a document entitled "Your Guide to Facebook Bid Strategy." The

posts on Facebook's website and the document entitled "Your Guide to Facebook Bid Strategy" speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

40.    Defendant denies the allegations in Paragraph 40, except admits that Facebook made filings in 2013 with the European Patent Office and in 2015 with the Korean Intellectual Property Office. Facebook's filings made in 2013 with the European Patent Office and in 2015 with the Korean Intellectual Property Office speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

41.    Defendant denies the allegations in Paragraph 41 and Footnote 2, except admits that John Hegeman and Andrew Bosworth were employed by Defendant, and that Cade Metz published an article in *Wired* magazine on September 21, 2015. The *Wired* article speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

42.    Defendant denies the allegations in Paragraph 42, except admits that Cade Metz published an article in *Wired* magazine on September 21, 2015. The *Wired* article speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

43.    Defendant denies the allegations in Paragraph 43, except admits that John Hegeman and Andrew Bosworth were employed by Defendant, and that Cade Metz published an article in *Wired* magazine on September 21, 2015. The *Wired* article speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

44.    Defendant denies the allegations in Paragraph 44, except admits that Andrew Bosworth was employed by Defendant and Cade Metz published a second *Wired* article on September 21, 2015. The *Wired* article speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

45.    Defendant denies the allegations in Paragraph 45 and Footnote 3, except admits that Eric Sodomka and Chinmay Karande were employed by Defendant, and that Eric Sodomka participated in a 2017 conference at the Simons Institute for the Theory of Computing located on the UC Berkeley campus with a presentation entitled "On How Machine Learning and Auction Theory Power Facebook Advertising." The presentation entitled "On How Machine Learning

and Auction Theory Power Facebook Advertising" speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

46.    Defendant denies the allegations in Paragraph 46, except admits that Eric Sodomka participated in a 2017 conference at the Simons Institute for the Theory of Computing located on the UC Berkeley campus with a presentation entitled "On How Machine Learning and Auction Theory Power Facebook Advertising." The presentation entitled "On How Machine Learning and Auction Theory Power Facebook Advertising" speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

47.    Defendant denies the allegations in Paragraph 47, except admits that Eric Sodomka participated in a 2017 conference at the Simons Institute for the Theory of Computing located on the UC Berkeley campus with a presentation entitled "On How Machine Learning and Auction Theory Power Facebook Advertising." The presentation entitled "On How Machine Learning and Auction Theory Power Facebook Advertising" speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

48.    Defendant denies the allegations in Paragraph 48, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding YouTube or other third parties, or any actions taken by employees in their personal capacities.

49.    Defendant denies the allegations in Paragraph 49 and Footnote 4, except admits that authors working at University of London, Bocconi University and Pompeu Fabra University published a paper. The paper speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents. Defendant further denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the preparation of the paper, any information therein, or allegations regarding Google, Microsoft-Bing, Yahoo!, or other third parties.

50.    Defendant denies the allegations in Paragraph 50 and Footnote 5, except admits that David Pio was an employee of Defendant and posted the statement quoted in Paragraph 50. The post speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

51. Defendant denies the allegations in Paragraph 51 and Footnotes 6 and 7, except admits that Hal R. Varian and Christopher Harris published a paper in 2014, and that Clark Boyd and Ximena Sanchez published a paper in 2018. The papers speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

52. Defendant denies the allegations in Paragraph 52 and Footnote 8, except admits that a blog on Cornell University's website published a post in 2017. The blog post speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

53. Defendant denies the allegations in Paragraph 53 and Footnotes 9 and 10, except admits that a blog on Cornell University's website published a post, and that *Medium* posted an article. The blog post and *Medium* article speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

54. Defendant denies the allegations in Paragraph 54 and Footnote 11, except admits that the *Motley Fool* published an article, and that *Wired* published an article, and that John Hegeman was employed by Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations. The *Motley Fool* and *Wired* articles speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

55. Defendant denies the allegations in Paragraph 55 and Footnote 12, except admits that a post was made on LinkedIn. The LinkedIn post speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents. Defendant further denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding any consultants or other third parties.

56. Defendant denies the allegations in Paragraph 56 and Footnotes 13 and 14, except admits that the cited post was made on LinkedIn. The LinkedIn post speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents. Defendant further denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding any consultants, Google, or other third parties.

57. Defendant denies the allegations in Paragraph 57, except admits that the cited post was made on LinkedIn. The LinkedIn post speaks for itself, and Defendant refers to it for a

complete and accurate statement of its contents. Defendant further denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Google, Snapchat, Twitter, or other third parties.

58.     Defendant denies the allegations in Paragraph 58, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, and advertisers are typically charged based on the number of impressions an ad receives, unless specified otherwise during ad creation, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

59.     Defendant denies the allegations in Paragraph 59, except admits that at various times, Facebook has offered ad targeting services to advertisers.

60.     Defendant denies the allegations in Paragraph 60, except admits that at various times, advertisers could choose certain ad objectives including "reach," "engagement," or "conversions."

61.     Defendant denies the allegations in Paragraph 61, except admits that at various times, advertisers could manually bid or set a budget to spend on ads.

62.     Defendant denies the allegations in Paragraph 62, except admits that at various times, advertisers could cap the highest price they could bid at every single auction.

63.     Defendant denies the allegations in Paragraph 63, except admits that, at various times, advertisers could use budgets, auto bids, and/or budget pacing tools in connection with Facebook's ad auction processes.

64.     Defendant denies the allegations in Paragraph 64, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, the winner of the auction is the ad with the highest total value, the total value is a combination of three major factors: bid, estimated action rates, and ad quality, and, together, estimated action rates and ad quality measure ad relevance.

65.     Defendant denies the allegations in Paragraph 65, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, the winner of the auction is the ad with the highest total value, the total value is a combination of

10

three major factors: bid, estimated action rates, and ad quality, and, together, estimated action rates and ad quality measure ad relevance, and that ads on Facebook can be shown in Feed.

66. Paragraph 66 sets forth a hypothetical example used to illustrate Plaintiff's theory of second-price auction mechanics, rather than a factual allegation regarding Defendant's actual conduct, and therefore no response is required. To the extent a response is required, Defendant denies that the hypothetical accurately or completely describes Defendant's actual auction methodology, and otherwise denies the allegations in Paragraph 66.

67. Defendant denies the allegations in Paragraph 67, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, and that the winner of the auction is the ad with the highest total value, the total value is a combination of three major factors: bid, estimated action rates, and ad quality, and, together, estimated action rates and ad quality measure ad relevance.

68. Paragraph 68 sets forth a hypothetical example used to illustrate Plaintiff's theory of second-price auction mechanics, rather than a factual allegation regarding Defendant's actual conduct, and therefore no response is required. To the extent a response is required, Defendant denies that the hypothetical accurately or completely describes Defendant's actual auction methodology, and otherwise denies the allegations in Paragraph 68, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, and that the winner of the auction is the ad with the highest total value, the total value is a combination of three major factors: bid, estimated action rates, and ad quality, and, together, estimated action rates and ad quality measure ad relevance.

69. Paragraph 69 sets forth a hypothetical example used to illustrate Plaintiff's theory of second-price auction mechanics, rather than a factual allegation regarding Defendant's actual conduct, and therefore no response is required. To the extent a response is required, Defendant denies that the hypothetical accurately or completely describes Defendant's actual auction methodology, and otherwise denies the allegations in Paragraph 69.

70. Paragraph 70 sets forth a hypothetical example used to illustrate Plaintiff's theory of second-price auction mechanics, rather than a factual allegation regarding Defendant's actual

conduct, and therefore no response is required. To the extent a response is required, Defendant denies that the hypothetical accurately or completely describes Defendant's actual auction methodology, and otherwise denies the allegations in Paragraph 70.

71.    Paragraph 71 sets forth a hypothetical example used to illustrate Plaintiff's theory of second-price auction mechanics, rather than a factual allegation regarding Defendant's actual conduct, and therefore no response is required. To the extent a response is required, Defendant denies that the hypothetical accurately or completely describes Defendant's actual auction methodology, and otherwise denies the allegations in Paragraph 71.

72.    Paragraph 72 sets forth a hypothetical example used to illustrate Plaintiff's theory of second-price auction mechanics, rather than a factual allegation regarding Defendant's actual conduct, and therefore no response is required. To the extent a response is required, Defendant denies that the hypothetical accurately or completely describes Defendant's actual auction methodology, and otherwise denies the allegations in Paragraph 72.

73.    Defendant denies the allegations in Paragraph 73, except admits that Feed displays both organic and paid content.

74.    Defendant denies the allegations in Paragraph 74, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, and advertisers are typically charged based on the number of impressions an ad receives, unless specified otherwise during ad creation, and that at various times, Defendant made changes to Facebook's code related to Facebook's ad auction processes.

75.    Defendant denies the allegations in Paragraph 75, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, and that the winner of the auction is the ad with the highest total value, the total value is a combination of three major factors: bid, estimated action rates, and ad quality, and, together, estimated action rates and ad quality measure ad relevance.

76.    Defendant denies the allegations in Paragraph 76, except admits that, at various times, Defendant made changes to Facebook's code related to Facebook's ad auction processes.

77.    To the extent Paragraph 77 purports to quote or characterize documents that were leaked to Plaintiff, the documents speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents. Defendant otherwise denies the remaining allegations in Paragraph 77.

78.    Defendant admits that Instagram is owned and operated by Defendant. To the extent Paragraph 78 purports to quote or characterize documents that were leaked to Plaintiff, the documents speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents. Defendant otherwise denies the remaining allegations in Paragraph 78.

79.    To the extent Paragraph 79 purports to quote or characterize documents that were leaked to Plaintiff, the documents speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents. Defendant otherwise denies the remaining allegations in Paragraph 79.

80.    To the extent Paragraph 80 purports to quote or characterize documents that were leaked to Plaintiff, the documents speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents. Defendant otherwise denies the remaining allegations in Paragraph 80.

81.    To the extent Paragraph 81 purports to quote or characterize documents that were leaked to Plaintiff, the documents speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents. Defendant otherwise denies the remaining allegations in Paragraph 81.

82.    To the extent Paragraph 82 purports to quote or characterize documents that were leaked to Plaintiff, the documents speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents. Defendant otherwise denies the remaining allegations in Paragraph 82.

83.    To the extent Paragraph 83 purports to quote or characterize documents that were leaked to Plaintiff, the documents speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents. Defendant otherwise denies the remaining allegations in Paragraph 83.

84. Defendant denies the allegations in Paragraph 84, except admits that at various times, Facebook employees communicated using Workplace.

85. Defendant denies the allegations in Paragraph 85, except admits that, at various times, Defendant made changes to Facebook's code related to Facebook's ad auction processes.

86. Defendant denies the allegations in Paragraph 86, except admits that, at various times, Defendant made changes to Facebook's code related to Facebook's ad auction processes, and that Chinmay Karande was employed by Defendant.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant admits that Leo Leqiang Li was employed by Defendant. To the extent Paragraph 89 purports to quote or characterize documents that were leaked to Plaintiff, the documents speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents. Defendant otherwise denies the remaining allegations in Paragraph 89.

90. Defendant admits that Chinmay Karande was employed by Defendant. To the extent Paragraph 90 purports to quote or characterize documents that were leaked to Plaintiff, the documents speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents. Defendant otherwise denies the remaining allegations in Paragraph 90.

91. Defendant denies the allegations in Paragraph 91.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations in Paragraph 93, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge or Plaintiff's counsel's investigation.

94. Defendant denies the allegations in Paragraph 94, except admits that *Wired* published an article, and that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, and that the winner of the auction is the ad with the highest total value, the total value is a combination of three major factors: bid, estimated action rates, and ad quality, and, together, estimated action rates and ad quality measure ad relevance. The

14

*Wired* article speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

95. Defendant denies the allegations in Paragraph 95, except admits that it issued a press release in September 2016. The September 2016 press release speaks for itself, and Defendant refers to it for a complete and accurate statement of its contents.

96. Defendant denies the allegations in Paragraph 96.

97. Paragraph 97 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 97, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's counsel's investigation or relationship with Plaintiff.

98. Paragraph 98 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's counsel's investigation.

99. Paragraph 99 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 99, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's knowledge, Plaintiff's counsel's investigation or relationship with Plaintiff, or Plaintiff's knowledge.

100. Defendant denies the allegations in Paragraph 100, except admits that at various times, versions of the Statement of Rights and Responsibilities were posted on Facebook's website and contained links to other Facebook webpages. The versions of the Statement of Rights and Responsibilities speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

101. Defendant denies the allegations in Paragraph 101, except admits that at various times, versions of the Statement of Rights and Responsibilities were posted on Facebook's website and contained links to other Facebook webpages. The versions of the Statement of Rights

and Responsibilities speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

102.    Paragraph 102 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant admits that at various times, versions of the Statement of Rights and Responsibilities, Advertising Guidelines, and Community Payments Terms were posted on Facebook's website. Defendant denies that the quoted statement, made in the context of different litigation involving different parties, claims, and factual circumstances, has any relevance to this action or otherwise governs or controls the interpretation of the versions of the Statement of Rights and Responsibilities as alleged in this case. The versions of the Statement of Rights and Responsibilities, Advertising Guidelines, and Community Payments Terms speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents. Defendant otherwise denies the remaining allegations in Paragraph 102.

103.    Paragraph 103 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 103, except admits that at various times, Facebook's Help Center included articles on Facebook's website. The Help Center articles speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

104.    Defendant denies the allegations in Paragraph 104, except admits that at various times, Facebook's Help Center included articles on Facebook's website. The Help Center articles speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

105.    Defendant denies the allegations in Paragraph 105, except admits that at various times, Facebook's Help Center included articles on Facebook's website. The Help Center articles speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

106.    Defendant denies the allegations in Paragraph 106, except admits that at various times, Facebook's Help Center included articles on Facebook's website. The Help Center articles

DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE AMENDED COMPLAINT
CASE NO. 3:25-CV-03281-CRB

speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

107.    Defendant denies the allegations in paragraph 107, except admits that at various times, Facebook's Help Center included articles on Facebook's website. The Help Center articles speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

108.    Paragraph 108 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 108, except admits that at various times, Facebook's Help Center included articles on Facebook's website. The Help Center articles speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

109.    Paragraph 109 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 109, except admits that at various times, Facebook's Help Center included articles on Facebook's website. The Help Center articles speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

110.    Paragraph 110 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 110, except admits that at various times, versions of the Statement of Rights and Responsibilities, Payments Terms, and Self-Service Ad Terms were posted on Facebook's website. The versions of the Statement of Rights and Responsibilities, Payments Terms, and Self-Service Ad Terms speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

111.    Paragraph 111 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 111, except admits that at various times, versions of the Statement of Rights and Responsibilities and Payments Terms were posted on Facebook's website. The versions of the

17

DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE AMENDED COMPLAINT
CASE NO. 3:25-CV-03281-CRB

Statement of Rights and Responsibilities and Payments Terms speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

112. Paragraph 112 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 112, except admits that Facebook employees used email to communicate regarding customer invoices, and that at various times, certain Facebook Help Center articles and Payments Terms were posted on Facebook's website. The Help Center articles and Payments Terms speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

113. Paragraph 113 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 113, except admits that at various times, versions of the Statement of Rights and Responsibilities were posted on Facebook's website. The versions of the Statement of Rights and Responsibilities speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

114. Paragraph 114 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 114.

115. Defendant denies the allegations in Paragraph 115, except admits that David Pio was employed by Defendant, and admits that at various times, certain articles were posted on Facebook's website, and in 2017, Facebook published a document entitled "Your Guide to Facebook Bid Strategy." The posts on Facebook's website and the document entitled "Your Guide to Facebook Bid Strategy speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

116. Defendant denies the allegations in Paragraph 116, except admits that Eric Sodomka, Chinmay Karande, John Hegeman and Andrew Bosworth were employed by Defendant.

117. Defendant denies the allegations in Paragraph 117, except admits that *Wired*, *Medium* and *Motley Fool* published articles. The *Wired*, *Medium*, and *Motley Fool* articles speak for

18

themselves, and Defendant refers to them for a complete and accurate statement of their contents. Defendant further denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the understanding of advertisers, consultants, or other third parties.

118. Defendant denies the allegations of Paragraph 118, except admits that the Facebook Platform Policies dated June 28, 2013 were posted on Facebook's website. The Facebook Platform Policies speak for themselves and Defendant refers to them for a complete and accurate statement of their contents.

119. Paragraph 119 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 119.

120. Paragraph 120 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 120.

121. Paragraph 121 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 121.

122. Defendant denies the allegations in Paragraph 122.

123. Defendant denies the allegations in Paragraph 123, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, and advertisers are typically charged based on the number of impressions an ad receives, unless specified otherwise during ad creation, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding understandings of third parties.

124. Paragraph 124 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 124, except admits that Facebook uses an ad auction system where ads compete for impressions based on bids and other factors, and advertisers are typically charged based on the number of impressions an ad receives, unless specified otherwise during ad creation.

DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE AMENDED COMPLAINT
CASE NO. 3:25-CV-03281-CRB

125. Paragraph 125 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 125, except admits that Facebook launched an Audience Network in 2014 and that the Audience Network Partner Program Code of Conduct was posted on Facebook's website. The Audience Network Partner Program Codes of Conduct speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

126. Defendant denies the allegations in Paragraph 126.

127. Defendant denies the allegations in Paragraph 127.

128. Paragraph 128 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 128.

129. Paragraph 129 contains allegations regarding claims that were dismissed pursuant to the Court's May 26, 2026 Order granting in part and denying in part Defendant's motion to dismiss the amended complaint (Dkt. No. 72) (the "MTD Order") and contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 129.

130. Paragraph 130 contains allegations regarding claims that were dismissed pursuant to the Court's May 26, 2026 MTD Order, and contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 130.

131. Paragraph 131 contains allegations regarding claims that were dismissed pursuant to the Court's May 26, 2026 MTD Order, and contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 131.

132. Paragraph 132 contains allegations regarding claims that were dismissed pursuant to the Court's May 26, 2026 MTD Order, and contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 132.

DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE AMENDED COMPLAINT
CASE NO. 3:25-CV-03281-CRB

133.    Paragraph 133 contains allegations regarding claims that were dismissed pursuant to the Court's May 26, 2026 MTD Order, and contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 133.

134.    Defendant repeats and reincorporates each and every response to the allegations above, as if set forth fully herein. Paragraph 134 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 134, except admits that Plaintiff purports to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

135.    Paragraph 135 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 135.

136.    Paragraph 136 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 136.

137.    Paragraph 137 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 137, except admits that at various times, versions of the Statement of Rights and Responsibilities were posted on Facebook's website. The versions of the Statement of Rights and Responsibilities speak for themselves, and Defendant refers to them for a complete and accurate statement of their contents.

138.    Paragraph 138 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 138.

139.    Paragraph 139 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 139.

140. Paragraph 140 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 140.

141. Paragraph 141 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 141, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's counsel.

142. Paragraph 142 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142.

143. Paragraph 143 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 143.

144. Paragraph 144 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 144.

145. Defendant repeats and reincorporates each and every response to the allegations above, as if set forth fully herein.

146. Paragraph 146 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 146.

147. Paragraph 147 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 147.

148. Paragraph 148 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 148.

149.    Paragraph 149 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 149.

150.    Paragraph 150 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 150.

151.    Defendant repeats and reincorporates each and every response to the allegations above, as if set forth fully herein.

152.    Paragraph 152 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 152.

153.    Paragraph 153 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 153.

154.    Paragraph 154 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 154.

155.    Paragraph 155 contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 155.

156.    Defendant repeats and reincorporates each and every response to the allegations above, as if set forth fully herein.

157.    Paragraph 157 contains allegations regarding claims that were dismissed pursuant to the Court's May 26, 2026 MTD Order, and contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 157.

158.    Paragraph 158 contains allegations regarding claims that were dismissed pursuant to the Court's May 26, 2026 MTD Order, and contains legal arguments and conclusions of law,

23

and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 158.

159.    Paragraph 159 contains allegations regarding claims that were dismissed pursuant to the Court's May 26, 2026 MTD Order and contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 159.

160.    Paragraph 160 contains allegations regarding claims that were dismissed pursuant to the Court's May 26, 2026 MTD Order, and contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 160.

161.    Paragraph 161 contains allegations regarding claims that were dismissed pursuant to the Court's May 26, 2026 MTD Order and contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 161.

### RESPONSE TO PRAYER FOR RELIEF

This paragraph contains allegations regarding Plaintiff's prayer for relief, and contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to any relief and denies that the alleged class should be certified.

### RESPONSE TO JURY DEMAND

This paragraph contains allegations regarding Plaintiff's demand for a jury trial, and contains legal arguments and conclusions of law, and therefore no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to demand a jury trial.

### AFFIRMATIVE AND OTHER DEFENSES

Without admitting any wrongful conduct, and without assuming any burden that it would not otherwise bear, Defendant asserts the following defenses to Plaintiff's Amended Complaint. In asserting these defenses, Defendant has not knowingly or intentionally waived any applicable additional defenses and reserves the right to assert any other defenses, crossclaims, or third-party

24

claims not asserted herein of which Defendant becomes aware through discovery or other investigation as may be appropriate at a later time.

## FIRST DEFENSE

Plaintiff's claims are barred by the applicable statutes of repose and/or statutes of limitation.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by equitable estoppel, waiver, unclean hands, and/or other equitable doctrines.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of collateral estoppel.

## FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish breach of an express or implied contractual promise made by Defendant.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant substantially performed any obligations it had to provide services to Plaintiff.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff continued to purchase advertising services from Defendant, and thereby modified any agreement between the parties to reflect their course of conduct.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any cognizable damages.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to make reasonable efforts to mitigate its alleged injury or damage that would have prevented all or part of any such alleged injury or damage.

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged damages suffered by Plaintiff, which Defendant denies, are speculative.

## ELEVENTH DEFENSE

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action.

## TWELFTH DEFENSE

The purported class period is overbroad and, therefore, many of the purported class members are not entitled to any recovery.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff and members of the alleged class lack Article III and/or statutory standing to the extent they suffered no cognizable injury or damages from the conduct alleged.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Court's May 26, 2026 MTD Order.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff obtained the information to form the basis of its complaint in violation of Defendant's employment agreements, other confidentiality agreements, and/or other legal privileges that prohibit the use of such information to form the basis of a complaint.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the voluntary payment doctrine, because Plaintiff and putative class members paid the amounts charged for advertising services with full opportunity to review such charges and without protest at the time of payment.

## SEVENTEENTH DEFENSE

To the extent that Plaintiff or any member of the putative Class agreed to resolve disputes with Defendant through individual arbitration and/or waived the right to proceed on a class, collective, or representative basis, their claims are barred, in whole or in part, and/or must be compelled to individual arbitration.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff or members of the putative class placed advertisements through third-party advertising agencies, resellers, or other intermediaries whose involvement bears on contract formation, privity, or damages.

## NINETEENTH DEFENSE

Defendant reserves the right to assert additional affirmative defenses that discovery or further investigation may reveal to be applicable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court:

1. Render judgment that Plaintiff takes nothing by this suit;

2. Dismiss the Amended Complaint with prejudice;

3. Award Defendant its costs and expenses, including attorneys' fees; and

4. Grant any other just and proper relief to which Defendant may be entitled.

27

DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE AMENDED COMPLAINT
CASE NO. 3:25-CV-03281-CRB

Dated: July 28, 2026

Respectfully submitted,

*/s/ James P. Rouhandeh*

James P. Rouhandeh (*pro hac vice*)
rouhandeh@davispolk.com
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 701-5800

Andrew Yaphe (SBN 274172)
andrew.yaphe@davispolk.com
DAVIS POLK & WARDWELL LLP
900 Middlefield Road, Suite 200
Redwood City, California 94063
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

*Counsel for Defendant*
*Meta Platforms, Inc.*

DEFENDANT META PLATFORMS, INC.'S ANSWER TO THE AMENDED COMPLAINT
CASE NO. 3:25-CV-03281-CRB