UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IRON TRIBE FITNESS,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No.  25-cv-03281-CRB (AGT)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 77, 85 |

The Court approves the parties' agreed-upon changes to the Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (the "Model Order"). *See* Dkt. 85-1 (chart of agreed-upon changes). As for the disputed changes, the Court orders as follows.

1. Competitors. The parties shall include a clause in § 2.2 that requires Court approval of any modifications to Meta's competitor list. This clause will allow the Court to balance the equities involved in adding a Meta competitor to the list mid-case, including the effects (if any) that the addition will have on Plaintiff's experts.

2. Leak Policing. The Court denies Meta's request to include a provision that would require the parties to police confidentiality breaches occurring outside the discovery process.

Such a requirement may interfere with how the parties use material obtained outside discovery. Rule 26 "does not authorize the court to limit use by a party of confidential information of another party if the party has obtained it by some method other than discovery." 8A Wright & Miller, Fed. Prac. & Proc. Civ. § 2043 (3d ed. Apr. 2026 update).

　　　3. <u>Permitting Disclosure to Those with "Authority to Access"</u>. Plaintiff proposes adding to the list of persons with whom the parties may share protected material those "who had access to or the authority to access or obtain" the material in the ordinary course of business. Dkt. 77-3 § 7.3(h). The Model Order limits disclosure to persons who "possessed or knew the information." § 7.3(g). Plaintiff hasn't persuaded the Court that its more expansive phrasing is warranted. The Court adopts Meta's version of § 7.3(h), which tracks the Model Order.

　　　4. <u>Patent Prosecution Bar</u>. Meta hasn't convinced the Court that a patent prosecution bar is needed. Although Meta may need to produce source code, auction algorithms, and other proprietary information, dkt. 77 at 5, the Model Order, as modified by the parties' agreed-upon changes, should adequately protect that material from misuse. This isn't a patent case, and Meta hasn't identified anyone involved with the case who may prosecute related patents. If more concrete patent prosecution concerns later arise, Meta may move under Rule 26 for a specific protective order if it can demonstrate good cause.

　　　5. <u>Territorial Restrictions</u>. Meta proposes that no protected material leave the United States. The Model Order isn't as restrictive, and Meta hasn't demonstrated that tighter controls are necessary. The Model Order already includes an optional "export control" provision. § 14.3. The parties shall use that provision, plus Plaintiff's more narrowly tailored restriction that no source code leave the United States.

* * *

2

By August 18, 2026, the parties shall file for review and approval a proposed protective order that conforms with the Court's rulings.

**IT IS SO ORDERED.**

Dated: August 13, 2026

Alex G. Tse
United States Magistrate Judge