**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IRON TRIBE FITNESS, on behalf of itself and all others similarly situated,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:25-cv-03281-CRB<br>**[PROPOSED] PROTECTIVE ORDER**<br>Before the Honorable Alex G. Tse |

WHEREAS, the Parties hereto desire to obtain a protective order to prevent inappropriate or unauthorized dissemination or disclosure of information and tangible things believed to be confidential and proprietary by the holder thereof; and

WHEREAS, such information and tangible things likely will include, among other things, sensitive, confidential, proprietary, trade secret, and/or private information;

IT IS HEREBY STIPULATED, and subject to the Court's approval, pursuant to Federal Rule of Civil Procedure 26(c), that the following provisions govern the disclosure and discovery of information and tangible things in these proceedings.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information and tangible things that are entitled to confidential treatment under the applicable legal principles. The Parties further

acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation or non-designation of Disclosure or Discovery Material under this Stipulated Protective Order.

2.2 Competitor: The term "competitor" will have its ordinary meaning, which solely for purposes of this case, based on the allegations in this case, includes Google, Apple, YouTube, Tencent, Snap, Twitter, ByteDance, Microsoft, Amazon, and TikTok. Meta has the right to update and amend this list for purposes of this case only with Court approval.

2.3 "CONFIDENTIAL" Protected Material: Protected Material (regardless of how it is generated, stored or maintained) is material that qualifies for protection under Federal Rule of Civil Procedure 26(c), or the disclosure of which may cause harm to a Party or Non-Party, including competitively sensitive business information, personal health information, personally identifiable information (e.g. information that would be subject to redaction under Federal Rule of Civil Procedure 5.2 as well as any information that would be harmful to an individual should the information be made public), or any information from or about an individual consumer.

2.4 Counsel (without qualifier): Outside Counsel of Record and In House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates, or that has a reasonable expectation of the right to designate, Protected Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6 Disclosure or Discovery Material: all information and tangible things, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony and transcripts), that are produced or generated in disclosures or

responses to discovery, disclosed, or used in this matter, including any productions or disclosures made prior to the entry of this Order.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee or contractor of an opposing Party, (3) is not a current employee or contractor of an opposing Party's competitor, and (4) at the time of retention, is not anticipated to become an employee or contractor of an opposing Party or of an opposing Party's competitor.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material: "Protected Material," disclosure of which to another Party or Non-Party would create a substantial risk of harm that could not be avoided by less restrictive means, including: proprietary design and development materials for products and/or services, sensitive products and/or services, and strategic decision-making information.

2.9 "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material: "Protected Material" representing or consisting of Source Code as defined in Section 2.18.

2.10 In House Counsel: attorneys who are employees, including contractors, of a Party to this action. In House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal or governmental entity not named as a Party to this action from whom discovery has been sought and/or whose Disclosure or Discovery Material is produced in this Action.

2.12 Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared, or whose law firm has appeared, in this action on behalf of that Party.

2.13 Party: any party to this action, including all of its officers, directors, employees, consultants, contractors, retained experts, and Outside Counsel of Record (and their support staff).

2.14 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, scanning, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, searching or retrieving data in any form or medium) and their employees and subcontractors.

2.16 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18 Source Code: computer code, associated comments, and/or revision histories for computer code, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs.

3. SCOPE

The protections conferred by this Stipulated Protective Order cover not only Protected Material, as defined above and including any Protected Material produced or disclosed in this matter prior to the entry of this Order, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained

the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial will be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law and the time limits for filing a petition for writ of certiorari to the Supreme Court of the United States, if applicable.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards, including Local Civil Rule 79-5 and Rules 1, 26(b)(5), 26(c), 34(b)(2) and 37 of the Federal Rules of Civil Procedure.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing or revising the designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (see, e.g., Section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for Protected Material in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to every page of the document that contains Protected Material. For Protected Material that is produced in native electronic format, the designation legend must be included in the file name and on any slipsheets when produced in accordance with any governing ESI Protocol. For the avoidance of doubt, the absence of a confidentiality legend on any printed copy of a document produced natively shall not affect the confidentiality status of the document as designated in its original production.

(b) for testimony given in deposition or other pretrial proceeding, that the Designating Party either (1) identifies on the record or (2) identifies, in writing, within 21 calendar days of receipt of the final transcript, that the transcript or portions therein must be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." To the extent a deponent gives testimony regarding exhibits that are designated Protected Material, unless the Parties agree otherwise, that testimony must be treated in accordance with the level the Protected Material was designated regardless of whether the testimony itself receives express designation at or after the deposition.

The Parties shall give the other Parties notice if they reasonably expect a deposition or other pretrial proceeding will include Protected Material so that the other Parties can ensure that only authorized individuals who are entitled to receive Protected Material as defined in this Protective Order or who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of Protected Material as an exhibit at a deposition or other pretrial proceedings will not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material must have an obvious legend on the title page that the transcript contains Protected Material, and the title page must be followed by a list of all

pages that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. During the 21-day period for designation, Parties shall treat any transcript that was not designated on the record pursuant to the first paragraph of Section 5 above as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety. After the expiration of that period or of such earlier time that such transcript is designated, the transcript will be treated only as actually designated.

(c) for Protected Material produced in some form other than documentary and for any tangible things, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Protected Material is produced or disclosed the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

5.3 Failure to Designate. A failure to designate qualified Disclosure or Discovery Material, whether inadvertent or otherwise, does not waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon correction of a designation, the Receiving Party must make all reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order, which may require a Party to withdraw access to Protected Material that was given to a person who is not authorized to have access under the new designation. Within a reasonable time after the correction of a designation, a Receiving Party must provide notice to the Designating Party of all persons who received access to the Protected Material who are no longer authorized to have access under the new designation.

In the event that a Producing Party fails to designate Protected Material, the Producing Party shall give written notice of such production (the "Re-Designation Production Notice") and shall reproduce copies of the Protected Material that are labeled with the appropriate confidentiality designation. Upon receipt of a Re-Designation Production Notice and properly labeled Protected Material, the Receiving Party shall promptly destroy the original produced Protected Material and all copies thereof or return such together with all copies of such Protected Material to

counsel for the Producing Party. This provision is not intended to apply to any production of any document, material, or testimony protected by attorney-client or work product privileges, which is separately addressed in the ESI Protocol the Parties have agreed upon and Section 15 below.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality or non-designation at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for the challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Stipulated Protective Order.

The Designating Party shall have an opportunity to respond in writing, and must do so within 7 calendar days of a challenge being made, unless otherwise agreed. If a dispute remains, the Parties shall attempt to resolve the challenge in good faith and shall meet and confer in person or by phone or videoconference (other forms of communication are not sufficient) within 5 calendar days of the date of service of the Designating Party's written response, unless otherwise agreed. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality under Civil

Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 7 calendar days from the meet and confer. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the requirements imposed in Section 6.2 above. The Designating Party may also bring a motion relating to its designation. The burden of persuasion in any such challenge proceeding shall be the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles.

(a) A Receiving Party may use Protected Material only for prosecuting, defending, or attempting to settle this litigation and associated appeals.

(b) Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

(c) A Receiving Party must comply with the provisions of Section 16 below (FINAL DISPOSITION) for the Duration of this Stipulated Protective Order.

(d) A Receiving Party must store and maintain Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2 Data Security of Protected Material. Any Receiving Party or any person in possession of or transmitting another Party's Protected Material must maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect and secure the Protected Material from loss, misuse, unauthorized access and disclosure, and protect against any reasonably anticipated threats or hazards to the security of the Protected Material. Reasonable administrative, technical, and physical safeguards may include, but are not limited to: utilization of Secure File Transfer Protocol (SFTP), Secure Sockets Layer

(SSL), or Virtual Private Network (VPN) technologies when transferring files; encryption of the data when data is being transferred to the Receiving Party; encryption of the data when data is at rest when being stored by the Receiving Party; controlled access to the files themselves (e.g., background checks for personnel handling the data stored in servers, rooms, etc.); an audit trail that maintains a record of all activity by both system and application processes and by user activity with any operating system(s), application(s), file system(s), or file(s) that stores or interacts with the Protected Material; agreement between parties as to specified vendor and data security technologies; liquidated damages provision for breach, secured by a bond or other security; access rights management; physical space and device access and usage controls; or where applicable, incorporation of statutory or sectoral standards and specifications.

To the extent the Receiving Party or any person in possession of or transmitting another Party's Protected Material does not have an information security program, the Receiving Party may comply with this Data Security provision by having Protected Material maintained by and/or stored with a secure eDiscovery/litigation support site(s) or claims administrator that maintains an information security program that complies with the requirements above or otherwise aligns with standard industry practices regarding data security.

Any Protected Material in paper format must be maintained in a secure location with access limited to persons entitled to access the Protected Material under this Stipulated Protective Order. The Receiving Party will take reasonable steps to limit the number of copies that are made of another Party's Protected Material that is produced in paper format.

If a Receiving Party or any person in possession of or transmitting another Party's Protected Material discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another Party's Protected Material, the Receiving Party or any person in possession of or transmitting another Party's Protected Material shall: (1) promptly provide written notice to the Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Designating Party with assurances reasonably satisfactory to Designating Party that such breach will not reoccur; and (3)

provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party or any person in possession of or transmitting any Protected Material agrees to cooperate with the Designating Party in investigating any such security incident. In any event, the Receiving Party or any person in possession of or transmitting any Protected Material shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

The Receiving Party shall not load, import, submit, or otherwise transfer Protected Material produced by the Producing Party to an open Large Language Model ("LLM") or other open Generative Artificial Intelligence ("AI") platform, nor may the Receiving Party utilize any closed LLM or AI platforms where the Producing Party's Protected Material may be used to train open models or otherwise made accessible to other users of the LLM or AI platform not authorized to receive Protected Material under this Order. Before the Receiving Party transfers any of the Producing party's Protected Material to a closed LLM or AI platform, the Receiving Party shall make reasonably sure that it can delete all such Protected Material from the platform at the final disposition of this action, as defined in paragraph 4. The Receiving Party will be responsible for destroying such produced information from such tools at the end of the Matter.

7.3 Disclosure of "CONFIDENTIAL" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material designated as "CONFIDENTIAL" that is not "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, employees and contractors (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions or in preparation for the same, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) ("Acknowledgment") unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(i) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Protected Material</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party's in-house counsel, limited to attorneys working for the Receiving Party in a litigation capacity who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants including mock jurors who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) ("Acknowledgment") unless a specific objection is raised by the Designating Party at least ten (10) days before the deposition and the parties cannot resolve the dispute. If a witness refuses to sign, the noticing party has the right to adjourn the deposition and raise the matter with the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(i) any mediator who is assigned to this matter and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.5 Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

Receiving Party may disclose any Disclosure or Discovery Material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party's in-house counsel, limited to attorneys working for the Receiving Party in a litigation capacity who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined by this Stipulated Protective Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.6(a), below, have been followed;

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants (but not mock jurors) who have signed a confidentiality agreement, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the Protected Material or a custodian or other person who otherwise possessed or knew the Protected Material; and

(h) any mediator who is assigned to this matter, and his or her staff, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.6 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material to Experts</u>.

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material, must first provide written notice to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material that the Receiving Party seeks to disclose to the Expert, (2) sets forth the full name of the Expert, (3) attaches a copy of the Expert's current resume, and (4) identifies the Expert's current employer(s).

(b) A Party that provides notice as specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within 7 calendar days of delivering the notice (or a different time period as otherwise agreed), the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within 7 calendar days of the written objection unless otherwise agreed. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion under the applicable court rules for bringing such discovery disputes (and in compliance with Civil Local Rule 79-5, if applicable). In any such proceeding, the Party opposing disclosure to the Expert bears the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert and that any limits on disclosure are otherwise consistent with Rule 26(c). For the avoidance of doubt, the subject Protected Material cannot be disclosed to the Expert while any such dispute is pending.

8. <u>DISCLOSURE AND INSPECTION OF SOURCE CODE</u>

To the extent production or disclosure of Source Code is requested in this case, the Parties' agreement regarding the disclosure and inspection of Source Code will be memorialized in a separate Joint Protective Order.

9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

9.1 If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material or any other legally enforceable request requiring the disclosure of Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena, court order, or request for information;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification must include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Any agreement by a Designating Party that Protected Material may be produced in response to a subpoena does not in any way waive the protections this Stipulated Protective Order provides against disclosure in any other litigation.

9.2 The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) Any discovery requests, including subpoena and deposition notices, propounded to Non-Parties must be accompanied by a copy of this Stipulated Protective Order.

(b) The terms, remedies, and relief provided by this Stipulated Protective Order are applicable to Protected Material produced by a Non-Party in this action. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(c) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information or Protected Material in its possession, custody or control and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information or Protected Material, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

2. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested.

(d) If the Non-Party fails to object or seek a protective order from this court within a reasonable period of time after receiving the notice and accompanying information, including but not limited to any contractual notice period in an agreement between the Producing Party and the Non-Party covering the confidentiality and/or disclosure of the information requested, the Producing Party may produce the Non-Party's confidential information or Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The Parties have negotiated and the Court will enter a separate Stipulated ESI Order that governs the production of documents.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Export Control. No "HIGHLY CONFIDENTIAL – SOURCE CODE" Protected Material may leave the territorial boundaries of the United States of America. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

13.4 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.

13.5 Privilege Logs.

The Parties' agreement regarding the requirements for, timing, format, and content of privilege logs will be memorialized in a separate Stipulated ESI Order.

14. CLAWBACKS

Pursuant to Federal Rule of Evidence 502(d), the production or disclosure of any documents protected from discovery under the attorney-client privilege or work product doctrine (collectively "privilege or protection"), and accompanying metadata ("Protected Documents"), in the above-captioned action does not result in the waiver of any privilege or protection, including subject matter waiver, associated with such Protected Documents as to the Receiving Party or any third parties in this or in any other state or federal proceeding regardless of the circumstances of the disclosure. This Paragraph provides the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents. Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation. Nothing contained herein requires the production of Protected Documents, and no party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

In the event that a Producing Party discovers that it produced documents protected from discovery under the attorney-client privilege or work product doctrine ("Protected Documents"), it shall provide written notice of the claim of privilege or protection to the Receiving Party (a "Clawback Notice"), sufficiently identifying the Protected Document(s) within a reasonable time.

As soon as practicable after providing the Clawback Notice, the Producing Party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privileged or protected material; or (ii) if the entire document is privileged or protected, a slip

sheet identifying the same bates number(s) as the original noting that the document has been withheld. Any Protected Document that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court.

14.1 Procedures Following Clawback Notice

a) Within fourteen (14) business days of receipt of a Clawback Notice (regardless of whether the Receiving Party agrees with or plans to challenge the Producing Party's claim of privilege or protection), the Receiving Party must promptly return and/or destroy the Protected Document(s), all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the Protected Documents (except that, the receiving party may promptly present the information to the court under seal for a determination of the claim) and certify to the Producing Party when this return and/or destruction is complete.

b) If a Receiving Party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the Receiving Party shall notify the Producing Party of its challenge within 14 business days of receiving the Clawback Notice.

c) Within 14 business days of the Producing Party receiving notification of the challenge, the parties shall meet and confer in an effort to resolve their disagreement. If the parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination.

d) The Receiving Party must not use or disclose the Protected Document(s) covered by the Clawback Notice during the time in which the Receiving Party is challenging the Protected Document(s) except solely in connection with such challenge.

14.2 Procedure Upon Discovery By A Receiving Party Of Produced Protected Documents

In the event that a Receiving Party discovers that it has received or examined Document(s) that are or may be subject to a claim of privilege or protection, the Receiving Party promptly shall (i) sequester the Document(s), and (ii) within four business days of such discovery, notify the

Producing Party of the possible production or disclosure by identifying the bates range(s) of the Document the Receiving Party believes are or may be privileged or protected, and were or may have been produced or disclosed (a "Production Notice"). Upon the Producing Party receiving a Production Notice, if the Producing Party determines that the subject Documents are privileged or protected, the Receiving Party shall immediately destroy or return the Protected Documents and the Producing Party shall promptly provide any replacement images as described in the introductory paragraph of Section 14 above. Nothing contained herein places the burden on the Receiving Party to conduct any affirmative privilege review of the Producing Party's Documents or to conclude whether a Document is in fact subject to claim of privilege or protection.

14.3 Procedures During Deposition And Hearing

a) If, during a deposition, a Producing Party claims that a Document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected, the Producing Party may, in its sole discretion, do one or more of the following: (a) allow questioning about the Protected Document but instruct the witness not to answer questions concerning the parts of the Protected Document containing privileged or protected material; or (b) object to the use of the Protected Document at the deposition, in which case no questions may be asked and no testimony may be given relating to the Protected Document or the privileged or protected portion of the Document until the matter has been resolved by agreement or by the Court. In all events, once the Protected Document is no longer in use at the deposition, the Receiving Party shall immediately sequester all copies of the Document. As to any testimony subject to a claim of privilege or protection, the Producing Party shall serve a Clawback Notice within four business days after receipt of the final transcript of the deposition, after which the parties shall follow the procedures set forth in the introductory paragraph of Section 14 and Section 14.1, as applicable. Pending determination of the challenge to such a Clawback Notice, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 14.1. In the event the Court decides the clawback dispute in the Receiving Party's favor and the Receiving Party was denied the opportunity to examine a witness as to the

materials at issue, the witness shall be made available as soon as practicable after the Court's decision.

b) If a Receiving Party uses discovery materials in a brief or at a hearing, and the Producing Party has not served a Clawback Notice as to those materials in advance of the briefing event or hearing, the Producing Party must serve a Clawback Notice within four business days of receipt of the briefing or the hearing. To the extent the Producing Party serves a Clawback Notice within this time period, the parties shall follow the procedures set forth in Section 14.1. To the extent any privileged or protected material is placed into the public record in connection with briefing or a hearing, the Receiving Party shall, at the Producing Party's request, join (or not oppose) a motion brought by the Producing Party to seal the privileged or protected material.

14.4 Prohibition On Use Of Privileged Information

To the extent any party is aware that it has obtained Protected Documents, has received a Clawback Notice, or it is reasonably apparent that the party has obtained, privileged or protected information through production, disclosure, or communications, such Protected Documents and/or information may not be submitted to the Court, presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action. The party must immediately notify the opposing party of its possession of such privileged information and certify the return or destruction of the Protected Documents and/or information. Nothing contained herein places the burden on the Receiving Party to conduct any affirmative privilege review of the Producing Party's Documents or to conclude whether a Document is in fact subject to a claim of privilege or protection.

15. FINAL DISPOSITION

Within 60 calendar days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material except where such material exists on backup tapes or other disaster recovery systems that are routinely deleted or written over in accordance with an established routine system maintenance practice. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain Protected Material, with the exception of paper copies of Source Code. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

16. OTHER PROCEEDINGS.

By entering this Stipulated Protective Order and limiting the disclosure of Disclosure or Discovery Material in this case, the Court does not intend to preclude another court from finding that Disclosure or Discovery Material may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes subject to a motion to disclose another Party's Protected Material shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that Protected Material should be disclosed.

**IT IS SO ORDERED**.

DATED: ________________

____________________________
Hon. Alex G. Tse
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IRON TRIBE FITNESS, on behalf of itself and all others similarly situated,<br>Plaintiff,<br>v.<br>META PLATFORMS, INC.,<br>Defendant. | Case No. 3:25-cv-03281-CRB<br><br>Before the Honorable Charles R. Breyer |

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Iron Tribe Fitness v. Meta Platforms, Inc.*, Case No. 3:25-cv-03281. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Printed name: ______________________________

Title: _____________________________________

Address: __________________________________

Signature: _________________________________

Date: _____________________________________